**Outten & Golden LLP**
Adam T. Klein
Rachel Bien
Elizabeth Wagoner
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: 212-245-1000



## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XUEDAN WANG, on behalf of herself and all others similarly situated, | **No. 12 Civ. 0793 (HB)** |
| Plaintiff, | **FIRST AMENDED CLASS ACTION COMPLAINT** |
| v. | **Demand for Trial by Jury** |
| THE HEARST CORPORATION, | |
| Defendant. | |

Plaintiff Xuedan Wang, individually and as a class representative on behalf of all others similarly situated, by her attorneys Outten & Golden LLP, makes the following allegations against Defendant The Hearst Corporation ("Hearst" or "Defendant"):

## INTRODUCTION

1.    Hearst is one of the world's largest publishers of monthly magazines, with 20 U.S. titles and more than 300 international editions. Its publications include such well-known brands as Harper's Bazaar, Cosmopolitan, and Good Housekeeping. On its website, Hearst boasts that it is a "worldwide leader" thanks to its "energetic, astute and innovative employees."[1] Among these employees are hundreds of unpaid or underpaid interns who work for Hearst

---

[1]    Hearst Magazines Career Site, http://hearstcareers.silkroad.com/ (last visited March 23, 2012).

Magazines as messengers, delivery-people, assistants, and secretaries, but receive no or very little compensation for their work.

2.      Unpaid and underpaid interns are becoming the modern-day equivalent of entry-level employees, except that employers are not paying them or underpaying them for the many hours they work.[2] The practice of classifying employees as "interns" to avoid paying wages runs afoul of federal and state wage and hour laws, which require employers to pay all workers whom they "suffer or permit" the minimum wage and overtime.[3] Employers' failure to compensate interns for all of their work, and the prevalence of the practice nationwide, curtails opportunities for employment, fosters class divisions between those who can afford to work for no wage and those who cannot, and indirectly contributes to rising unemployment.[4]

3.      According to the U.S. Department of Labor, internships that do not comply with minimum wage and overtime requirements are only lawful in the context of an educational training program, when the interns do not perform productive work and the employer derives no benefit.[5] "If the employer would have hired additional employees or required existing staff to work additional hours had the interns not performed the work, then the interns will be viewed as

---

[2]      *See* Steven Greenhouse, *The Unpaid Intern, Legal or Not*, N.Y. Times, Apr. 2, 2010, at B1; David C. Yamada, *The Employment Law Rights of Student Interns*, 35 Conn. L. Rev. 215, 217-18 (2002).

[3]      29 U.S.C. § 203(g); N.Y. Lab. Law § 2(7).

[4]      *See, e.g.*, Jessica L. Curiale, *America's New Glass Ceiling: Unpaid Internships, the Fair Labor Standards Act, and the Urgent Need for Change*, 61 Hastings L.J. 1531, 1534 (2010); David L. Gregory, *The Problematic Employment Dynamics of Student Internships*, 12 Notre Dame J.L. Ethics & Pub. Pol'y 227, 240 (1998).

[5]      Jane Oates & Nancy Leppink, U.S. Dep't. of Labor, Training And Emp't Guidance Letter No. 12-09, *Joint Guidance For States Seeking To Implement Subsidized Work-Based Training Programs For Unemployed Workers* (Jan. 29, 2010) at *7-10; *see also* U.S. Dep't. of Labor, *Fact Sheet #71: Internship Programs Under The Fair Labor Standards Act*, Apr. 2010, *available at*: http://www.dol.gov/whd/regs/compliance/whdfs71.pdf (last visited March 23, 2012).

employees and entitled to compensation under the FLSA."[6]   The U.S. Department of Labor's test

is based on the United States Supreme Court's 1947 opinion in *Walling v. Portland Terminal*

*Co.*,[7] which held that the FLSA's definition of "to employ" as "to suffer or permit to work" does

not include student participation in an educational or vocational training program, so long as the

employer derives no benefit from the trainees' work.[8]   The Court cautioned against arrangements

