IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XUEDAN WANG, on behalf of herself and all others similarly situated,<br>      Plaintiff,<br><br>   v.<br><br>THE HEARST CORPORATION,<br>      Defendant. | 12 Civ. 00793 (HB)(AJP)<br><br>**ECF** |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant Hearst Corporation ("Defendant"), by and through its attorneys, provides the following for its Answer and Affirmative Defenses to the "First Amended Class Action Complaint" filed by Xuedan Wang on behalf of herself and "others similarly situated" (hereinafter, the "Complaint").

### AS TO THE ALLEGATIONS UNDER THE HEADING "INTRODUCTION"

1. Defendant admits the allegations of the first two sentences of Paragraph 1 of the Complaint, and denies the remaining allegations of Paragraph 1, except to admit that the quoted words appear at http://hearstcareers.silkroad.com.

2. Defendant denies the allegations of Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint contains conclusions of law to which no response is required; to the extent an answer may be deemed required, Defendant denies the allegations of Paragraph 3.

4. Defendant denies the allegations of Paragraph 4 of the Complaint, except to admit that Harper's Bazaar did not pay wages to the Plaintiff.

5.    Paragraph 5 of the Complaint contains a characterization of this action to which no response is required; to the extent an answer may be deemed required, Defendant denies the allegations of Paragraph 5, except to admit that Plaintiff purports to bring this action as a collective action under the Fair Labor Standards Act.  Defendant specifically denies that this case properly may be so maintained.

6.    Paragraph 6 of the Complaint contains a characterization of this action to which no response is required; to the extent an answer may be deemed required, Defendant denies the allegations of Paragraph 6, except to admit that Plaintiff purports to bring this action as a class action under the New York Labor Law.  Defendant specifically denies that this case properly may be so maintained.

7.    Defendant denies the allegations of Paragraph 7 of the Complaint except to admit that Plaintiff seeks injunctive relief.  Defendant specifically denies that Plaintiff is entitled to any relief whatsoever.

## AS TO THE ALLEGATIONS UNDER THE HEADING "THE PARTIES"

8.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint, and therefore denies them, except to admit that the Plaintiff is "an adult individual."

9.    Defendant denies the allegations of Paragraph 9 of the Complaint except to admit that Plaintiff participated in an unpaid internship at Harper's Bazaar from approximately August 2011 to December 2011.

10.   Paragraph 10 of the Complaint contains a conclusion of law to which no response is required; to the extent an answer may be deemed required, Defendant denies the allegations of Paragraph 10.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint, and therefore denies them, except to admit that the Complaint was accompanied by a consent statement purportedly signed by Plaintiff.

12. Defendant denies the allegations contained in Complaint paragraph 12.

13. Defendant admits the allegations contained in Complaint paragraph 13.

14. Defendant admits that Hearst Magazines is a division of Hearst Communications, Inc., which is indirectly owned by Hearst Corporation, but otherwise denies the characterization in Complaint paragraph 14.

15. Defendant denies the allegations contained in Complaint paragraph 15.

16. Defendant denies the allegations contained in Complaint paragraph 16.

## AS TO THE ALLEGATIONS UNDER THE HEADING "JURISDICTION AND VENUE"

17. Paragraph 17 of the Complaint contains conclusions of law to which no response is required.

18. Paragraph 18 of the Complaint contains conclusions of law to which no response is required.

19. Paragraph 19 of the Complaint contains conclusions of law to which no response is required.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and therefore denies them.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and therefore denies them.

22. Defendant admits the allegations contained in Paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint contains conclusions of law to which no response is required.

24. Defendant admits the allegations contained in Complaint paragraph 24.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, and therefore denies them.

26. Paragraph 26 of the Complaint contains conclusions of law to which no response is required.

27. Paragraph 27 of the Complaint contains conclusions of law to which no response is required.

## AS TO THE ALLEGATIONS UNDER THE HEADING "CLASS ACTION ALLEGATIONS"

28. Paragraph 28 of the Complaint contains a characterization of this action to which no response is required; to the extent an answer may be deemed required, Defendant denies the allegations of Paragraph 28, except to admit that Plaintiff purports to bring this action as a class action under the New York Labor Law. Defendant specifically denies that this case properly may be so maintained.

29. Paragraph 29 of the Complaint contains a characterization of this action to which no response is required; to the extent an answer may be deemed required, Defendant denies the allegations of Paragraph 29, except to admit that Plaintiff purports to exclude the listed categories of individuals from the proposed class. Defendant specifically denies that this case properly may be maintained as a class action.

