UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
XUEDAN WANG, on behalf of herself and all : 
others similarly situated,                 : 
                                           : 
            Plaintiff,                     : 
                                           :         12 CV 793 (HB)
    - against -                            : 
                                           :         **OPINION & ORDER**
THE HEARST CORPORATION,                    : 
                                           : 
            Defendant.                     : 
------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

  Before the Court is a motion to strike the class and collective action allegations in Plaintiff Xuedan Wang's ("Wang") Complaint brought by Defendant the Hearst Corporation ("Hearst"). Also before the Court is Wang's cross-motion for conditional certification and court-authorized notice to potential class members pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). For the reasons set forth below, Hearst's motion to strike is DENIED, and Wang's cross-motion is GRANTED.

## Background

  The Complaint alleges that Hearst used interns at 19 magazines to complete tasks necessary to its operations such as to answer phones, make deliveries, and organize clothing and accessories. Compl. ¶¶ 1-2, 72. Wang proposes two classes: (1) an Intern Class comprised of unpaid and underpaid[1] interns, *id.* at ¶¶ 28-38, and (2) a Deductions Class comprised of interns who received college credit for their internships, on the theory that students' payments to their colleges for that credit amounted to an unlawful deduction from their wages. *Id.* at ¶¶ 39-49. Wang alleges that Hearst violated the minimum wage requirements, overtime provisions, and recordkeeping requirements of the FLSA and the New York Labor Law ("NYLL") Article 19. *Id.* In addition, Wang alleges that Hearst violated the NYLL because it failed to pay Wang and other potential plaintiffs "additional compensation of one hour's pay at the minimum wage for

---

[1] Hearst asserts that there are no underpaid interns: "The few interns who are paid receive wages in accordance with at least the minimum required by law." Hearst Mem. 2 n.1.

1

each day during which they worked more than 10 hours." *Id.* at ¶¶ 114-16.  Further, Wang complains that the Defendant took unlawful deductions by requiring Wang and other potential plaintiffs to purchase academic credit, an argument we include here for completeness but one which I, at least for now, consider unique if not farfetched. *Id.* at ¶¶ 118-20.  Wang argues that these interns are no different than entry-level workers and that Hearst "has evasively accepted the services of beginners at pay less than the legal minimum," *Walling v. Portland Terminal Co.*, 330 U.S. 148, 153 (1947), in violation of the FLSA and NYLL.

On April 4, 2012, Hearst filed a Motion to Strike the Class and Collective Allegations, arguing that the class could not be certified under either the FLSA or the NYLL. Hearst Mem. 2. I granted Wang limited discovery to respond, and Wang cross-moved for conditional certification under the FLSA when it filed its opposition on June 7, 2012. Wang Opp. 9-10.  The proposed class consists of "All persons who have worked as unpaid or underpaid interns at Hearst Magazines between February 1, 2009 and the date of final judgment in this matter." *Id.* at 14.

## Discussion

### A. Conditional Certification under the FLSA is Granted

Under the FLSA, actions may be brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). "No employee shall be a party plaintiff to any such action unless he gives his consent." *Id.*  The standard under § 216(b) differs from Rule 23 in other respects, for instance, it "requires no showing of numerosity, typicality, commonality, or representativeness." *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007); *see also Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 368 (S.D.N.Y. 2007) ("The 'similarly situated' standard for certifying a class action is thus considerably more liberal than class certification under Rule 23.").

At this, the initial stage of the action, the plaintiffs need only "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.' " *Id.* at 555 (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). This showing need only be "based on plaintiffs' pleading and affidavits" and, should the court find such a showing to be sufficient, the court will authorize plaintiffs to give notice to other potential plaintiffs and will conditionally certify the lawsuit "as a collective action

through discovery." *Lynch*, 491 F. Supp. 2d at 368 (citing *La Belle Farm*, 239 F.R.D. at 367). At this point, the "court should not weigh the merits of the underlying claims." *Id.* (citing cases). This is not to say that the court can take other than "a measured approach when addressing a request for collective action certification, mindful of the potential burden associated with defending against an FLSA claim involving a broadly defined collective group of plaintiffs." *Colozzi v. St. Joseph's Hosp.*, 595 F. Supp. 2d 200, 207 (N.D.N.Y. 2009).  While this is a concern that will be addressed in discovery, the determination of whether the members of the class are in fact similarly situated must await discovery where a more "stringent factual determination" must be made in order for the lawsuit to continue. *Lynch*, 491 F. Supp. 2d at 368; *see also Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010), *cert. denied*, 132 S. Ct. 368 (2011) ("The action may be 'de-certified' if the record reveals that they are not [similarly situated], and the opt-in plaintiffs' claims may be dismissed without prejudice.").

