UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------x
XUEDAN WANG, on behalf of herself and all      :
others similarly situated,                     :
                                               :
                Plaintiff,                     :
                                               :    12 CV 793 (HB)
       - against -                             :
                                               :    OPINION & ORDER
THE HEARST CORPORATION,                        :
                                               :
                Defendant.                     :
-----------------------------------------------------------------x
```

**Hon. HAROLD BAER, JR., District Judge:**

      Before the Court is Defendant Hearst Corporation's ("Hearst") motion to reconsider the Opinion and Order dated July 12, 2012, granting conditional certification under Fair Labor Standards Act ("FLSA") 29 U.S.C. §216(b) to Plaintiff Xuedan Wang ("Wang") and denying Hearst's motion to strike the class and collective allegations under the FLSA and New York Labor Law.  Hearst also asks that in the alternative, the Court clarify "the governing legal standard" or grant leave to seek interlocutory appeal pursuant to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. 1292(b).  Background of the case is available in that Opinion and Order, familiarity with which is presumed. *See Wang v. Hearst Corp.*, No. 12 Civ. 793, 2012 WL 2864524 (S.D.N.Y. 2012).  For the reasons set forth below, Hearst's motion to reconsider and application for interlocutory appeal are both DENIED.

Discussion

      A motion for reconsideration is "properly granted only upon a showing of exceptional circumstances." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (quotation marks omitted).  "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (quotation marks and citation omitted).

      Hearst submits that it meets this high hurdle above because the Court has "overlooked" a Second Circuit precedent that could "alter" its conclusion, mainly *Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010), according to which "the Court must decide the governing legal standard

1

in order to determine whether conditional certification [under 29 U.S.C. § 216(b)] is appropriate." Pl.'s Supp. 1.  I seriously doubt how the Court could have "overlooked" anything, since, as Hearst admits, this motion is the first time that Defendant has raised such an argument as a cite to *Myers*.[1]  Courts of this district have consistently commented that a motion for reconsideration under Local Rule 6.3 is not an opportunity for parties to advance new facts, issues, or arguments that have previously not been presented to the court. *See Bravia Capital Partners Inc. v. Fike*, No. 09 Civ. 6375, 2011 WL 5553705, at *2; *Nat'l Union Fire Ins. Co. v. Las Vegas Prof'l Football L.P.*, 409 F. App'x 401, 403 (2d Cir. 2010) (citing *Davidson v. Scully*, 172 F.Supp.2d 458, 461 (S.D.N.Y. 2001)).

      To make the cheese more binding, my prior Order and Opinion cited *Myers*, a case that approves the district courts' two-step approach to § 216(b) as "sensible," including the "low standard of proof" for issuing conditional certification since the action may be "de-certified" at the second stage on a fuller record. 624 F.3d at 555.  Accordingly, this Court decided that "[f]or now the plaintiff need only establish that other employees may be 'similarly situated' to her" with respect to whether a FLSA violation has occurred, a burden that Wang satisfied "by providing allegations and affidavits to the effect that Hearst made a uniform determination that interns were not employees, required all interns to submit college credit letters, and used interns to perform entry-level work with little supervision." *Wang*, 2012 WL 2864524, at *2.  "The 'modest factual showing cannot be satisfied simply by 'unsupported assertions,' but it should remain a low standard of proof because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Myers*, 624 F.3d at 555 (citations omitted).  I struggle to find where in *Myers* the Second Circuit required a district court to determine "the governing legal standard" at the first stage as Hearst argues, given that the Second Circuit, after summarizing the district courts' existing practice with respect to §216(b), explicitly declined to review the lower court's §216(b) decision on jurisdictional grounds. *See Myers*, 624 F.3d at 556 (finding no pendant appellate jurisdiction on the issue because "we are easily able to determine here that the higher predominance standard has not been met without addressing whether the same evidence plaintiffs have put forward in support of Rule 23 class certification could satisfy the lower standard for the sending of notice pursuant to §216(b)").

---

[1] Hearst admits, "Although included Hearst's moving papers, this law was not explained in the detail contained herein." Pl.'s Supp. 1 n. 1.  Based on the review of the transcript attached as Exhibit 1, I also disagree with Hearst that "[t]he point was made more specifically during oral argument." *Id.*

Hearst therefore fails to show that the Court has overlooked *Myers*, and its motion for reconsideration is an improper attempt to relitigate an issue that has already been decided. *See Parenteau*, 382 F.App'x at 50. At this stage, I decline Hearst's invitation to "clarify" the governing legal standard for the same reasons.

Under Section 1292(b), a district court may certify an immediate appeal of an interlocutory order if the court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Interlocutory appeal as provided for in § 1292(b) "is a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir.1996). Unconvinced that there is a "controlling question of law" on which "there is a substantial ground for difference of opinion" or that such an order would "materially advance the ultimate termination of the litigation," I deny Hearst's request for a stay pending an application for an interlocutory appeal in the Circuit.

### Conclusion

Hearst's motion to reconsider is DENIED. Hearst's application for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is also DENIED, but Defendant may, of course, try their hand with the Circuit. Meanwhile, the Pretrial Scheduling Order remains in full force and effect, and discovery will not be stayed. The Clerk of the Court is directed to close this motion and remove it from my docket.

SO ORDERED
August 24, 2012
New York, New York

Hon. Harold Baer, Jr.
U.S.D.J.

3