IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XUEDAN WANG and ERIN SPENCER, on behalf of themselves and all others similarly situated, <br><br>                          Plaintiffs, <br><br> v. <br><br> THE HEARST CORPORATION, <br><br>                          Defendant. | **ECF** <br> 12-cv-00793 (HB)(AJP) |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

The Hearst Corporation ("Hearst" or "Defendant"), by its undersigned attorneys, moves pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings with respect to the Seventh Cause of Action (New York Labor Law Article 6 – Unlawful Deductions) brought by Plaintiff Erin Spencer ("Spencer") on behalf of herself and a proposed class.

## PRELIMINARY STATEMENT

Each of the 19 different magazines at Hearst requires that students participating in their individual unpaid  intern programs receive school credit for their internship from their academic institutions.  Plaintiff Erin Spencer seeks, on behalf of herself and others, to recover the cost of that academic credit, contending that this requirement violates Section 193 of the New York Labor Law, which restricts direct and indirect deductions by employers from the wages of their employees.  This theory fails for the simple reason that the alleged requirement does not amount to a prohibited deduction from wages – even when depicted as a "payment by separate transaction."

The plain language of Section 193 and its legislative history make clear that the statute is intended to prevent employers from recovering the cost of losses from employees – either by directly deducting amounts from employees' wages or by requiring employees to make payments "by separate transaction" *to the employer*.  Here, the alleged requirement that interns purchase academic credit from their schools does not correspond to any loss that Hearst seeks to recover from employees, nor does it require interns to make any payment *to Hearst*.  Consequently, this scenario falls well beyond the conduct that Section 193 was enacted to prevent.  Moreover, the Court of Appeals for the State of New York has held that Section 193(2) applies only to payments *from wages*, rendering the statute inapplicable to the academic credit payments alleged here.  For these reasons, Hearst respectfully seeks dismissal of the Seventh Cause of Action.

## STATEMENT OF RELEVANT FACTS[1]

Plaintiff Spencer alleges that "Defendant took unlawful deductions by requiring Spencer and the Deductions Class to purchase academic credit from an accredited college or university as a condition of employment."  (Third Amended Class Action Compl. ("Third Am. Compl.") ¶ 130.)  Spencer further alleges that Defendant thereby violated New York Labor Law Section 193 by requiring Spencer and the Deductions Class to "make payments by separate transaction . . . ." (*Id.* ¶ 129.)

## LEGAL STANDARD

Rule 12(c) provides that after the pleadings are closed, but early enough not to delay trial, a party may move for judgment on the pleadings.  Fed. R. Civ. P. 12(c).  "The test for evaluating

---

[1] For purposes of this motion only, as required by Fed. R. Civ. P. 12(c), Defendant accepts as true the allegation that Defendant required Spencer and the Deductions Class to purchase academic credit from an accredited college or university as a condition of employment.  *See Hayden v. Paterson*, 594 F.3d 150, 157 n.4 (2d Cir. 2010) ("In deciding a Rule 12(c) motion, we apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.") (internal quotations omitted).

a 12(c) motion is the same as that applicable to a motion to dismiss under [Rule] 12(b)(6)" for

failure to state a claim. *Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 644 (2d Cir. 1998).

The motion to dismiss standard was discussed at length by the Supreme Court in *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007), and amplified by the Court in *Ashcroft*

*v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Under *Twombly*, a plaintiff must provide "more than

labels and conclusions" to survive a motion to dismiss. *Twombly*, 550 U.S. at 555.  "[A]

formulaic recitation of the elements of a cause of action will not do," and "blanket assertion[s] of

entitlement to relief" are insufficient. *Id*.  To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its

face." *Iqbal*, 139 S. Ct. at 1949 (citation omitted).  A party is entitled to judgment on the

pleadings if it is clear that no material issues of fact remain to be resolved and that it is entitled to

judgment as a matter of law. *Juster Associates v. City of Rutland, Vt.*, 901 F.2d 266, 269 (2d Cir.

1990).

## ARGUMENT

### SPENCER FAILS TO ALLEGE FACTS THAT COULD ESTABLISH A VIOLATION OF NEW YORK LABOR LAW SECTION 193, REQUIRING DISMISSAL OF THE SEVENTH CAUSE OF ACTION.

**I.     The Alleged Academic Credit Requirement Is Not A Deduction By Indirect Means, And Therefore Is Not Prohibited By Section 193.**

Section 193 of the New York Labor Law generally prohibits employer deductions from

the wages of employees, with certain exceptions.  N.Y. Lab. Law § 193(1) (Consol. 2012).

