**OUTTEN & GOLDEN LLP**
Adam T. Klein
Rachel Bien
Juno Turner
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: 212-245-1000



## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XUEDAN WANG and ERIN SPENCER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE HEARST CORPORATION,<br><br>Defendant. | No. 12 Civ. 0793 (HB)<br><br>**THIRD AMENDED CLASS ACTION COMPLAINT**<br><br>**Demand for Trial by Jury** |

Plaintiffs Xuedan Wang and Erin Spencer ("Plaintiffs"), individually and as class representatives on behalf of all others similarly situated, by their attorneys Outten & Golden LLP, make the following allegations against Defendant The Hearst Corporation ("Hearst" or "Defendant"):

## INTRODUCTION

1.      Hearst is one of the world's largest publishers of monthly magazines, with 20 U.S. titles and more than 300 international editions. Its publications include such well-known brands as Harper's Bazaar, Cosmopolitan, and Good Housekeeping. On its website, Hearst boasts that it is a "worldwide leader" thanks to its "energetic, astute and innovative employees."[1]

---

[1]      Hearst Magazines Career Site, http://hearstcareers.silkroad.com/ (last visited October 22, 2012).

Among these employees are hundreds of unpaid or underpaid interns who work for Hearst Magazines as messengers, delivery-people, assistants, and secretaries, but receive no or very little compensation for their work.

2.      Unpaid and underpaid interns are becoming the modern-day equivalent of entry-level employees, except that employers are not paying them or underpaying them for the many hours they work.[2] The practice of classifying employees as "interns" to avoid paying wages runs afoul of federal and state wage and hour laws, which require employers to pay all workers whom they "suffer or permit" the minimum wage and overtime.[3] Employers' failure to compensate interns for all of their work, and the prevalence of the practice nationwide, curtails opportunities for employment, fosters class divisions between those who can afford to work for no wage and those who cannot, and indirectly contributes to rising unemployment.[4]

3.      According to the U.S. Department of Labor, internships that do not comply with minimum wage and overtime requirements are only lawful in the context of an educational training program, when the interns do not perform productive work and the employer derives no benefit.[5] "If the employer would have hired additional employees or required existing staff to work additional hours had the interns not performed the work, then the interns will be viewed as

---

[2]      *See* Steven Greenhouse, *The Unpaid Intern, Legal or Not*, N.Y. Times, Apr. 2, 2010, at B1; David C. Yamada, *The Employment Law Rights of Student Interns*, 35 Conn. L. Rev. 215, 217-18 (2002).

[3]      29 U.S.C. § 203(g); N.Y. Lab. Law § 2(7).

[4]      *See, e.g.*, Jessica L. Curiale, *America's New Glass Ceiling: Unpaid Internships, the Fair Labor Standards Act, and the Urgent Need for Change*, 61 Hastings L.J. 1531, 1534 (2010); David L. Gregory, *The Problematic Employment Dynamics of Student Internships*, 12 Notre Dame J.L. Ethics & Pub. Pol'y 227, 240 (1998).

[5]      Jane Oates & Nancy Leppink, U.S. Dep't. of Labor, Training And Emp't Guidance Letter No. 12-09, *Joint Guidance For States Seeking To Implement Subsidized Work-Based Training Programs For Unemployed Workers* (Jan. 29, 2010) at *7-10; *see also* U.S. Dep't. of Labor, *Fact Sheet #71: Internship Programs Under The Fair Labor Standards Act*, Apr. 2010, *available at*: http://www.dol.gov/whd/regs/compliance/whdfs71.pdf (last visited October 22, 2012).

employees and entitled to compensation under the FLSA."[6]  The U.S. Department of Labor's test

is based on the United States Supreme Court's 1947 opinion in *Walling v. Portland Terminal*

*Co.*,[7] which held that the FLSA's definition of "to employ" as "to suffer or permit to work" does

not include student participation in an educational or vocational training program, so long as the

employer derives no benefit from the trainees' work.[8]  The Court cautioned against arrangements

"in which an employer has evasively accepted the services of beginners at pay less than the legal

minimum without having obtained permits from the [Secretary of Labor]."[9]

  4. Unpaid and underpaid interns are a crucial labor force at Hearst Magazines.  As

the Head Accessories Intern at Hearst's Harper's Bazaar, Plaintiff Xuedan Wang ("Wang")

regularly worked over 40 hours a week, and sometimes as many as 55 hours a week.  As a

Bookings Intern at Hearst's Cosmopolitan, Plaintiff Erin Spencer ("Spencer") regularly worked

between 32 and 36 hours a week.  Neither Plaintiff was paid any wages during their employment.

