**OUTTEN & GOLDEN LLP**
Adam T. Klein
Rachel Bien
Juno Turner
Elizabeth H. Wagoner
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: 212-245-1000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XUEDAN WANG and ERIN SPENCER, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE HEARST CORPORATION,<br><br>    Defendant. | **12 Civ. 0793 (HB)** |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

**PRELIMINARY STATEMENT**

This Court has already ruled that Plaintiffs sufficiently pled a claim under Section 193 of the New York Labor Law ("Deductions Claim") and that discovery was necessary to determine the merits. *Wang v. Hearst Corp.*, No. 12 Civ. 793, 2012 WL 2864524, at *3 n.2 (S.D.N.Y. July 12, 2012), *reconsideration denied*, No. 12 Civ. 793, 2012 WL 3642410 (S.D.N.Y. Aug. 24, 2012). The Deductions Claim "asserts that Hearst benefited from its policy of requiring interns to obtain and pay for college credits," *id.*, and that this constituted an impermissible "payment by separate transaction" in violation of Section 193(2). *See* N.Y. Lab. Law § 193(2). Hearst now attempts another bite at the apple, refashioning its motion to strike as a motion for judgment on the pleadings, even though the two motions are governed by the same legal standard. For the same reasons that the Court identified in its July 2012 order, the Complaint adequately states a claim under Section 193 and its resolution must await the close of discovery.

**I.    The Court Already Ruled that Hearst's Arguments Are Premature**.

After failing once, Hearst attempts a second time to dismiss Plaintiffs' unlawful deduction claim on the pleading, recycling a version of the same argument that the Court already rejected. In denying Hearst's arguments the first time, the Court held that they were premature because whether Hearst's credit requirement constitutes a deduction "is a factual question that is not appropriate for a motion to dismiss." *Wang*, 2012 WL 2864524, at *3 n.2. Because the standard for deciding a motion for judgment on the pleadings is the same as for a motion to dismiss for failure to state a claim, the Court should adhere to its prior ruling. *See Heller v. Consol. Rail Corp.*, 331 F. App'x 766, 767 (2d Cir. 2009); *Nibbs v. City of New York*, 800 F. Supp. 2d 574, 575 (S.D.N.Y. 2011) ("The standard of review for a motion for judgment on the

pleadings pursuant to Rule 12(c) is the same as that for a Rule 12(b)(6) motion to dismiss."). Discovery on the Deductions Claim is ongoing and is far from complete.

## II. Plaintiffs Have Adequately Alleged a Violation of Section 193(2).

Hearst urges the Court to take an unduly limited view of the types of deductions that Section 193(2) prohibits. Section 193(2) provides that, "no employer shall require an employee to make any payment by separate transaction unless such payment is permitted as a deduction from wages[.]" N.Y. Lab. Law § 193(2). A permissible deduction is one which is "for the benefit of the employee." *Id*. § 193(1)(b). In holding that Plaintiff had sufficiently stated a Section 193 claim, the Court correctly recognized that the key issue "is whether Hearst benefitted from its policy of having interns pay for college credits." *Wang*, 2012 WL 2864524, at *3 n.2.

### A. Section 193(2) Applies to "Any Payment" and Not Just to Payments Made Directly to the Employer.

Hearst argues that Section 193 only applies to circumstances where employees are required to make payments to *their employer*. See Mem. in Supp. of Def.'s Motion for Partial J. on the Pleadings, ECF No. 70 ("Def.'s Br.") at 4. However, the text of Section 193 does not support Hearst's narrow reading – it refers to "any payment" and not just to payments made directly to the employer. See N.Y. Lab. Law § 193(2).[1] Moreover, as the New York Court of

