IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XUEDAN WANG and ERIN SPENCER, on behalf of themselves and all others similarly situated,<br><br>                  Plaintiff,<br><br>v.<br><br>THE HEARST CORPORATION,<br><br>                  Defendant. | **ECF**<br>12-cv-00793 (HB)(AJP) |

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

Plaintiffs focus their opposition to Hearst's motion on the misplaced notion that their "deductions" claim may survive a motion for judgment on the pleadings if there is a factual issue as to whether Hearst benefitted from a policy of requiring college credit for internships. Plaintiffs put the cart before the horse. A deductions claim requires first and foremost a deduction; Hearst's motion is accordingly centered on whether the conduct alleged by plaintiffs can constitute a deduction as a matter of law. The factual question of whether Hearst benefitted from the alleged deduction is irrelevant to this motion, because plaintiffs' claim fails as a matter of law before ever reaching the benefit issue.[1] Requiring academic credit does not impose a deduction from wages, and Hearst is entitled to judgment on this claim as a matter of law.

---

[1] Plaintiffs' submission of a document outside of the pleadings (Bien Decl. Ex. B) – purportedly to show the import of whether Hearst benefitted – is wholly inappropriate on a motion for judgment on the pleadings. While under Fed. R. Civ. P. 12(d), the court may consider matters outside the pleadings and treat a motion under Fed. R. Civ. P. 12(c) as a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Conversion to summary judgment is unnecessary here, however, because, as described herein, there is no need to reach the question of who benefitted, and no reason to look beyond the pleadings to dismiss the claim under

**ARGUMENT**

I     **THE ALLEGED ACADEMIC CREDIT REQUIREMENT IS NOT A DEDUCTION PROHIBITED UNDER LABOR LAW SECTION 193(2).**

Section 193 of the New York Labor Law prohibits employer direct and indirect deductions from the wages of employees, with certain exceptions. N.Y. Lab. Law § 193 (Consol. 2012). Indirect deductions are prohibited under subdivision two of Section 193, which prohibits employers from making "any charge against wages, or requir[ing] an employee to make any payment by separate transaction unless such charge or payment is permitted as a deduction from wages under the provisions of subdivision one of this section." N.Y. Lab. Law § 193(2) (Consol. 2012).[2] The statute and cases that apply it are clear: a deductions claim requires that employees incur a cost that would otherwise have been incurred by the employer. (Hearst Moving Br. at 3-4). In other words, a cost must be shifted from the employer to the employee.[3] Here, there is no allegation that Hearst would have ever paid for college credits for employees. The deductions claim fails as a matter of law because there is no expense paid by class members that would otherwise have been paid by Hearst.

Consistent with the law cited in Hearst's moving papers, the cases relied on by plaintiffs show that a deductions claim must be premised on an expense that the employer would have

---

Section 193. Plaintiffs' emphasis on the question of benefit and their submission of the document outside the pleadings is merely an attempt to distract from the fundamental legal deficiency of the claim.

[2] Plaintiffs state that the language of Section 193(2) "extends to 'all payments'" (Pls.' Br. at 2 n.1), but this is a misstatement of the statutory language.

[3] *See Hudacs v. Frito-Lay, Inc.*, 90 N.Y.2d 342, 349 (1997) ("Section 193 was intended to place the risk of loss for such things as damaged or spoiled merchandise on the employer rather than the employee."). Plaintiffs misread the Court of Appeals' decision in *Hudacs*, which, in construing the term "payment by separate transaction" under Section 193(2), held that the term was not distinct from "payments from wages", but quite the opposite "refer[red] only to payments from wages." *Id.* at 348; *see* Pls.' Br. at 4. Thus, under *Hudacs*, Section 193(2) does not apply to payments that are "unrelated to and independent from the payment of wages," 90 N.Y.2d at 344, such as the alleged payments that Plaintiffs make to colleges here.

