UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

XUEDAN WANG, on behalf of herself and all
others similarly situated,

                              Plaintiff,

        - against -

THE HEARST CORPORATION,

                              Defendant.

---------------------------------------------------------------x

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-19-12
```

12 CV 793 (HB)

**OPINION & ORDER**

**Hon. HAROLD BAER, JR., District Judge:**

        Before the Court is Plaintiffs' letter motion to order Defendant Hearst Corporation ("Defendant") to produce discovery related to the affirmative defense of good faith. For the reasons set forth below, Plaintiffs' motion is GRANTED with a caveat.

## Background

        The Third Amended Complaint ("TAC") alleges that Hearst used unpaid or underpaid interns at 20 magazines to complete tasks necessary to its operations in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by denying them minimum wages, overtime wages, and spread-of-hour wages and by taking unlawful deductions under NYLL. TAC ¶¶ 1-4, 57-58. The TAC proposes two classes: (1) an Intern Class comprised of unpaid and underpaid interns, *id.* ¶¶ 32-42, and (2) a Deductions Class comprised of interns who received college credit for their internships, on the theory that the students' payments to their colleges for that credit amounted to an unlawful deduction from their wages, *id.* ¶¶ 43-53. Previously, the Court granted conditional certification of these two classes and denied Defendant's motion to strike the class and collective allegations under the FLSA and NYLL. *Wang v. Hearst Corp.*, No. 12 Civ. 793, 2012 WL 2864524 (S.D.N.Y. July 12, 2012), *recons. denied*, 2012 WL 3642410 (S.D.N.Y. Aug. 24, 2012).

        Defendant has raised various affirmative defenses in its Answer, including the Third Affirmative Defense of "good faith" at issue here, which is the defense that no "liquidated or penalty damages" apply because Defendant had "acted at all times on the basis of a good faith and reasonable belief that it had complied fully with all applicable laws . . . . administrative

regulations and/or guidance and/or interpretations issued by the U.S. Department of Labor and the New York State Department of Labor." Answer to TAC 13. In turn, Section 260 of the FLSA provides that "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act . . . the court may, in its sound discretion, award no liquidated damages . . . ." 29 U.S.C. § 260.

In a letter on November 20, 2012, Plaintiffs informed the Court that Defendant had refused Plaintiffs' discovery request with respect to Defendant's in-house counsel's emails, even though Defendant recently indicated that it would continue to rely on the affirmative defense of good faith. Plaintiffs requested the Court to order Defendant to produce these emails so that Plaintiffs could have "a full opportunity to rebut Defendant's showing of good faith, including [] evidence on which Defendant does not itself rely." Defendant responded on November 27, 2012, asking the Court to deny Plaintiffs' motion "to produce communications protected by attorney-client privilege," arguing that Defendant would "not rely, directly or indirectly, on legal advice for its good-faith defense in this case" and that it had offered to so stipulate. Defendant also argued that Plaintiff's demand at this stage was premature and that the Court could "revisit the issue should Hearst rely on such advice in briefing on summary judgment or otherwise."

### Discussion

According to the Second Circuit, "[i]t is well settled that '[t]he burden of establishing the existence of an attorney-client privilege, in all of its elements, rests with the party asserting it.'" *In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir. 2000) (quoting *United States v. Int'l Bhd. of Teamsters*, 119 F.3d 210, 214 (2d Cir.1997)). In particular, the Second Circuit "has recognized that implied waiver may be found where the privilege holder 'asserts a claim that *in fairness* requires examination of protected communications.'" *In re Grand Jury*, 219 F.3d at 182 (quoting *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991)) (emphasis added in the original). "The key to a finding of implied waiver . . . is some showing by the party arguing for a waiver that the opposing party *relies* on the privileged communication as a claim or defense or as an element of a claim or defense." *In re County of Erie*, 546 F.3d 222, 228 (2d Cir. 2008).

Defendant contends that the attorney-client privilege applies because its good faith defense would not rely on "legal advice," citing court cases from other circuits for the proposition that "[t]here are many ways to establish good faith under the FLSA that do not

2

involve the advice of counsel." Not so here. In *Bilzerian*, for instance, the Second Circuit squarely rejected the defendant's argument that there was no waiver because "the testimony he sought to introduce regarding his good faith . . . would not have disclosed the content or even the existence of any privileged communications or asserted a reliance of counsel advice." 926 F.2d at 1291. The Circuit reasoned that the waiver principle was nonetheless applicable because the defendant's "testimony that he thought his actions were legal would have put his knowledge of the law and the basis of his understanding of what the law required in issue," and that "[h]is conversations with counsel regarding the legality of his schemes would have been directly relevant in determining the extent of his knowledge and, as a result, his intent." *Id.* at 1292. More recently, the Circuit has reaffirmed the position that "the assertion of a good-faith defense involves an inquiry into state of mind, which typically calls forth the possibility of implied waiver of the attorney-client privilege." *In re County of Erie*, 546 F.3d at 228-29. *See also MBIA Ins. Corp. v. Patriarch Partners* VIII, LLC, No. 09 Civ. 3255, 2012 WL 2568972, at *7 (S.D.N.Y. July 3, 2012) (rejecting the contention that the waiver occurs only when a party asserts a claim or defense that he intends to prove by use of the privileged materials); *Arista Records LLC v. Lime Group LLC*, No. 06 Civ. 5936, 2011 WL 1642434, *3 (S.D.N.Y. Apr. 20, 2011) ("Defendants' assertion that *Bilzerian* does not apply because they may not be relying on advice of counsel for their good faith defense misreads the law.")

Thus, Defendant's good faith defense in this case undoubtedly raises the possibility of implied waiver, and the question before this Court is "[w]hether fairness requires disclosure" in the "specific context in which the privilege is asserted." *In re County of Erie*, 546 F.3d at 229 (quoting *In re Grand Jury*, 219 F.3d at 183). Here, Plaintiffs have submitted, for the Court consideration, a deposition of Defendant's human resources personnel indicating that the legal department, not the human resources department, would be able to answer why school credit letters were collected for unpaid interns. This is not exactly, as Plaintiffs represent in their letter, a statement that "the decision not to pay interns and to classify them as non-employees was made by Defendant's legal department." Nonetheless, in my view, Defendant's assurance that it would "limit any good faith defense to one in which the state of mind was not formed on the basis of legal advice" amounts to little more than semantics without any concrete examples provided by Defendants. On the other hand, I find it difficult to imagine that a good faith defense regarding the FLSA raised by a corporation as large and as sophisticated as Hearst would not involve the

3

advice of its legal department, and the section of the deposition provided to me confirms at least that much. The deposition, for instance, suggests that the human resources department may not itself be familiar with the reason why Defendant's magazines require interns to submit school credit letters, which raises rather than diminishes the possibility of the legal department's involvement.

Defendant's argument that an order by this Court at this juncture in the litigation is premature is a valid argument but for the fact that discovery is over next month and later would hardly be better. The other concern is privilege. The emails to be produced are obviously the ones with respect to which the privilege is waived because they bear on Defendant's state of mind, as discussed above. With respect to those emails, Defendant will produce a privilege log, and I will review the documents in camera, unless, of course, there are too many. In the latter case, I will appoint a special master at the expense of the parties. The material should all be produced by year's end. Should this create a major problem, the parties should schedule a telephone conference this week.

### Conclusion

For the reasons stated, Plaintiffs' motion is GRANTED and Defendant is ORDERED to produce the materials as discussed above.

**SO ORDERED**
**December ##, 2012**
**New York, New York**

                                   **Hon. Harold Baer, Jr.**
                                        **U.S.D.J.**