"in which an employer has evasively accepted the services of beginners at pay less than the legal

minimum without having obtained permits from the [Secretary of Labor]."[9]

      4.      Unpaid and underpaid interns are a crucial labor force at Hearst Magazines.   As

the Head Accessories Intern at Hearst's Harper's Bazaar, Plaintiff Xuedan Wang regularly

worked over 40 hours a week, and sometimes as many as 55 hours a week.   She was not paid any

wages during her employment.   By misclassifying Plaintiff and hundreds of workers as unpaid or

underpaid interns, Hearst has denied them the benefits that the law affords to employees,

including unemployment, workers' compensation insurance, social security contributions, and,

most crucially, the right to earn a fair day's wage for a fair day's work.

      5.      Plaintiff brings this action on behalf of herself and those similarly situated who

elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy

Defendant's violations of the wage-and-hour provisions of the FLSA that have deprived Plaintiff

and others similarly situated of their lawfully earned wages.

      6.      Plaintiff also brings individual and representative wage claims under the New

York Labor Law Art. 6, §§ 190 *et seq.*, Art. 19, §§ 650 *et seq.*, and the supporting New York

---

[6]    *Id.*, U.S. Dep't. of Labor, *Fact Sheet #71.*
[7]    330 U.S. 148 (1947).
[8]    *Id.* at 152.
[9]    *Id.* at 153.

State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, Part 142 *et seq.* (collectively, "NYLL") as a class action pursuant to Fed. R. Civ. P. 23.

7.     Because Defendant's violations of the law are ongoing, Plaintiff also seeks injunctive relief to ensure that the unlawful policies and practices do not continue.

## THE PARTIES

**Plaintiff Xuedan Wang**

8.     Plaintiff Xuedan Wang ("Wang") is an adult individual who resides in Brooklyn, New York.

9.     Wang was employed by Defendant as an unpaid intern on the staff of Harper's Bazaar, a Hearst publication, from approximately August 2011 through December 2011.

10.     Wang is a covered employee within the meaning of the FLSA and the NYLL.

11.     Wang has consented to join this action by filing a written Consent to Join form.

**Defendant**

12.     Throughout the relevant period, Hearst maintained control, oversight, and direction over Plaintiff and similarly situated employees, including with respect to hiring and other employment practices that applied to unpaid interns.

13.     Hearst is a Delaware corporation registered with the New York State Department of State as an Active Foreign Business Corporation with its principal offices located at the Hearst Tower, 300 West 57th St, New York, New York 10019.

14.     Hearst Magazines is Hearst's magazine division.

15.     Hearst applies the same employment policies, practices, and procedures, including hiring criteria and failure to pay wages, to all interns who work at Hearst Magazines.

16.     Hearst is a covered employer within the meaning of the FLSA and the NYLL and, at all relevant times, employed and/or jointly employed Plaintiff and similarly situated employees.

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction with respect to Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332 (the Class Action Fairness Act) and 28 U.S.C. § 1367 (supplemental jurisdiction).

18.     Plaintiff's state law claims are so closely related to Plaintiff's claims under the Fair Labor Standards Act that they form part of the same case or controversy under Article III of the United States Constitution.

19.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

20.     Upon information and belief, at least one member of the proposed class is a citizen of a state different from that of Defendant.

21.     Upon information and belief, citizenship of the members of the proposed class is dispersed among a substantial number of states and countries.

22.     Upon information and belief, there are more than 100 members of the proposed class in the aggregate.

23.     Defendant is subject to personal jurisdiction in New York.

24.     Defendant maintains an office in New York, New York.

25.     Upon information and belief, the amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

26.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.

§§ 2201 and 2202.

27.     Venue is proper in the Southern District of New York pursuant to

28 U.S.C. § 1391(b) and (c) because Defendant is subject to personal jurisdiction in the Southern

District of New York and a substantial part of the events or omissions giving rise to the claims

occurred in this District.