30. Paragraph 30 of the Complaint contains conclusions of law to which no response is required.

31. Defendant admits the allegations of Paragraph 31 of the Complaint.

32. Defendant denies the allegations of Paragraph 32 of the Complaint.

33. Defendant denies the allegations of Paragraph 33 of the Complaint.

34. Defendant denies the allegations of Paragraph 34 of the Complaint.

35. Defendant denies the allegations of Paragraph 35 of the Complaint.

36. Defendant denies the allegations of Paragraph 36 of the Complaint.

37. Defendant denies the allegations of Paragraph 37 of the Complaint.

38. Defendant denies the allegations of Paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint contains a characterization of this action to which no response is required; to the extent an answer may be deemed required, Defendant denies the allegations of Paragraph 39, except to admit that Plaintiff purports to bring the "Seventh Cause of Action" as a class action under the New York Labor Law. Defendant specifically denies that this case properly may be so maintained.

40. Paragraph 40 of the Complaint contains a characterization of this action to which no response is required; to the extent an answer may be deemed required, Defendant denies the allegations of Paragraph 40, except to admit that Plaintiff purports to exclude the listed categories of individuals from the proposed class. Defendant specifically denies that this case properly may be maintained as a class action.

41. Paragraph 41 of the Complaint contains conclusions of law to which no response is required.

42. Defendant denies the allegations on which the definition of "Deductions Class" is premised..

43. Defendant denies the allegations of Paragraph 43 of the Complaint.

44. Defendant denies the allegations of Paragraph 44 of the Complaint.

45. Defendant denies the allegations of Paragraph 45 of the Complaint.

46. Defendant denies the allegations of Paragraph 46 of the Complaint.

47. Defendant denies the allegations of Paragraph 47 of the Complaint.

48. Defendant denies the allegations of Paragraph 48 of the Complaint.

49. Defendant denies the allegations of Paragraph 49 of the Complaint.

### AS TO THE ALLEGATIONS UNDER THE HEADING "COLLECTIVE ACTION ALLEGATIONS"

50. Paragraph 50 of the Complaint contains a characterization of this action to which no response is required; to the extent an answer may be deemed required, Defendant denies the allegations of Paragraph 50, except to admit that Plaintiff purports to bring certain claims as a collective action under the Fair Labor Standards Act. Defendant specifically denies that this case properly may be so maintained.

51. Defendant denies the allegations of Paragraph 51 of the Complaint.

### AS TO THE ALLEGATIONS UNDER THE HEADING "CLASS-WIDE FACTUAL ALLEGATIONS"

52. Defendant denies the allegations of Paragraph 52 of the Complaint.

53. Defendant denies the allegations of Paragraph 53 of the Complaint.

54. Defendant denies the allegations of Paragraph 54 of the Complaint.

55. Defendant denies the allegations of Paragraph 55 of the Complaint.

56. In response to the allegations of Paragraph 56 of the Complaint, Defendant admits that it has not paid wages to most of the alleged class members, but denies that any wages are owed.

57. Defendant denies the allegations of Paragraph 57 of the Complaint.

58. Defendant denies the allegations of Paragraph 58 of the Complaint.

59. Defendant denies the allegations of Paragraph 59 of the Complaint.

60. In response to the allegations of Paragraph 60 of the Complaint, Defendant admits that it has not paid wages to most of the alleged class members, but denies that any wages are owed.

61. Defendant denies the allegations of Paragraph 61 of the Complaint.

62. In response to the allegations of Paragraph 62 of the Complaint, Defendant admits that it has not recorded hours worked by most of the alleged class members, but denies that there is any requirement that Defendant do so.

63. Defendant denies the allegations of Paragraph 63 of the Complaint.

64. Defendant denies the allegations of Paragraph 64 of the Complaint.

65. Defendant denies the allegations of Paragraph 65 of the Complaint.

66. Defendant denies the allegations of Paragraph 66 of the Complaint.

67. Defendant denies the allegations of Paragraph 67 of the Complaint.

### AS TO THE ALLEGATIONS UNDER THE HEADING "PLAINTIFF'S FACTUAL ALLEGATIONS"

Defendant denies the allegations of the unnumbered partial paragraph under the heading "Plaintiff's Factual Allegations."

68. Defendant denies the allegations of Paragraph 68 of the Complaint except to admit that Plaintiff participated in an unpaid internship at Harper's Bazaar from approximately August 2011 to December 2011.

69. Defendant denies the allegations of Paragraph 69 of the Complaint.

70. Defendant denies the allegations of Paragraph 71 of the Complaint.

71. Defendant denies the allegations of Paragraph 71 of the Complaint, except to admit that Plaintiff's activities were supervised by Mr. Broekema.

72. Defendant denies the allegations of Paragraph 72 of the Complaint, except to admit that Plaintiff participated in some of the activities listed.

73. Defendant denies the allegations of Paragraph 73 of the Complaint, except to admit that other students were included in the Harper's Bazaar intern program at the same time as the Plaintiff.