For now the plaintiff need only establish that other employees "may be similarly situated" to her. *Myers*, 624 F.3d at 555 (internal quotation marks omitted); *Shajan v. Barolo, Ltd.*, No. 10 Civ. 1385, 2010 WL 2218095, at *1 (S.D.N.Y. June 2, 2010) ("Nothing more is needed at this stage of the litigation.").  Wang has satisfied this burden by providing allegations and affidavits to the effect that Hearst made a uniform determination that interns were not employees, *see* Ex. D Roberts Dep. 52:20-21, required all interns to submit college credit letters, Ex. C Helmus Dep. 78:15:81:24, and used interns to perform entry-level work with little supervision. *See, e.g.*, Ex. U Nagi Decl. ¶¶ 9, 10 14 ("It was my understanding that my job duties were similar to what a web editorial assistant would have done if Hearst had hired one."); Ex. X Stoller Decl. ¶¶ 6, 15 ("My primary job responsibility was to pick-up and return sample clothing items that were being considered for inclusion in the magazine. . . . I was required to wear fashionable attire to make these deliveries and was not allowed to wear walking shoes. "); Ex. Y Behnen Decl. ¶¶ 6-7 ("[An Assistant at Harper's Bazaar] gave me about 30 minutes of on-the-job training on Hearst's operations, including the strict procedures for checking in and tracking items in the fashion closet.").

Wang's motion for conditional certification must be granted.

**B. The Motion to Strike the Class Allegations under the NYLL is Premature**

New York Labor Law class allegations are governed by FRCP 23.  Motions to strike are "generally looked upon with disfavor [and a] motion to strike class allegations . . . is even more

disfavored because it requires a reviewing court to preemptively terminate the class aspects of . . . litigation . . . before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification." *Chenensky v. N.Y. Life Ins. Co.*, No. 07 Civ. 11504, 2011 WL 1795305, at *1 (S.D.N.Y. Apr. 27, 2011) (internal citation and quotation omitted). Motions to strike are also usually denied where they raise arguments that would be considered on a motion for class certification. *Chen-Oster v. Goldman, Sachs & Co.*, No. 10 Civ. 6950, 2012 WL 205875, at *4 (S.D.N.Y. Jan. 19, 2012).

Hearst argues that I cannot certify Plaintiff's potential New York Labor Law Class because the Rule 23 requirements are not met; however, since scant discovery has occurred, this argument is premature. *See Cruz v. Hook-Superx, LLC*, No. 09 Civ. 7717, 2010 WL 3069558, at *4 (S.D.N.Y. Aug. 5,2010) ("At this early stage of the proceedings, before any discovery has been taken and prior to Plaintiffs' making a Rule 23 motion, the Court finds that there is no basis for granting Defendants' motion to deny class certification.").[2]

## Conclusion

I have considered the parties' remaining arguments and find them to be without merit. For the foregoing reasons, Hearst's motion to strike the class and collective allegations under the FLSA and NYLL is DENIED. Plaintiff's cross-motion for conditional certification is GRANTED and the parties will review and sign the pre-trial scheduling order and I will, upon its return, sign and fax a copy to the parties. Plaintiff's request for leave to amend the proposed Second Amended Complaint to add Stephanie Skorka as a named Plaintiff is GRANTED. Any and all discovery sought by either side will require prior approval by the Court (at least the first wave) and will be submitted within 10 days of the date hereof—so we can begin to move this

---

[2] The Deductions Claim asserts that Hearst benefited from its policy of requiring interns to obtain and pay for college credits and that this constituted an unlawful deduction in violation of NYLL § 193. NYLL § 193 prohibits wage deductions that benefit the employer as opposed to the employee. *Hudacs v. Frito-Lay, Inc.*, 90 N.Y.2d 342, 46-47 (1997). Hearst argues that it "took nothing from the students and received no benefit from their payment of tuition to their colleges, while the students received the credits for which they paid." Hearst Mem. 24. As a result, Hearst moves to strike the allegations for failure to state a claim. Plaintiff asserts that whether Hearst benefited from its policy of having interns pay for college credits is a factual question that is not appropriate for a motion to dismiss. Wang Opp. 25. I agree with Plaintiff. Unlike in *Hudacs*, where it was perfectly clear that the payments alleged to be deductions were actually payments to which the employer was entitled, here it is not clear whether Hearst benefited from its policy that required students to purchase academic credits. *See* 90 N.Y. 2d at 344-45, 349 (concluding that where salespeople were sent to collect payments from retailers, deposited the payments into their own personal accounts, and then remitted the funds back to their employer, there was no unlawful deduction); *see also Citigroup Inc. v. Wachovia Corp.*, 613 F. Supp. 2d 485, 489 (S.D.N.Y. 2009) ("Motions to strike are generally disfavored and will be denied unless the matter asserted clearly has no bearing on the dispute or the matter is significantly prejudicial to one of the parties.").

case along. The Clerk of the Court is directed to close the two open motions and remove them from my docket.

**SO ORDERED**
July 12, 2012
New York, New York

_____
Hon. Harold Baer, Jr.
U.S.D.J.

5