Section 193 is "intended to place the risk of loss for such things as damaged or spoiled

merchandise on the employer rather than the employee."  *Hudacs v. Frito-Lay, Inc.*, 90 N.Y.2d

342, 349 (N.Y. 1997) (citing Mem. in Support of L. 1974, ch. 160, 1974 NY Legis. Ann. at 238).

In 1974, Section 193 was amended to prohibit employers from making "any charge against wages, or requir[ing] an employee to make any payment by separate transaction unless such charge or payment is permitted as a deduction from wages under the provisions of subdivision one of this section."  N.Y. Lab. Law § 193(2) (Consol. 2012).  This amendment was intended to "prohibit wage deductions by indirect means where direct deductions would violate the statute."  Sponsor's Mem., Bill Jacket, L. 1974, ch. 160.  More specifically, the memorandum in support of the bill explained that the bill was intended to address instances in which employees were required, "as a condition of obtaining or continuing employment, to agree to *reimburse the employer for monetary loss* which the employer may deem attributable to him." *Id*. (emphasis added).

In 2006, the Court of Appeals again had occasion to interpret Section 193 and its legislative history, in *Angello v. Labor Ready, Inc.*, 7. N.Y.3d 579, 825 N.Y.S.2d 674 (2006). The Court expanded on its prior decision in *Hudacs*, and made clear that subsection two of Section 193 was added because "[t]he Legislature sought to end the subterfuge of an employer's paying full wages but then seeking payment at another time." The Court concluded that the purpose of 193 was to insure that employers may not "divert a worker's wages for the employer's benefit."  *Id*. at 586, 825 N.Y.S.2d at 678.

Spencer's claim that Hearst's academic credit requirement amounts to an unlawful deduction from wages fails as a matter of law because this alleged requirement is not a deduction from wages – indirect or otherwise – as that concept is understood in the context of Section 193. Spencer does not allege that the academic credit requirement is intended to reimburse Hearst for any monetary loss that Hearst may attribute to Spencer or the Deductions Class members, the scenario that Section 193(2) is designed to prevent.  Indeed, the alleged requirement does not call

for any payment whatsoever *to Hearst*, let alone a reimbursement for some monetary loss. Rather, the alleged "payment[s] by separate transaction" are made to institutions of higher education. Nothing in the text or the legislative history of Section 193(2) supports the proposition that it was intended to prohibit such payments.[2]

Further, as a remedy for the alleged Section 193 violation, Spencer seeks reimbursement of the purchase price of the academic credits at issue. (Third Am. Compl. ¶131.) Ordering such relief would be unjust and nonsensical. On its face, receipt of academic credit for an internship instead of an in-class course for enrolled college students is not a deduction, let alone something for which the host company should be held financially responsible. Moreover, Spencer and the members of the Deductions Class received something of value – credit towards a degree – from any payment they made to schools for internship credit. Under plaintiffs' theory, however, a company that provided valuable internship opportunities to students should also be responsible for footing the bill for the academic credit that interns received for the experience – a perversion of Section 193.[3]

_____

[2] The Ninth Circuit's decision in *Howard v. Gap, Inc.*, No. 07-15913, 2009 U.S. App. LEXIS 6364 (9th Cir. Mar. 24, 2009), is instructive on this point. In *Howard*, the plaintiff challenged as a violation of Section 193 The Gap's alleged policy requiring employees to purchase and wear Gap clothing as a condition of employment. *Id.* at *1-2. The Ninth Circuit reversed the district court's dismissal of the claim, finding that the plaintiff might be able to prove a set of facts in support of her claim that would entitle her to relief. *Id.* at *2-3. However, the court distinguished the case before it from "situations in which employees generally are required to purchase specific attire for work, because the allegations here are that the payments for such clothes must be made *directly to the employer*." *Id.* at *2-3. The court thus implicitly acknowledged that requiring employees generally to purchase certain clothing, so long as it did not involve payments directly to the employer, would not violate Section 193. Likewise, the academic credit payments challenged here do not violate Section 193, because, as noted above, the payments are not made to the employer at all.

[3] Similarly, many businesses have dress codes requiring employees to wear suits, business casual wear, or even standardized uniforms as part of their jobs. Plaintiffs' approach would characterize the payments to third parties for this clothing as an unlawful "deduction" by "separate transaction," because they are a condition of employment. But the New York Department of Labor has issued regulations explicitly regulating when an employer can require employees to pay for their own (required) uniforms – which would be wholly unnecessary if Section 193 already prohibited such requirements, as plaintiffs

## II.   The Alleged Academic Credit Requirement Is Not A Payment From Wages, And Therefore Is Not Prohibited By Section 193.