By misclassifying Plaintiffs and hundreds of workers as unpaid or underpaid interns, Hearst has

denied them the benefits that the law affords to employees, including unemployment, workers'

compensation insurance, social security contributions, and, most crucially, the right to earn a fair

day's wage for a fair day's work.

  5. Plaintiffs bring this action on behalf of themselves and those similarly situated

who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et*

*seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy

---

[6] *Id.*, U.S. Dep't. of Labor, *Fact Sheet #71.*
[7] 330 U.S. 148 (1947).
[8] *Id.* at 152.
[9] *Id.* at 153.

Defendant's violations of the wage-and-hour provisions of the FLSA that have deprived Plaintiffs and others similarly situated of their lawfully earned wages.

6.  Plaintiffs also bring individual and representative wage claims under the New York Labor Law Art. 6, §§ 190 *et seq.*, Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, Part 142 *et seq.* (collectively, "NYLL") as a class action pursuant to Fed. R. Civ. P. 23.

7.  Because Defendant's violations of the law are ongoing, Plaintiffs also seek injunctive relief to ensure that the unlawful policies and practices do not continue.

## THE PARTIES

### Plaintiff Xuedan Wang

8.  Plaintiff Xuedan Wang is an adult individual who resides in Brooklyn, New York.

9.  Wang was employed by Defendant as an unpaid intern on the staff of Harper's Bazaar, a Hearst publication, from approximately August 2011 through December 2011.

10.  Wang is a covered employee within the meaning of the FLSA and the NYLL.

11.  Wang has consented to join this action by filing a written Consent to Join form.

### Plaintiff Erin Spencer

12.  Plaintiff Erin Spencer is an adult individual who resides in Leland, North Carolina.

13.  Spencer was employed by Defendant as an unpaid intern on the staff of Cosmopolitan, a Hearst publication, from approximately June 2010 to August 2010.

14.  Spencer is a covered employee within the meaning of the FLSA and the NYLL.

15.  Spencer has consented to join this action by filing a written Consent to Join form.

**Defendant**

16.    Throughout the relevant period, Hearst maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including with respect to hiring and other employment practices that applied to unpaid interns.

17.    Hearst is a Delaware corporation registered with the New York State Department of State as an Active Foreign Business Corporation with its principal offices located at the Hearst Tower, 300 West 57th St, New York, New York 10019.

18.    Hearst Magazines is Hearst's magazine division.

19.    Hearst applies the same employment policies, practices, and procedures, including hiring criteria and failure to pay wages, to all interns who work at Hearst Magazines.

20.    Hearst is a covered employer within the meaning of the FLSA and the NYLL and, at all relevant times, employed and/or jointly employed Plaintiffs and similarly situated employees.

## JURISDICTION AND VENUE

21.    This Court has subject matter jurisdiction with respect to Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1332 (the Class Action Fairness Act) and 28 U.S.C. § 1367 (supplemental jurisdiction).

22.    Plaintiffs' state law claims are so closely related to Plaintiffs' claims under the Fair Labor Standards Act that they form part of the same case or controversy under Article III of the United States Constitution.

23.    This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

24.     Upon information and belief, at least one member of the proposed class is a citizen of a state different from that of Defendant.

25.     Upon information and belief, citizenship of the members of the proposed class is dispersed among a substantial number of states and countries.

26.     Upon information and belief, there are more than 100 members of the proposed class in the aggregate.

27.     Defendant is subject to personal jurisdiction in New York.

28.     Defendant maintains an office in New York, New York.

29.     Upon information and belief, the amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

30.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

31.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is subject to personal jurisdiction in the Southern District of New York and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## CLASS ACTION ALLEGATIONS

**Intern Class**

32.     Plaintiffs bring the Fourth, Fifth, Sixth, Eighth, and Ninth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and all persons who have worked as unpaid or underpaid interns at Hearst Magazines in New York between February 1, 2006 and the date of final judgment in this matter (the "Intern Class").