---

[1] Hearst points to one paragraph of Section 193's 1974 Bill Jacket, which provides certain "Statements in support of bill," to argue that Section 193 was only intended to address payments to the employer and not employer-mandated payments generally. See Def.'s Br. at 4; Decl. of Rachel Bien ("Bien Decl.") Ex. A (Bill Jacket). Hearst takes these few sentences too far, ignores the language of the amendment itself, which extends to "all payments," and fails to recognize that the purpose of the amendment – "to prohibit wage deductions by indirect means where direct deductions would violate the statute" – would not be served by its narrow interpretation. See Bien Decl. Ex. A (Bill Jacket). See also Pultz v. Economakis, 890 N.E.2d 880, 882 (N.Y. 2008) ("The starting point is always to look to the language [of the statute] itself and where the language of a statute is clear and unambiguous, courts must give effect to its plain meaning")

Appeals has noted, the goal of the legislature in enacting Section 193 was broad – to ensure "that the unequal bargaining power between an employer and an employee does not result in coercive economic arrangements by which the employer can divert a worker's wages for the employer's benefit." *Angello v. Labor Ready, Inc.*, 7 N.Y.3d 579, 586 (2006).

Furthermore, courts have held defendants liable for unlawful deductions where they have required their employees to make purchases from third parties for the employer's benefit. For example, in *Ting Yao Lin v. Hayashi Ya II, Inc.*, the court required the employer to reimburse its delivery workers for the cost of bicycles that they had purchased and maintained to perform their delivery duties. No. 08 Civ. 6071, 2009 WL 289653, at *5 (S.D.N.Y. Jan. 30, 2009), *report and recommendation adopted sub nom. Yao Lin v. Hayashi Ya II, Inc.*, No. 08 Civ.6071, 2009 WL 513371 (S.D.N.Y. Feb. 27, 2009); *see also Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 270, 293 (S.D.N.Y. 2011) (holding that whether an employer's required dress code of suits, shirts, and other clothing in specific colors and styles purchased from a third party constituted a uniform for which employees should have been reimbursed was a question of fact not appropriate for summary judgment); *Ayres v. 127 Rest. Corp.*, 12 F. Supp. 2d 305, 310 (S.D.N.Y. 1998) (denying summary judgment to employer where it required workers to purchase uniform items that it did not provide from their "own funds").[2] Similarly, in *Salazar-Martinez v. Fowler Bros., Inc.*, a case that analyzed unlawful deduction claims under New York and federal law, the court held that the employer's requirement that its workers pay a recruiter for processing

---

(internal quotation marks and citation omitted); *People v. Miller*, 967 N.E.2d 656, 658 (N.Y. 2012) (rejecting description of amendment by amendment's sponsor contained in bill jacket because the "legislative history cannot supply something that is just not in the statute").

[2]   These cases undercut Defendant's argument, based on *Howard v. Gap, Inc.*, No. 07-15913, 2009 WL 766500 (9th Cir. Mar. 24, 2009), that "requiring employees generally to purchase certain clothing, so long as it did not involve payments directly to the employer, would not violate Section 193." Def.'s Br. at 5 n.2.

their visas and for transporting them to the employer's farm could constitute an unlawful deduction. 781 F. Supp. 2d 183, 197 (W.D.N.Y. 2011). As these cases recognize and as the Court held when it denied Hearst's first motion to dismiss, the salient question under Section 193 is whether the payment is *for the benefit of the employer* – not whether it is *paid to the employer*.

### B. The Fact that Hearst Failed to Pay Interns Wages Cannot Bar the Deductions Claim.

Hearst argues that the Deductions Claim must fail because it only applies to payments from wages and Hearst did not pay *any* wages to interns. Def.'s Br. at 6-7. Hearst's argument conflicts with the language of Section 193, which applies not just to direct payments from wages but also to indirect payments "by separate transaction." N.Y. Lab. Law § 193(2). Moreover, its argument makes no sense because it would mean that an employer who unlawfully fails to pay its workers *any wages* can never be held liable under Section 193(2).