incurred were it not paid by the employee. (Pls.' Br. at 3-4) (citing *Ting Yao Lin v. Hayashi Ya II, Inc.*, No. 08 Civ. 6071(SAS)(AJP), 2009 WL 289653, at *5 (S.D.N.Y. Jan. 30, 2009) (approving plaintiffs' request for payment of cost of buying and maintaining bicycles used to deliver food); *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 292-93 (S.D.N.Y. 2011) (evaluating claim for failure to reimburse costs of purchasing, cleaning, and maintaining uniforms); *Ayres v. 127 Restaurant Corp.*, 12 F. Supp. 2d 305, 310 (S.D.N.Y. 1998) (same); *Salazar-Martinez v. Fowler Bros., Inc.*, 781 F. Supp. 2d 183, 186-87, 197 (W.D.N.Y. 2011) (involving the costs associated with hiring foreign workers). Unlike the instant case, the employers in these cases placed the burden of expenses that the employers would have borne on their employees.[4] Plaintiffs' allegation that a prerequisite that students receive college credit for their internships can somehow be twisted into a deduction from wages is without support in law or logic. Simply put, there is no allegation that, but for the tuition payments made by plaintiffs to receive college credits toward their degrees, Hearst would have incurred the costs of such credits.

## II   PLAINTIFFS MISAPPREHEND THE NATURE OF HEARST'S PREVIOUS MOTION TO STRIKE AND THE DECISION ON THAT MOTION.

In its July 12, 2012 Order denying Hearst's motion to strike the class and collective action allegations, the Court did not hold, as plaintiffs mischaracterize it, that "whether Hearst's credit requirement constitutes a deduction 'is a factual question that is not appropriate for a motion to dismiss.'" (Pls.' Br. at 1 (citing *Wang v. Hearst Corp.*, No. 12 Civ. 793, 2012 WL 2864524, at *3 n.2).) Removing Plaintiffs' selective quoting of that decision, the "factual

---

[4] Further revealing of the unprecedented and unsupportable nature of plaintiffs' deductions claim, neither *Copantitla* nor *Ayres* involved claims under Section 193. Moreover, while *Salazar-Martinez* nominally involved a claim under Section 193, that claim was primarily based on alleged unlawful kickbacks under New York Labor Law Section 198-b(2).

question" identified by the Court actually was "whether Hearst benefited from its policy of having interns pay for college credits . . . ." *Wang*, 2012 WL 2864524, at *3 n.2. As described above, this factual question is irrelevant on the instant motion because the alleged academic credit requirement is not a deduction from wages.[5] Hearst accordingly is entitled to judgment on the pleadings.

## CONCLUSION

For all of the foregoing reasons, defendant's motion for partial judgment on the pleadings should be granted, and the Court should enter judgment for Hearst as a matter of law on Count Seven of the Third Amended Complaint.

Respectfully submitted,

Dated: December 13, 2012			HEARST CORPORATION

/s/ Mark W. Batten
Mark W. Batten
Andrew E. Rice
Proskauer Rose LLP
One International Place
Boston, MA 02110-2600
(617) 526-9850
Email: mbatten@proskauer.com

Eve B. Burton
Jonathan R. Donnellan
Kristina E. Findikyan
Courtenay B. O'Connor
300 W. 57th Street
New York, NY 10019
(212) 841-7000
(212) 554-7000 fax
Email: jdonnellan@hearst.com

---

[5] Notably, however, the recent amendment to Section 193, which clarifies the narrow scope of the prohibition by enumerating several new permissible deductions, includes tuition payments as one such permissible deduction, suggesting that such payments are, in fact, for the benefit of the employee. N.Y. Lab. Law §193(1) (Consol. 2012).

*Attorneys for Defendant Hearst Corporation*

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party to this action by operation of the Court's ECF filing system, this 13th day of December, 2012.

/s/Mark W. Batten
Mark W. Batten