## CLASS ACTION ALLEGATIONS

**Intern Class**

28.     Plaintiff brings the Fourth, Fifth, Sixth, Eighth, and Ninth Causes of Action,

NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and all

persons who have worked as unpaid or underpaid interns at Hearst Magazines in New York

between February 1, 2006 and the date of final judgment in this matter (the "Intern Class").

29.     Excluded from the Intern Class are Defendant, Defendant's legal representatives,

officers, directors, assigns, and successors, or any individual who has, or who at any time during

the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is

assigned and any member of the Judges' immediate family; and all persons who will submit

timely and otherwise proper requests for exclusion from the Intern Class.

30.     The members of the Intern Class are so numerous that joinder of all members is

impracticable.

31.     Upon information and belief, the size of the Intern Class is more than 100

individuals.

32.     Defendant has acted or has refused to act on grounds generally applicable to the

Intern Class, thereby making appropriate final injunctive relief or corresponding declaratory

relief with respect to the class as a whole.

33.     Common questions of law and fact exist as to the Intern Class and predominate over any questions affecting only individual members of the Intern Class, and include, but are not limited to, the following:

(a)     Whether Defendant has a policy or practice of failing to pay Plaintiff and the members of the Intern Class the minimum wage for all hours worked in violation of NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 142 *et seq.*, as alleged herein;

(b)     Whether Defendant has a policy or practice of failing to pay Plaintiff and the members of the Intern Class overtime for all hours worked over forty in a workweek in violation of NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 142 *et seq.*, as alleged herein;

(c)     Whether Defendant has a policy or practice of failing to pay Plaintiff and members of the Intern Class spread-of-hours wages on days when they worked more than 10 hours in violation of NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y. Comp. Codes R. & Regs. tit. 12, Part 142 *et seq.*, as alleged herein;

(d)     Whether Defendant failed to comply with the notice and recordkeeping requirements of the NYLL;

(e)     Whether Defendant's unlawful wage and hour policies or practices as alleged herein were instituted willfully or with reckless disregard for the law; and

(f)     The nature and extent of class-wide injury and the measure of damages for those injuries.

34.     Plaintiff's claims are typical of the claims of the Intern Class she seeks to represent.

35.     Plaintiff and all Intern Class members were subject to the same or similar compensation policies and practices of Defendant.  Plaintiff and the Intern Class have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL.

36.     Plaintiff will fairly and adequately represent and protect the interests of the Intern

Class.  Plaintiff has retained counsel competent and experienced in complex class actions and

employment litigation.  There is no conflict between the Plaintiff and members of the Intern

Class.

37.     A class action is superior to other available methods for the fair and efficient

adjudication of this litigation.  The members of the Intern Class have been damaged and are

entitled to recovery as a result of Defendant's common and uniform policies, practices, and

procedures and as a result of Defendant's violation of the NYLL.  Although the relative damages

suffered by individual Intern Class members are not *de minimis*, such damages are small

compared to the expense and burden of individual prosecution of this litigation.  Individual

plaintiffs lack the financial resources to conduct a thorough examination of Defendant's

compensation practices and to prosecute vigorously a lawsuit against Defendant to recover

damages stemming from such practices.  In addition, class litigation is superior because it will

prevent unduly duplicative litigation that might result in inconsistent judgments about

Defendant's practices.

38.     This action is properly maintainable as a class action under Federal Rule of Civil

Procedure 23(b)(3).

**Deductions Class**

39.     Plaintiff brings the Seventh Cause of Action, NYLL claim for unlawful

deductions, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and

members of the Intern Class who were required to purchase academic credit from an accredited

college or university as a condition of their employment at Hearst in New York between

February 1, 2006 and the date of final judgment in this matter (the "Deductions Class").

40.     Excluded from the Deductions Class are Defendant, Defendant's legal

8

representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Deductions Class.