74. Defendant denies the allegations of Paragraph 74 of the Complaint.

75. Defendant denies the allegations of Paragraph 75 of the Complaint.

76. Defendant admits the allegations of Paragraph 76 of the Complaint, except to deny that Plaintiff performed "work" for Defendant, and to deny the implied allegation that wages were owed.

77. Defendant denies the allegations of Paragraph 77 of the Complaint.

78. Defendant denies the allegations of Paragraph 78 of the Complaint.

### AS TO THE ALLEGATIONS UNDER THE HEADING "FIRST CAUSE OF ACTION"

79. In response to the allegations of Paragraph 79 of the Complaint, Defendant incorporates by reference its responses to the allegations of the preceding paragraphs.

80. Defendant denies the allegations of Paragraph 80 of the Complaint.

81. Defendant denies the allegations of Paragraph 81 of the Complaint.

82. Defendant denies the allegations of Paragraph 82 of the Complaint.

83. Defendant denies the allegations of Paragraph 83 of the Complaint.

84. Paragraph 84 of the Complaint contains a conclusion of law to which no response is required.

85. Defendant denies the allegations of Paragraph 85 of the Complaint.

86. Defendant denies the allegations of Paragraph 86 of the Complaint.

87. Defendant denies the allegations of Paragraph 87 of the Complaint.

88. Defendant denies the allegations of Paragraph 88 of the Complaint.

89. Defendant denies the allegations of Paragraph 89 of the Complaint.

90. Defendant denies the allegations of Paragraph 90 of the Complaint.

### AS TO THE ALLEGATIONS UNDER THE HEADING "SECOND CAUSE OF ACTION"

91. In response to the allegations of Paragraph 91 of the Complaint, Defendant incorporates by reference its responses to the allegations of the preceding paragraphs.

92. Defendant denies the allegations of Paragraph 92 of the Complaint.

93. In response to the allegations of Paragraph 93 of the Complaint, Defendant admits that it did not pay monetary compensation to most participants in Hearst Magazines' intern programs, but denies such payment was required by law.

94. Defendant denies the allegations of Paragraph 94 of the Complaint.

95. Defendant denies the allegations of Paragraph 95 of the Complaint.

96. Defendant denies the allegations of Paragraph 96 of the Complaint.

### AS TO THE ALLEGATIONS UNDER THE HEADING "THIRD CAUSE OF ACTION"

97. In response to the allegations of Paragraph 97 of the Complaint, Defendant incorporates by reference its responses to the allegations of the preceding paragraphs.

98. Defendant denies the allegations of Paragraph 98 of the Complaint.

### AS TO THE ALLEGATIONS UNDER THE HEADING "FOURTH CAUSE OF ACTION"

99. In response to the allegations of Paragraph 99 of the Complaint, Defendant incorporates by reference its responses to the allegations of the preceding paragraphs.

100. Defendant denies the allegations of Paragraph 100 of the Complaint.

101. Defendant denies the allegations of Paragraph 101 of the Complaint.

102. Defendant denies the allegations of Paragraph 102 of the Complaint.

103. Defendant denies the allegations of Paragraph 103 of the Complaint.

104. Defendant denies the allegations of Paragraph 104 of the Complaint.

105. Defendant denies the allegations of Paragraph 105 of the Complaint.

106. Defendant denies the allegations of Paragraph 106 of the Complaint.

107. Defendant denies the allegations of Paragraph 107 of the Complaint.

### AS TO THE ALLEGATIONS UNDER THE HEADING "FIFTH CAUSE OF ACTION"

108. In response to the allegations of Paragraph 108 of the Complaint, Defendant incorporates by reference its responses to the allegations of the preceding paragraphs.

109. Defendant denies the allegations of Paragraph 109 of the Complaint.

110. Defendant denies the allegations of Paragraph 110 of the Complaint.

111. Defendant denies the allegations of Paragraph 111 of the Complaint.

112. Defendant denies the allegations of Paragraph 112 of the Complaint.

### AS TO THE ALLEGATIONS UNDER THE HEADING "SIXTH CAUSE OF ACTION"

113. In response to the allegations of Paragraph 113 of the Complaint, Defendant incorporates by reference its responses to the allegations of the preceding paragraphs.

114. Defendant denies the allegations of Paragraph 114 of the Complaint.

115. Defendant denies the allegations of Paragraph 115 of the Complaint.

116. Defendant denies the allegations of Paragraph 116 of the Complaint.

### AS TO THE ALLEGATIONS UNDER THE HEADING "SEVENTH CAUSE OF ACTION"

117.    In response to the allegations of Paragraph 117 of the Complaint, Defendant incorporates by reference its responses to the allegations of the preceding paragraphs.

118.    Defendant denies the allegations of Paragraph 118 of the Complaint.

119.    Defendant denies the allegations of Paragraph 119 of the Complaint.

120.    Defendant denies the allegations of Paragraph 120 of the Complaint.

### AS TO THE ALLEGATIONS UNDER THE HEADING "EIGHTH CAUSE OF ACTION"

121.    In response to the allegations of Paragraph 121 of the Complaint, Defendant incorporates by reference its responses to the allegations of the preceding paragraphs.