Plaintiffs' claim under Section 193 also fails because the academic credit requirement does not entail a payment *from wages*.  As the New York Court of Appeals has held, Section 193's reference to payments by separate transaction refers only to payments *from wages*. *Hudacs*, 90 N.Y.2d at 348 ("[W]hile section 193(2) on its face prohibits 'any payment by separate transaction,' it is clear from the statutory context that 'any payment' is actually meant to refer only to payments from wages."); *Epifani v. Johnson*, 65 A.D.3d 224, 882 N.Y.S.2d 234 (App. Div. 2009) (employer's demand for missing petty cash from employee not covered because not from wages).

Similarly, in *Dean Witter Reynolds, Inc. v. Ross*, 75 A.D.2d 373, 381, 429 N.Y.S.2d 653, 658 (App. Div. 1980), the First Department held that a deduction from an incentive compensation plan did not violate Section 193, because it was not "from wages" as defined in the statute.  And in *Chenensky v. New York Life Ins. Co.*, 2012 WL 234374, at *4 (S.D.N.Y. 2012), the court held that whether a deduction from commissions violates Section 193 depends on timing: if the deduction occurs before the commissions have been definitely determined, and therefore have become "wages," the statute is not violated.[4]  The court in *In re Starbucks Employee Gratuity Litigation*, 264 F.R.D. 67, 73 (S.D.N.Y. 2009), similarly found that a deduction from tips fell outside Section 193 because it was not a deduction from wages.

---

effectively contend.  *See* New York Department of Labor Minimum Wage Order for Miscellaneous Industries and Occupations, 12 N.Y.C.C.R. § 142-2.5 (employer need not reimburse its employees for the cost of purchasing and maintaining required apparel unless the clothing cannot be used by the employee as part of his or her ordinary wardrobe outside of work).

[4] *See also Pachter v. Bernard Hodes Group, Inc.*, 541 F.3d 461 (2d Cir. 2008) (similarly rejecting Section 193 claim concerning deductions from commissions because the plaintiff had acquiesced in such deductions during her employment).

This case presents facts much further from "wages" than in *Dean Witter*, *Chenensky*, and *Starbucks*, requiring no such careful parsing of the term; if the deductions from pay at issue in those cases did not violate the statute, there is no basis to find that Hearst could have done so here, where there were no wages, no deductions, and no payments to the company.

**III.    The Possibility That Hearst Somehow Benefitted From Plaintiffs' Academic Credit Is Irrelevant.**

In *Hudacs*, the Court of Appeals recounted the history of Section 193, noting in dictum that the statute prohibits wage deductions that benefit the employer as opposed to the employee. 90 N.Y.2d at 346-47.  *See also* Order (Doc. 34) at 4 n.2.  But the statute does not prohibit an employer from receiving *any* "benefit" from an employee's expenditure; it prohibits an employer from requiring an employee to reimburse the employer out of wages, whether by direct deduction or by separate payment.  No court has ever held that Section 193 is violated when an employer receives some inchoate "benefit" from an employee's payment to a third party.  Thus, even if there is a factual dispute about whether Hearst benefitted in the circumstances of this case, such dispute is immaterial and insufficient to save Plaintiffs' Section 193 claim from dismissal.

Further, the argument based on "benefit" does not distinguish *Hudacs*.  The Court of Appeals' holding there, noted above, that "'any payment' is actually meant to refer only to payments from wages," was made without reference to any particular facts in that case and purely as a matter of law.  The cases cited in Part II, above, confirm that holding and further demonstrate the narrow reach of the statute.  Plaintiffs simply cannot square their theory with the case law.  Spencer alleges no deduction from wages, nor any payment to Hearst (let alone a payment from wages), and the Section 193 claim must fail as a matter of law.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court dismiss

Plaintiffs' Seventh Cause of Action with prejudice.

Respectfully submitted,

Dated: November 16, 2012                    HEARST CORPORATION


/s/ Mark W. Batten
Mark W. Batten (Of counsel)
Proskauer Rose LLP
One International Place
Boston, MA 02110-2600
(617) 526-9850\
Email: mbatten@proskauer.com

Eve B. Burton
Jonathan R. Donnellan
Kristina E. Findikyan
Courtenay B. O'Connor
300 W. 57th Street
New York, NY 10019
(212) 841-7000
(212) 554-7000 fax
Email: jdonnellan@hearst.com

*Attorneys for Defendant Hearst Corporation*


CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party to this action by operation of the Court's ECF filing system, this 16th day of November, 2012.


/s/  Mark W. Batten
Mark W. Batten