33.     Excluded from the Intern Class are Defendant, Defendant's legal representatives,

officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Intern Class.

34.     The members of the Intern Class are so numerous that joinder of all members is impracticable.

35.     Upon information and belief, the size of the Intern Class is more than 100 individuals.

36.     Defendant has acted or has refused to act on grounds generally applicable to the Intern Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

37.     Common questions of law and fact exist as to the Intern Class and predominate over any questions affecting only individual members of the Intern Class, and include, but are not limited to, the following:

(a)     Whether Defendant has a policy or practice of failing to pay Plaintiffs and the members of the Intern Class the minimum wage for all hours worked in violation of NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 142 *et seq.*, as alleged herein;

(b)     Whether Defendant has a policy or practice of failing to pay Plaintiffs and the members of the Intern Class overtime for all hours worked over forty in a workweek in violation of NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 142 *et seq.*, as alleged herein;

(c)     Whether Defendant has a policy or practice of failing to pay Plaintiffs and members of the Intern Class spread-of-hours wages on days when they worked more than 10 hours in violation of NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y. Comp. Codes R. & Regs. tit. 12, Part 142 *et seq.*, as alleged herein;

(d)     Whether Defendant failed to comply with the notice and recordkeeping

7

requirements of the NYLL;

(e)    Whether Defendant's unlawful wage and hour policies or practices as alleged herein were instituted willfully or with reckless disregard for the law; and

(f)    The nature and extent of class-wide injury and the measure of damages for those injuries.

38.    Plaintiffs' claims are typical of the claims of the Intern Class they seek to represent.

39.    Plaintiffs and all Intern Class members were subject to the same or similar compensation policies and practices of Defendant. Plaintiffs and the Intern Class have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL.

40.    Plaintiffs will fairly and adequately represent and protect the interests of the Intern Class. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between the Plaintiffs and members of the Intern Class.

41.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Intern Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures and as a result of Defendant's violation of the NYLL. Although the relative damages suffered by individual Intern Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources to conduct a thorough examination of Defendant's compensation practices and to prosecute vigorously a lawsuit against Defendant to recover damages stemming from such practices. In addition, class litigation is superior because it will prevent unduly duplicative litigation that might result in inconsistent judgments about

Defendant's practices.

42.     This action is properly maintainable as a class action under Federal Rule of Civil

Procedure 23(b)(3).

**Deductions Class**

43.     Plaintiff Spencer brings the Seventh Cause of Action, NYLL claim for unlawful

deductions, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and

members of the Intern Class who were required to purchase academic credit from an accredited

college or university as a condition of their employment at Hearst in New York between

February 1, 2006 and the date of final judgment in this matter (the "Deductions Class").

44.     Excluded from the Deductions Class are Defendant, Defendant's legal

representatives, officers, directors, assigns, and successors, or any individual who has, or who at

any time during the class period has had, a controlling interest in Defendant; the Judge(s) to

whom this case is assigned and any member of the Judges' immediate family; and all persons

who will submit timely and otherwise proper requests for exclusion from the Deductions Class.

45.     The members of the Deductions Class are so numerous that joinder of all

members is impracticable.

46.     Upon information and belief, the size of the Deductions Class is more than 100

individuals.

47.     Defendant has acted or has refused to act on grounds generally applicable to the

Deductions Class, thereby making appropriate final injunctive relief or corresponding

declaratory relief with respect to the class as a whole.

48.     Common questions of law and fact exist as to the Deductions Class and

predominate over any questions affecting only individual members of the Deductions Class, and

include, but are not limited to, the following:

(a)   Whether Defendant has a policy or practice of taking unlawful deductions by requiring Spencer and members of the Deductions Class to purchase academic credit from an accredited college or university as a condition of employment, in violation of NYLL Art. 6, § 193, and the supporting New York State Department of Labor regulations, 12 N.Y. Comp. Codes R. & Regs. tit. 12, Part 142 *et seq.*, as alleged herein;

(b)   Whether Defendant's unlawful wage and hour policies or practices as alleged herein were instituted willfully or with reckless disregard for the law; and

(c)   The nature and extent of class-wide injury and the measure of damages for those injuries.

49.   Spencer's claims are typical of the claims of the Deductions Class she seeks to represent.

50.   Spencer and all Deductions Class members were subject to the same or similar compensation policies and practices of Defendant. Spencer and the Deductions Class have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL.