The cases on which Hearst relies are not applicable. In *Hudacs v. Frito-Lay, Inc.*, the New York Court of Appeals held that the deductions claim failed because the money at issue – funds collected from customers – belonged to the company and thus could not be construed as belonging to the workers. 90 N.Y.2d 342, 344-45, 348 (1997) ("The payments at issue are not in any sense charges or deductions from wages; rather, these payments merely represent full remittance of company funds temporarily entrusted to the employee's control, which the company has every right to expect will be fully remitted. *It is this element of extended control over funds belonging to the company outside of a discrete workplace that distinguishes this case . . . .*") (emphasis added); *see Wang*, 2012 WL 2864524, at *3 n.2 ("Unlike in *Hudacs*, where it was perfectly clear that the payments alleged to be deductions were actually payments to which the employer was entitled, here it is not clear whether Hearst benefited from its policy that required students to purchase academic credits."). Similarly, in *Epifani v. Johnson*, there was

4

also no question that money that the employer demanded – petty cash – belonged to her and not to her employee. 65 A.D.3d 224, 229, 237 (N.Y. App. Div. 2d Dep't 2009). Here, however, the money that Hearst required interns to pay to academic institutions to obtain credit was their own and not Hearst's.

*Chenensky v. New York Life Ins. Co.*, which the court decided on a motion for summary judgment after discovery, involved a discreet issue not applicable here as to whether the employee's commissions were "earned" at the time that the deductions were made, or were still being computed under an agreement that permitted the deductions and thus belonged to the employer. *See* Nos. 07 Civ. 11504, 09 Civ. 3210, 2012 WL 234374, at *4-5 (S.D.N.Y. Jan. 10, 2012). *Dean Whitter Reynolds v. Ross* involved the same issue – there, the evidence established that the incentive compensation from which the employer made deductions did not "become earned" until after the deductions were made in accordance with the incentive compensation plan. 75 A.D.2d 373, 381 (App. Div. 1st Dep't 1980). *In re Starbucks Employee Gratuity Litigation* is also inapplicable. 264 F.R.D. 67 (S.D.N.Y. 2009). In that case, the employees alleged that the employer's policy of dividing customer tips among the service staff constituted an unlawful deduction from the coffee baristas' wages. *Id*. at 73. However, the tips did not belong exclusively to the baristas – they were placed by customers in a tip jar. *See id*. at 70. Moreover, the New York Labor Law specifically authorized the employer to distribute tips to all tip-eligible employees and the court held that the employees to whom the employer distributed tips were eligible. *Id*. at 72-73.

      C.      **As the Court Already Held, Discovery Is Required to Determine Whether Hearst Benefitted from the Credit Requirement.**

The Court correctly identified the pertinent question – whether Hearst's credit requirement benefited it – and recognized that discovery is required in order to answer this

question. *See Wang*, 2012 WL 2864524, at *3 n.2. Hearst argues that whether it benefited does not matter, *see* Def.'s Br. at 7, but that flies in the face of Section 193. *See Hudacs*, 90 N.Y.2d at 347 (claim was meant to prohibit deductions "for the benefit of the employer"); N.Y. Lab. Law § 193(1) and (2) (authorizing deductions only if they benefit the employee). In the same breath, Hearst argues that it did not benefit, but, as the Court correctly held, that is a fact question. *See Wang*, 2012 WL 2864524, at *3 n.2. In fact, discovery to date suggests just the opposite – that Hearst viewed its credit requirement as insulating it from charges that its intern program violated federal and New York wage and hour laws. *See* Bien Decl. Ex. B ("Receipt of college credit ensures that students receive something of monetary value related to college tuition. This is a critical element to staying on the right side of labor law."). Plaintiffs anticipate that further discovery will show that, contrary to Hearst's contention, interns were burdened, not benefited, by the credit requirement.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's Motion for Partial Judgment on the Pleadings.

Dated: New York, New York
December 7, 2012

Respectfully submitted,

By: */s/ Rachel Bien*
Rachel Bien
**OUTTEN & GOLDEN LLP**
Adam T. Klein
Rachel Bien
Juno Turner
Elizabeth H. Wagoner
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

***Attorneys for Plaintiffs and the Putative Class***