41.     The members of the Deductions Class are so numerous that joinder of all members is impracticable.

42.     Upon information and belief, the size of the Deductions Class is more than 100 individuals.

43.     Defendant has acted or has refused to act on grounds generally applicable to the Deductions Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

44.     Common questions of law and fact exist as to the Deductions Class and predominate over any questions affecting only individual members of the Deductions Class, and include, but are not limited to, the following:

(a)     Whether Defendant has a policy or practice of taking unlawful deductions by requiring Plaintiff and members of the Deductions Class to purchase academic credit from an accredited college or university as a condition of employment, in violation of NYLL Art. 6, § 193, and the supporting New York State Department of Labor regulations, 12 N.Y. Comp. Codes R. & Regs. tit. 12, Part 142 *et seq.*, as alleged herein;

(b)     Whether Defendant's unlawful wage and hour policies or practices as alleged herein were instituted willfully or with reckless disregard for the law; and

(c)     The nature and extent of class-wide injury and the measure of damages for those injuries.

45.     Plaintiff's claims are typical of the claims of the Deductions Class she seeks to represent.

46.     Plaintiff and all Deductions Class members were subject to the same or similar

compensation policies and practices of Defendant. Plaintiff and the Deductions Class have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL.

47.     Plaintiff will fairly and adequately represent and protect the interests of the Deductions Class. Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between the Plaintiff and members of the Deductions Class.

48.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Deductions Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures and as a result of Defendant's violation of the NYLL. Although the relative damages suffered by individual Deductions Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources to conduct a thorough examination of Defendant's compensation practices and to prosecute vigorously a lawsuit against Defendant to recover damages stemming from such practices. In addition, class litigation is superior because it will prevent unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

49.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COLLECTIVE ACTION ALLEGATIONS

50.     Plaintiff brings the First, Second and Third Causes of Action, the FLSA claims, on behalf of herself and all persons who have worked as unpaid or underpaid interns at Hearst Magazines between February 1, 2009 and the date of final judgment in this matter (the "Intern

10

Collective").

51.     Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the members of the Intern Collective.  Upon information and belief, the Intern Collective consists of many similarly situated individuals who have been underpaid or not paid at all by Defendant in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.  Those similarly situated collective members are known to Defendant, are readily identifiable, and can be located through Defendant's records.  Notice should be sent to the members of the Intern Collective pursuant to 29 U.S.C. § 216(b).

## CLASS-WIDE FACTUAL ALLEGATIONS

52.     Plaintiff and the members of the Intern Class and Intern Collective defined above (collectively, "Intern Class Members") have been victims of a common policy and plan perpetrated by Defendant that has violated their rights under the FLSA and the NYLL by denying them minimum wages, overtime wages, and spread-of-hours wages..

53.     Plaintiff and the members of the Deductions Class defined above have been victims of a common policy and plan perpetrated by Defendant that has violated their rights under the NYLL by the taking of unlawful deductions.

54.     At all times relevant, Defendant's unlawful conduct, policies, and patterns or practices described in this First Amended Class Action Complaint have been willful.

55.     As part of its ongoing business practice, Defendant has intentionally, willfully, and repeatedly harmed Plaintiff, the Intern Class Members and the Deductions Class by engaging in a pattern, practice, and/or policy of violating the FLSA and/or the NYLL as described in this First Amended Class Action Complaint.

56.     Defendant has failed to pay wages for all hours worked to Plaintiff and the Intern Class Members.

57.     Defendant has benefitted from the work that Plaintiff and the Intern Class Members performed.

58.     Upon information and belief, Defendant would have hired additional employees or required existing staff to work additional hours had Plaintiff and Intern Class Members not performed work for Defendant.

59.     Defendant did not provide academic or vocational training to Plaintiff or the Intern Class members.

60.     Defendant failed to pay Plaintiff and the Intern Class Members minimum wages for all hours worked, overtime for all hours that they worked over forty in a workweek, and spread-of-hours pay for workdays over 10 hours.

61.     Defendant took unlawful deductions by requiring Plaintiff and the Deductions Class to purchase academic credit from an accredited college or university as a condition of employment.