122.    Defendant denies the allegations of Paragraph 122 of the Complaint.

### AS TO THE ALLEGATIONS UNDER THE HEADING "NINTH CAUSE OF ACTION"

123.    In response to the allegations of Paragraph 123 of the Complaint, Defendant incorporates by reference its responses to the allegations of the preceding paragraphs.

124.    Defendant denies the allegations of Paragraph 124 of the Complaint.

125.    Defendant denies the allegations of Paragraph 125 of the Complaint.

126.    Defendant denies the allegations of Paragraph 126 of the Complaint.

127.    Defendant denies the allegations of Paragraph 127 of the Complaint.

### AS TO THE ALLEGATIONS UNDER THE HEADING "PRAYER FOR RELIEF"

The remainder of the Complaint constitutes a prayer for relief, to which no response is required.  Defendant specifically denies that Plaintiff, or any member of the class or collective she purports to represent, is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, and without conceding that Defendant bears the burden of proof or persuasion as to any of them, Defendant alleges the following specific defenses. Defendant reserves the right to amend this Answer and to assert additional defenses and/or to supplement, alter, or change its Answer and Affirmative Defenses upon completion of appropriate investigation and discovery.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims, and those of the classes whom she purports to represent, are barred because those individuals are not "employees" within the meaning of the Fair Labor Standards Act or the New York Labor Law.

### THIRD AFFIRMATIVE DEFENSE

If Defendant is found to have failed to pay Plaintiff, and/or any putative member of the classes whom she purports to represent, any wages owed, which Defendant expressly denies, Defendant nevertheless acted at all times on the basis of a good faith and reasonable belief that it had complied fully with all applicable laws and had no actual or constructive notice of any violation. The actions taken or omitted by Defendant were also in good faith conformity with administrative regulations and/or guidance and/or interpretations issued by the U.S. Department of Labor and the New York State Department of Labor. Consequently, Defendant has not engaged in any willful violation of the law. By reason of the foregoing, Plaintiffs are not entitled to liquidated or penalty damages under federal or state law.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and those of the classes whom she purports to represent, are barred in whole or in part by applicable statutes of limitation.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and those of the classes whom she purports to represent, are barred by the equitable doctrines of unclean hands, unjust enrichment, laches, and estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's monetary claims, and those of the classes whom she purports to represent, are barred in whole or in part because they have not suffered any injury or damage as a result of any actions allegedly taken by Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' monetary claims are barred in whole or in part by their failure to mitigate their damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent injunctive and/or other equitable relief is sought, because all have an adequate remedy at law and have suffered no irreparable harm due to any alleged conduct of Defendant. Payment to any Plaintiffs for any wages due (which Defendant expressly denies are due) would fully compensate them and make them whole, belying the propriety of any non-economic relief.

### NINTH AFFIRMATIVE DEFENSE

If this Court were to certify this action as a class action, any award of liquidated, multiple, or punitive damages would deny Defendant the due process of law.

### TENTH AFFIRMATIVE DEFENSE

To the extent any Plaintiffs have suffered injury, which Defendant expressly denies, subject to proof through discovery, any such injury is the result of acts or omissions of such Plaintiffs, and not any act or omission of Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not appropriate for collective treatment pursuant to Section 216(b) of the FLSA or for class treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### TWELFTH AFFIRMATIVE DEFENSE

There is no class of persons similarly situated to the Plaintiff and, therefore, this action may not be maintained as a collective action pursuant to Section 216(b) of the FLSA or as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is an inadequate and atypical representative of the classes she purports to represent.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims to minimum wage payments, and those of the classes whom she purports to represent, are barred by the provisions of 29 U.S.C. §206(g) and 29 C.F.R. §786.300.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs benefited more than Defendant from the purported activity on which their claims are based.

WHEREFORE, the Court should deny Plaintiff's request to certify this action as a class or collective action; dismiss this action with prejudice, or alternatively enter judgment in favor of Defendant; award Defendant its costs and attorney fees to the extent justified by the facts to be developed in the case; and award Defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

HEARST CORPORATION

By its attorneys,

Jonathan R. Donnellan
HEARST CORPORATION
300 West 57th Street
New York, NY 10019
Tel: (212) 841-7000
Fax: (212) 554-7000
Email: jdonnellan@hearst.com

-and-

Mark W. Batten
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110-2600
Tel.: (617) 526-9600
Fax: (617) 526-9899
Email: mbatten@proskauer.com

Dated: April 4, 2012

CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record, by operation of the Court's CM/ECF electronic filing system, this 4th day of April, 2012.

By: _____
               Jonathan R. Donnellan