51.   Spencer will fairly and adequately represent and protect the interests of the Deductions Class. Spencer has retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between Spencer and members of the Deductions Class.

52.   A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Deductions Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures and as a result of Defendant's violation of the NYLL. Although the relative damages suffered by individual Deductions Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources to conduct a thorough examination of Defendant's

compensation practices and to prosecute vigorously a lawsuit against Defendant to recover

damages stemming from such practices.  In addition, class litigation is superior because it will

prevent unduly duplicative litigation that might result in inconsistent judgments about

Defendant's practices.

     53.     This action is properly maintainable as a class action under Federal Rule of Civil

Procedure 23(b)(3).

## COLLECTIVE ACTION ALLEGATIONS

     54.     Plaintiffs bring the First, Second and Third Causes of Action, the FLSA claims,

on behalf of themselves and all persons who have worked as unpaid or underpaid interns at

Hearst Magazines between February 1, 2009 and the date of final judgment in this matter (the

"Intern Collective").

     55.     Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate

Plaintiffs and the members of the Intern Collective.  Upon information and belief, the Intern

Collective consists of many similarly situated individuals who have been underpaid or not paid at

all by Defendant in violation of the FLSA and who would benefit from the issuance of a court-

supervised notice of the lawsuit and the opportunity to join the lawsuit.  Those similarly situated

collective members are known to Defendant, are readily identifiable, and can be located through

Defendant's records.  Notice should be sent to the members of the Intern Collective pursuant to

29 U.S.C. § 216(b).

## CLASS-WIDE FACTUAL ALLEGATIONS

     56.     Plaintiffs and the members of the Intern Class and Intern Collective defined above

(collectively, "Intern Class Members") have been victims of a common policy and plan

perpetrated by Defendant that has violated their rights under the FLSA and the NYLL by

denying them minimum wages, overtime wages, and spread-of-hours wages.

57.   Spencer and the members of the Deductions Class defined above have been victims of a common policy and plan perpetrated by Defendant that has violated their rights under the NYLL by the taking of unlawful deductions.

58.   At all times relevant, Defendant's unlawful conduct, policies, and patterns or practices described in this Third Amended Class Action Complaint have been willful.

59.   As part of its ongoing business practice, Defendant has intentionally, willfully, and repeatedly harmed Plaintiffs, the Intern Class Members and the Deductions Class by engaging in a pattern, practice, and/or policy of violating the FLSA and/or the NYLL as described in this Third Amended Class Action Complaint.

60.   Defendant has failed to pay wages for all hours worked to Plaintiffs and the Intern Class Members.

61.   Defendant has benefitted from the work that Plaintiffs and the Intern Class Members performed.

62.   Upon information and belief, Defendant would have hired additional employees or required existing staff to work additional hours had Plaintiffs and Intern Class Members not performed work for Defendant.

63.   Defendant did not provide academic or vocational training to Plaintiffs or the Intern Class members.

64.   Defendant failed to pay Plaintiffs and the Intern Class Members minimum wages for all hours worked, overtime for all hours that they worked over forty in a workweek, and spread-of-hours pay for workdays over 10 hours.

65.   Defendant took unlawful deductions by requiring Spencer and the Deductions

Class to purchase academic credit from an accredited college or university as a condition of employment.

66.     Defendant failed to keep accurate or adequate records of hours worked by Plaintiffs and the Intern Class Members as required by the FLSA and the NYLL.

67.     Upon information and belief, Defendant's unlawful conduct described in this Third Amended Class Action Complaint has been pursuant to a corporate policy or practice of minimizing labor costs by denying Plaintiffs and the Intern Class Members compensation in violation of the FLSA and NYLL.

68.     Upon information and belief, Defendant's unlawful conduct described in this Third Amended Class Action Complaint has been pursuant to a corporate policy or practice of denying Plaintiffs and the Intern Class the rights of employees under the FLSA and NYLL, including by requiring Deductions Class members to purchase academic credit from an accredited college or university as a condition of employment.

69.     Defendant's unlawful conduct has been widespread, repeated, and consistent. Defendant's policies and practices as described herein are ongoing.

70.     Defendant's unlawful conduct, as set forth in this Third Amended Class Action Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiffs, the Intern Class Members and the Deductions Class.