62.     Defendant failed to keep accurate or adequate records of hours worked by Plaintiff and the Intern Class Members as required by the FLSA and the NYLL.

63.     Upon information and belief, Defendant's unlawful conduct described in this First Amended Class Action Complaint has been pursuant to a corporate policy or practice of minimizing labor costs by denying Plaintiffs and the Intern Class Members compensation in violation of the FLSA and NYLL.

64.     Upon information and belief, Defendant's unlawful conduct described in this First Amended Class Action Complaint has been pursuant to a corporate policy or practice of denying

Plaintiff and the Intern Class the rights of employees under the FLSA and NYLL, including by requiring them to purchase academic credit from an accredited college or university as a condition of employment.

65.    Defendant's unlawful conduct has been widespread, repeated, and consistent. Defendant's policies and practices as described herein are ongoing.

66.    Defendant's unlawful conduct, as set forth in this First Amended Class Action Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff, the Intern Class Members and the Deductions Class.

67.    Defendant's deceptive conduct prevented Plaintiff, the Intern Class, and the Deductions Class from discovering or asserting their claims any earlier than they did.

## PLAINTIFF'S FACTUAL ALLEGATIONS

Consistent with its policies and patterns or practices as described herein, Defendant harmed Plaintiff individually as follows:

68.    From approximately August 2011 through approximately December 2011, Wang worked for Defendant as an unpaid intern on the staff of the magazine Harper's Bazaar.

69.    Wang's job title was "Head Accessories Intern."

70.    Wang worked approximately five days per week for at least 40 hours per week according to a set schedule, and sometimes as many as 55 hours per week.

71.    Wang's work was supervised by Harper's Bazaar staff and editors, including Senior Accessories Editor Sam Broekema.

72.    Wang's job responsibilities as an unpaid intern included:

    (a)    Coordinating pickups and deliveries of samples between Harper's Bazaar and outside vendors, showrooms, and PR firms;

    (b)    Assigning a team of unpaid interns to carry out scheduled pickups and deliveries;

     (c)     Maintaining records of the contents of the magazine's sample trunks and fashion closet;

     (d)     Providing on-site assistance at magazine photo shoots; and

     (e)     Managing corporate expense reports and processing reimbursement requests.

73.     Wang worked alongside other individuals whom Defendant also classified as interns, who performed productive work and were paid no wages or were underpaid.

74.     Plaintiff regularly worked more than 40 hours per week.

75.     Plaintiff regularly worked more than 10 hours per day.

76.     Plaintiff was paid no wages at all for her work for Defendant.

77.     As a condition of employment, Defendant required Wang to purchase college credit from an accredited college or university.

78.     Wang worked alongside other individuals whom Defendant also required to purchase college credit from an accredited college or university.

### FIRST CAUSE OF ACTION
**Fair Labor Standards Act – Minimum Wages**
**(Brought on behalf of Plaintiff and the Intern Collective)**

79.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

80.     Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this First Amended Class Action Complaint.

81.     The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiff and the members of the Intern Collective.

82.     At all relevant times, Plaintiff and the members of the Intern Collective were employed by an entity engaged in commerce and/or the production or sale of goods for

commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a), and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

83.     At all relevant times, Plaintiff and the members of the Intern Collective were employees of Defendant within the meaning of 29 U.S.C. § 203(e).

84.     At all relevant times, Defendant has been an enterprise engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

85.     At all relevant times, Defendant employed Plaintiff and the members of the Intern Collective within the meaning of 29 U.S.C. § 203(g).

86.     Defendant has engaged in a policy and/or practice of failing to pay Plaintiff and the Intern Collective the applicable minimum wage for all hours it suffered or permitted them to work, and has made deductions that that further reduced their wages below the statutory minimum wage.

87.     As a result of these minimum wage violations, Plaintiff and the members of the Intern Collective have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

88.     Defendant's unlawful conduct, as described in this First Amended Class Action Complaint, has been willful and intentional.  Defendant was aware or should have been aware that the practices described in this First Amended Class Action Complaint are unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the members of the Intern Collective.