71.     Defendant's deceptive conduct prevented Plaintiffs, the Intern Class, and the Deductions Class from discovering or asserting their claims any earlier than they did.

## PLAINTIFFS' FACTUAL ALLEGATIONS

Consistent with its policies and patterns or practices as described herein, Defendant harmed Plaintiffs individually as follows:

**Plaintiff Xuedan Wang**

72.     From approximately August 2011 through approximately December 2011, Wang

worked for Defendant as an unpaid intern on the staff of the magazine Harper's Bazaar.

73.     Wang's job title was "Head Accessories Intern."

74.     Wang worked approximately five days per week for at least 40 hours per week

according to a set schedule, and sometimes as many as 55 hours per week.

75.     Wang's work was supervised by Harper's Bazaar staff and editors, including

Senior Accessories Editor Sam Broekema.

76.     Wang's job responsibilities as an unpaid intern included:

    (a)    Coordinating pickups and deliveries of samples between Harper's Bazaar and outside vendors, showrooms, and PR firms;

    (b)    Assigning a team of unpaid interns to carry out scheduled pickups and deliveries;

    (c)    Maintaining records of the contents of the magazine's sample trunks and fashion closet;

    (d)    Providing on-site assistance at magazine photo shoots; and

    (e)    Managing corporate expense reports and processing reimbursement requests.

77.     Wang worked alongside other individuals whom Defendant also classified as

interns, who performed productive work and were paid no wages or were underpaid.

78.     Wang regularly worked more than 40 hours per week.

79.     Wang regularly worked more than 10 hours per day.

80.     Wang was paid no wages at all for her work for Defendant.

**Plaintiff Erin Spencer**

81.     From approximately June 2010 through approximately August 2010, Spencer

worked for Defendant as an unpaid intern on the staff of the magazine Cosmopolitan.

82.     Spencer's job title was "Bookings Intern."

83.     Spencer worked approximately four days per week for approximately 32 to 36 hours a week, according to a set schedule.

84.     Spencer's work was supervised by Cosmopolitan's Bookings Director.

85.     Spencer's job responsibilities as an unpaid intern included:

(a)     Communicating with modeling agencies about the models needed for upcoming shoots;

(b)     Selecting models to attend casting meetings;

(c)     Scheduling and attending casting meetings with models;

(d)     Making initial selections of models; and

(e)     Providing the magazine's Bookings Director with her selection of models;

86.     Spencer was aware of other individuals whom Defendant also classified as interns, who performed productive work and were paid no wages.

87.     As a condition of employment, Defendant required Spencer to purchase college credit from an accredited college or university.

88.     Spencer was aware of other individuals whom Defendant also required to purchase college credit from an accredited college or university.

89.     Spencer was paid no wages at all for her work for Defendant.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Minimum Wages**
**(Brought on behalf of Plaintiffs and the Intern Collective)**

90.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

91.     Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Third Amended Class Action Complaint.

92.     The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiffs and the members of the Intern Collective.

93.     At all relevant times, Plaintiffs and the members of the Intern Collective were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a), and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

94.     At all relevant times, Plaintiffs and the members of the Intern Collective were employees of Defendant within the meaning of 29 U.S.C. § 203(e).

95.     At all relevant times, Defendant has been an enterprise engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

96.     At all relevant times, Defendant employed Plaintiffs and the members of the Intern Collective within the meaning of 29 U.S.C. § 203(g).

97.     Defendant has engaged in a policy and/or practice of failing to pay Plaintiffs and the Intern Collective the applicable minimum wage for all hours it suffered or permitted them to work, and has made deductions that further reduced their wages below the statutory minimum wage.

98.     As a result of these minimum wage violations, Plaintiffs and the members of the Intern Collective have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

99.     Defendant's unlawful conduct, as described in this Third Amended Class Action Complaint, has been willful and intentional.  Defendant was aware or should have been aware that the practices described in this Third Amended Class Action Complaint are unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the members of the Intern Collective.

100.    Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

101.    Members of the Intern Collective are entitled to collectively participate in this action by choosing to "opt-in" and submitting written Consents to Join this action.  29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiff Wang and the Intern Collective)

102.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

103.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiffs and the members of the Intern Collective.

104.    Defendant has failed to pay Plaintiffs and the members of the Intern Collective overtime wages at time and a half for all hours that they worked over 40 hours in a work week.