89.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

90.     Members of the Intern Collective are entitled to collectively participate in this action by choosing to "opt-in" and submitting written Consents to Join this action.  29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiff and the Intern Collective)

91.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

92.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiff and the members of the Intern Collective.

93.     Defendant has failed to pay Plaintiff and the members of the Intern Collective overtime wages at time and a half for all hours that they worked over 40 hours in a work week.

94.     As a result of Defendant's unlawful acts, Plaintiff and members of the Intern Collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

95.     Defendant's unlawful conduct, as described in this First Amended Class Action Complaint, has been willful and intentional.  Defendant was aware or should have been aware that the practices described in this First Amended Class Action Complaint are unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the members of the Intern Collective.

96.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

### THIRD CAUSE OF ACTION
**Fair Labor Standards Act – Recordkeeping Violations**
**(Brought on behalf of Plaintiff and the Intern Collective)**

97.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

98.     Defendant failed to make, keep, and preserve accurate records with respect to Plaintiff and members of the Intern Collective, including hours worked each workday and total hours worked each workweek, as required by the FLSA, 29 U.S.C. § 211(c), and supporting federal regulations.

### FOURTH CAUSE OF ACTION
**New York Labor Law Article 19 – Minimum Wage**
**(Brought on behalf of Plaintiff and the Intern Class)**

99.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

100.    Defendant failed to pay Plaintiff and the members of the Intern Class the minimum wages to which they are entitled under the NYLL.

101.    Defendant has engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this First Amended Class Action Complaint.

102.    At all times relevant, Plaintiff and the members of the Intern Class have been employees and Defendant has been an employer within the meaning of NYLL §§ 190, 651(5), 652 and the supporting New York State Department of Labor Regulations.

103.    The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to Defendant and protect Plaintiff and

the members of the Intern Class.

104.    Defendant was required to pay Plaintiff and the members of the Intern Class a minimum wage at a rate of (a) $6.75 per hour for all hours worked from January 1, 2006 through December 31, 2006; (b) $7.15 per hour for all hours worked from January 1, 2007 through July 23, 2009; and (c) $7.25 per hour for all hours worked from July 24, 2009 through the present, under NYLL § 652 and the supporting New York State Department of Labor regulations.

105.    Defendant failed to pay Plaintiff and the members of the Intern Class minimum hourly wages for all hours worked to which they are entitled under the NYLL and the supporting New York State Department of Labor regulations.

106.    By Defendant's knowing or intentional failure to pay Plaintiff and the members of the Intern Class minimum hourly wages for all of the hours they worked, Defendant has willfully violated the NYLL Art. 19 §§ 650 *et seq.* and the supporting New York State Department of Labor regulations.

107.    Due to Defendant's violations of the NYLL, Plaintiff and the members of the Intern Class are entitled to recover from Defendant their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**FIFTH CAUSE OF ACTION**
**New York Labor Law Article 19 – Unpaid Overtime**
**(Brought on behalf of Plaintiff and the Intern Class)**

108.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

109.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant and protect Plaintiff and the members of the Intern Class.

110.    Defendant has failed to pay Plaintiff and the members of the Intern Class

overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

111.    By Defendant's knowing or intentional failure to pay Plaintiff and the members of the Intern Class overtime wages for all hours worked over 40 hours per workweek, it has willfully violated NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

112.    Due to Defendant's violations of the NYLL, Plaintiff and the members of the Intern Class are entitled to recover from Defendant their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## SIXTH CAUSE OF ACTION
### New York Labor Law Article 19 - Spread-of-Hours Pay
### (Brought on behalf of Plaintiff and Intern Class)

113.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

114.    Defendant has willfully failed to pay Plaintiff and the members of the Intern Class additional compensation of one hour's pay at the minimum wage rate for each day during which they worked more than 10 hours.