105.    As a result of Defendant's unlawful acts, Plaintiffs and members of the Intern Collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

106.    Defendant's unlawful conduct, as described in this Third Amended Class Action Complaint, has been willful and intentional.  Defendant was aware or should have been aware that the practices described in this Third Amended Class Action Complaint are unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the members of the Intern Collective.

107.    Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## THIRD CAUSE OF ACTION
### Fair Labor Standards Act – Recordkeeping Violations
### (Brought on behalf of Plaintiffs and the Intern Collective)

108.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

109.    Defendant failed to make, keep, and preserve accurate records with respect to Plaintiffs and members of the Intern Collective, including hours worked each workday and total hours worked each workweek, as required by the FLSA, 29 U.S.C. § 211(c), and supporting federal regulations.

## FOURTH CAUSE OF ACTION
### New York Labor Law Article 19 – Minimum Wage
### (Brought on behalf of Plaintiffs and the Intern Class)

110.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

111.    Defendant failed to pay Plaintiffs and the members of the Intern Class the minimum wages to which they are entitled under the NYLL.

112.    Defendant has engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Third Amended Class Action Complaint.

113.   At all times relevant, Plaintiffs and the members of the Intern Class have been employees and Defendant has been an employer within the meaning of NYLL §§ 190, 651(5), 652 and the supporting New York State Department of Labor Regulations.

114.   The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to Defendant and protect Plaintiffs and the members of the Intern Class.

115.   Defendant was required to pay Plaintiffs and the members of the Intern Class a minimum wage at a rate of (a) $6.75 per hour for all hours worked from January 1, 2006 through December 31, 2006; (b) $7.15 per hour for all hours worked from January 1, 2007 through July 23, 2009; and (c) $7.25 per hour for all hours worked from July 24, 2009 through the present, under NYLL § 652 and the supporting New York State Department of Labor regulations.

116.   Defendant failed to pay Plaintiffs and the members of the Intern Class minimum hourly wages for all hours worked to which they are entitled under the NYLL and the supporting New York State Department of Labor regulations.

117.   By Defendant's knowing or intentional failure to pay Plaintiffs and the members of the Intern Class minimum hourly wages for all of the hours they worked, Defendant has willfully violated the NYLL Art. 19 §§ 650 *et seq.* and the supporting New York State Department of Labor regulations.

118.   Due to Defendant's violations of the NYLL, Plaintiffs and the members of the Intern Class are entitled to recover from Defendant their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### New York Labor Law Article 19 – Unpaid Overtime
### (Brought on behalf of Plaintiff Wang and the Intern Class)

119.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

120.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant and protect Plaintiffs and the members of the Intern Class.

121.    Defendant has failed to pay Plaintiffs and the members of the Intern Class overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

122.    By Defendant's knowing or intentional failure to pay Plaintiffs and the members of the Intern Class overtime wages for all hours worked over 40 hours per workweek, it has willfully violated NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

123.    Due to Defendant's violations of the NYLL, Plaintiffs and the members of the Intern Class are entitled to recover from Defendant their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## SIXTH CAUSE OF ACTION
### New York Labor Law Article 19 - Spread-of-Hours Pay
### (Brought on behalf of Plaintiff Wang and the Intern Class)

124.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

125.    Defendant has willfully failed to pay Plaintiff and the members of the Intern Class additional compensation of one hour's pay at the minimum wage rate for each day during which

they worked more than 10 hours.

126.    By Defendant's failure to pay Plaintiff and the members of the Intern Class spread-of-hours pay, Defendant has willfully violated NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

127.    Due to Defendant's violations of the NYLL, Plaintiff and the members of the Intern Class are entitled to recover from Defendant their wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## SEVENTH CAUSE OF ACTION
### New York Labor Law Article 6 – Unlawful Deductions
### (Brought on behalf of Plaintiff Spencer and the Deductions Class)

128.    Spencer re-alleges and incorporates by reference all allegations in all preceding paragraphs.

129.    Defendant has willfully taken unlawful deductions by requiring Spencer and members of the Deductions Class to make payments by separate transaction, in violation of NYLL Art. 6, § 193.

130.    Defendant took unlawful deductions by requiring Spencer and the Deductions Class to purchase academic credit from an accredited college or university as a condition of employment.