115.    By Defendant's failure to pay Plaintiff and the members of the Intern Class spread-of-hours pay, Defendant has willfully violated NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

116.    Due to Defendant's violations of the NYLL, Plaintiff and the members of the Intern Class are entitled to recover from Defendant their wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## SEVENTH CAUSE OF ACTION
### New York Labor Law Article 6 – Unlawful Deductions
### (Brought on behalf of Plaintiff and the Deductions Class)

117.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

118.    Defendant has willfully taken unlawful deductions by requiring Plaintiff and members of the Deductions Class to make payments by separate transaction, in violation of NYLL Art. 6, § 193.

119.    Defendant took unlawful deductions by requiring Plaintiff and the Deductions Class to purchase academic credit from an accredited college or university as a condition of employment.

120.    Due to Defendant's violations of the NYLL, Plaintiff and the members of the Deductions Class are entitled to recover from Defendant all unlawful deductions, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## EIGHTH CAUSE OF ACTION
### New York Labor Law Article 19 – Recordkeeping Violations
### (Brought on behalf of Plaintiff and the Intern Class)

121.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

122.    Defendant failed to make, keep, and preserve accurate records with respect to Plaintiff and the Intern Class Members, including hours worked each workday and total hours worked each workweek, as required by NYLL § 661 and supporting regulations.

## NINTH CAUSE OF ACTION
### New York Labor Law Article 6 – Notice and Recordkeeping Violations
### (Brought on behalf of Plaintiff and the Intern Class)

123.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding

paragraphs.

124.    Defendant failed to make, keep, and preserve accurate records with respect to Plaintiff and the Intern Class Members, including hours worked each workday and total hours worked each workweek, as required by NYLL § 195(4) and supporting regulations.

125.    Defendant failed to provide Plaintiff and the Intern Class Members a notice containing the rate or rates of pay and basis thereof, the regular pay day, and other information required by NYLL § 195(1)(a).

126.    Defendant failed to provide Plaintiff and the Intern Class Members a statement with every payment of wages, as required by NYLL § 195(3).

127.    Due to Defendant's violations of the NYLL, Plaintiff and the members of the Intern Class are entitled to recover from Defendant statutory damages for each work week that each violation occurred, as well as reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on her own behalf and on behalf of all other similarly situated persons, seeks the following relief:

A.      That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the members of the Intern Collective, as defined above.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid minimum wages, overtime pay, and an additional and an equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.        Unpaid overtime, unpaid minimum wages, and unpaid spread-of-hours wages, pursuant to NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, and an additional and equal amount as liquidated damages pursuant to NYLL § 663;

D.        Reimbursement of all unlawful deductions pursuant to NYLL Art. 6, § 193, and an additional and equal amount as liquidated damages pursuant to NYLL Art. 6, § 198(1-a);

E.        Statutory damages for Defendant's notice and recordkeeping violations pursuant to NYLL Art. 6, §§ 190 *et seq.*;

F.        Certification of the Intern and Deductions Classes set forth above pursuant to Rule 23 of the Federal Rules of Civil Procedure;

G.        Designation of Plaintiff as class representative of the Intern and Deductions Classes and counsel of record as Class Counsel;

H.        Pre-judgment interest and post-judgment interest;

I.        Issuance of a declaratory judgment that the practices complained of in this First Amended Class Action Complaint are unlawful under NYLL Art. 6, §§ 190 *et seq.*, NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations;

J.        An injunction requiring Defendant to pay all statutorily required wages pursuant to the NYLL and an order enjoining Defendant from continuing its unlawful policies and practices as described herein with respect to the Classes and Collective set forth above;

K.        Reasonable attorneys' fees and costs of the action;

L.        Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury on all questions of fact raised by this First Amended Class Action Complaint.


Dated: New York, New York
       March 23, 2012


Respectfully submitted,
**OUTTEN & GOLDEN LLP**

By:

Elizabeth Wagoner

**OUTTEN & GOLDEN LLP**
Adam T. Klein
Rachel Bien
Elizabeth Wagoner
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

**Attorneys for Plaintiff and the Putative Class
and Collective**