131.    Due to Defendant's violations of the NYLL, Spencer and the members of the Deductions Class are entitled to recover from Defendant all unlawful deductions, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## EIGHTH CAUSE OF ACTION
### New York Labor Law Article 19 – Recordkeeping Violations
### (Brought on behalf of Plaintiffs and the Intern Class)

132.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding

paragraphs.

133.    Defendant failed to make, keep, and preserve accurate records with respect to Plaintiffs and the Intern Class Members, including hours worked each workday and total hours worked each workweek, as required by NYLL § 661 and supporting regulations.

### NINTH CAUSE OF ACTION
**New York Labor Law Article 6 – Notice and Recordkeeping Violations**
**(Brought on behalf of Plaintiffs and the Intern Class)**

134.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

135.    Defendant failed to make, keep, and preserve accurate records with respect to Plaintiffs and the Intern Class Members, including hours worked each workday and total hours worked each workweek, as required by NYLL § 195(4) and supporting regulations.

136.    Defendant failed to provide Plaintiffs and the Intern Class Members a notice containing the rate or rates of pay and basis thereof, the regular pay day, and other information required by NYLL § 195(1)(a).

137.    Defendant failed to provide Plaintiffs and the Intern Class Members a statement with every payment of wages, as required by NYLL § 195(3).

138.    Due to Defendant's violations of the NYLL, Plaintiffs and the members of the Intern Class are entitled to recover from Defendant statutory damages for each work week that each violation occurred, as well as reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on their own behalf and on behalf of all other similarly situated persons, seek the following relief:

A.      That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to the members of the Intern Collective, as defined above.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid minimum wages, overtime pay, and an additional and an equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Unpaid overtime, unpaid minimum wages, and unpaid spread-of-hours wages, pursuant to NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, and an additional and equal amount as liquidated damages pursuant to NYLL § 663;

D.      Reimbursement of all unlawful deductions pursuant to NYLL Art. 6, § 193, and an additional and equal amount as liquidated damages pursuant to NYLL Art. 6, § 198(1-a);

E.      Statutory damages for Defendant's notice and recordkeeping violations pursuant to NYLL Art. 6, §§ 190 *et seq.*;

F.      Certification of the Intern and Deductions Classes set forth above pursuant to Rule 23 of the Federal Rules of Civil Procedure;

G.      Designation of Plaintiffs as class representatives of the Intern Class, designation of Plaintiff Spencer as class representative of the Deductions Class, and designation of counsel of record as Class Counsel;

H.      Pre-judgment interest and post-judgment interest;

I.      Issuance of a declaratory judgment that the practices complained of in this

Third Amended Class Action Complaint are unlawful under NYLL Art. 6, §§ 190 *et seq.*, NYLL

Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations;

J.      An injunction requiring Defendant to pay all statutorily required wages

pursuant to the NYLL and an order enjoining Defendant from continuing its unlawful policies

and practices as described herein with respect to the Classes and Collective set forth above;

K.      Reasonable attorneys' fees and costs of the action;

L.      Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial

by jury on all questions of fact raised by this Third Amended Class Action Complaint.

Dated: New York, New York
       November 13, 2012

Respectfully submitted,
**OUTTEN & GOLDEN LLP**

By:

*Rachel B.*
Rachel Bien

**OUTTEN & GOLDEN LLP**
Adam T. Klein
Rachel Bien
Juno Turner
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000
*Attorneys for Plaintiffs and the Putative Class and Collective*

RECEIVED
NOV 1 3 2012
U.S.D.C. S.D.N.Y.
CASHIERS

24

## CERTIFICATE OF SERVICE

I, **Jessica R. Lyons,** under penalties of perjury, certify the following as true and correct: I am not a party to this action; and I am over 18 years of age. On this **13th** day of **November 2012**, I served a true and correct copy of the foregoing: " **Third Amended Class and Collective Action Complaint"** herewith by causing same to be served by **US Mail** to the following attorney on record for **The Hearst Corporation,** defendant in this action, whose last known address is:

Mark W. Batten
Proskauer Rose LLP
One International Place
Boston, MA 02110
(617) 526-9600
Fax: (617) 526-9899

Dated: November 13, 2012
      New York, New York

**Jessica R. Lyons**
Paralegal
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, NY 10016
Tel: (212) 245-1000
Fax: (212) 977-4005