# Exhibit A

# CHAPTER 160

S. 9706                                                          A. 10554

# SENATE — ASSEMBLY

## February 20, 1974

IN SENATE—Introduced by Sens. LEVY, WARDER—(at request of the Department of Labor)—read twice and ordered printed, and when printed to be committed to the Committee on Labor

IN ASSEMBLY—Introduced by Mr. REILLY—Multi-Sponsored by—Messrs. CAPUTO, CARROLL, G. A. MURPHY, SPCHIN, LILIK, S. POSNER—read once and referred to the Committee on Labor

# AN ACT

Not

To amend the labor law, in relation to deductions from wages

Compared by

Approved

NEW YORK STATE LIBRARY

MICROFILMED

Date

No. of printed bills

No. of exposures        17

CHAPTER *160*

S. 8706

A. 10554

# SENATE—ASSEMBLY

### February 20, 1974

IN SENATE—Introduced by Sens. LEVY, WARDER—(at request of the Department of Labor)—read twice and ordered printed, and when printed to be committed to the Committee on Labor

IN ASSEMBLY—Introduced by Mr. REILLY—Multi-Sponsored by Messrs. CAPUTO, CARROLL, G. A. MURPHY, SUCHIN, LILLI, S. POSNER—read once and referred to the Committee on Labor

# AN ACT

*Not*  To amend the labor law, in relation to deductions from wages

*Compared by*

*Approved*

NEW YORK STATE LIBRARY

MICROFILMED

Date.................

No. of printed bills ............. 1

No. of ................. 17

CALENDER NO. 476

# STATE OF NEW YORK

S. 8706                                                         A. 10554

# SENATE — ASSEMBLY

3 & Passed on

MAR 5 - 1974

is of SENATORS

February 20, 1974

IN SENATE

MAR 5 - 1974

To Committee of Whole

IN SENATE—Introduced by Sens. LEVY, WARDER—(at request of the Department of Labor)—read twice and ordered printed, and when printed to be committed to the Committee on Labor

IN ASSEMBLY—Introduced by Mr. REILLY—Multi Sponsored by—Messrs. CAPUTO, CARROLL, G. A. MILLER, LILL, S. POSNER—read once and referred to the Committee on Labor

IN SENATE

MAR 6 - 1974

To Third Reading

## AN ACT

To amend the labor law, in relation to deductions from wages

*The People of the State of New York, represented in Senate and Assembly, do enact as follows:*

1   Section 1. Subdivision two of section one hundred ninety-three of

2   the labor law is hereby renumbered to be subdivision three, and

3   such section is hereby amended by inserting therein a new sub-

4   division two, to read as follows:

5   *2. No employer shall make any charge against wages, or require*

6   *an employee to make any payment by separate transaction unless*

7   *such charge or payment is permitted as a deduction from wages*

8   *under the provisions of subdivision one of this section.*

9   § 2. This act shall take effect on the first day of October next

10  succeeding the date on which it shall have become a law.

EXPLANATION — Matter in *italics* is new; matter in brackets [ ] is old law to be omitted.

CALENDER NO. 47

# STATE OF NEW YORK

S. 8706                                                    A. 10554

# SENATE — ASSEMBLY

February 20, 1974

IN SENATE

MAR 5 — 1974

To Committee of Whole

d & Placed on

02/2 4 - 1974

ks of SENATORS

IN SENATE—Introduced by Sens. LEVY, WARDER—(at request of the Department of Labor)—read twice and ordered printed, and when printed to be committed to the Committee on Labor

IN ASSEMBLY—Introduced by Mr. REILLY—Multi Sponsored by—Messrs. CAPUTO, CARROLL, G. A. MURPHY, CATE, LILL, S. POSNER—read once and referred to the Committee on Labor.

IN SENATE

MAR 6 - 1974

To Third Reading

## AN ACT

To amend the labor law, in relation to deductions from wages

*The People of the State of New York, represented in Senate and Assembly, do enact as follows:*

1  Section 1. Subdivision two of section one hundred ninety-three of

2  the labor law is hereby renumbered to be subdivision three, and

3  such section is hereby amended by inserting therein a new sub-

4  division two, to read as follows:

5  *2. No employer shall make any charge against wages, or require*

6  *an employee to make any payment by separate transaction unless*

7  *such charge or payment is permitted as a deduction from wages*

8  *under the provisions of subdivision one of this section.*

9  § 2. This act shall take effect on the first day of October next

10  succeeding the date on which it shall have become a law.

EXPLANATION — Matter in *italics* is new; matter in brackets [ ] is old law to be omitted.

DATE PASSED 3/16  DATE SOLICITED 3/28  BILL # S-8206

Reprint _____

| | |
|---|---|
| Lt. Governor | Judicial Conference |
| Attorney General | Law Revision Comm. |
| Comptroller | NYS Bar Association |
| Secretary to the Governor | NYS Trial Lawyers Assn. |
| Budget | Assn. of Bar of N.Y.C. |
| Planning Services | Bar Assn. of _____ |
| Sponsor | _____ County |
| | District Attorneys Assoc |
| Adirondack Park Agency | NY Civil Liberties Union |
| Aging | |
| Agriculture & Markets | County Judges Assn. |
| Architecture | Family Court Judges |
| Arts | Magistrates Assn. |
| Atomic & Space Development | Supreme Court Justices |
| Banking | Surrogates Assn. |
| Cable Television Comm. | |
| Civil Service | |
| Commerce | AFL-CIO |
| Consumer Protection Board | Associated Industries |
| Correctional Services | Commerce & Industry Assn |
| Crime Victims Compensation | Community Serv. Society |
| Criminal Justice Services | |
| Dormitory Authority | Assn. of Towns |
| Education Department | County Officers Assn. |
| Employee Relations | Conference of Mayors |
| Environmental Conservation | Big Six Mayors |
| Equalization & Assessment | |
| General Services | Mayor _____ |
| Health | |
| Health & Men.Hyg.Fac.Imp.Corp. | |
| Housing & Community Renewal | Town Sup. _____ |
| Housing Finance Agency | |
| Human Rights | |
| Insurance Department | Co. Leg. _____ |
| Job Development | |
| Labor | |
| Local Government | Co. Atty. _____ |
| Mental Hygiene | |
| Metroplitan Transp. Auth. | |
| Military & Naval Affairs | Co. Exec. _____ |
| Mortgage Agency | |
| Motor Vehicles | |
| Municipal Bond Bank Agency | Temp. State Com. on: |
| Narcotic Addiction Control | |
| Parks & Recreation | |
| Pension Commission | Joint Leg. Com. on: |
| Port Authority | |
| Power Authority | |
| Probation | |
| Public Employment Rel. Bd. | |
| Public Service | |
| Racing & Wagering Board | |
| Social Services | |
| Social Welfare, Bd. of | |
| State Department | |
| State Investigation Comm. | |
| State Liquor Authority | |
| State Police | |
| State University | |
| Taxation & Finance | |
| Thruway Authority | |
| Transportation | |
| Urban Development Corp. | |
| Veterans' Affairs | |
| Waterfront Commission | |
| Welfare Inspector General | |
| Workmen's Comp. | |
| Youth | |

Supplemental Sheet 4

BILL # S - 8706

Section 4

## LABOR

X  Amalgamated Clothing Workers of America
Amalgamated Transit Union, AFL-CIO. Div.1131
American Arbitration Association
X  American Civil Liberties Union
American Federation of State, County & Municipal
        Employees, AFL-CIO
Association of American Railroads
Brotherhood of Locomotive Engineers
Brotherhood of Maintenance of Way Employees
Brotherhood of Railroad Trainmen
Brotherhood of Railway, Airlines & S.S. Clerks
Civil Service Employees Association, Inc.
Council 50 - American Federation of State,
        County & Municipal Employees, AFL-CIO
X  Council 37 - A.F.S.C.M.E.
X  International Brotherhood of Teamsters,
                        Joint Council #16
International Longshoremens Assn., AFL-CIO
X  New York City Central Labor Council
N.Y.S. Advisory Council on Employment and
                        Unemployment Insurance
N.Y.S. Division of Employment (Labor Dept.)
X  N.Y.S. Labor Relations  Board
N.Y.S. Mediation Board
X  N.Y.S. Council of Hotel, Restaurant Employees
                Bartenders International Union-AFL-CIO
Port Watchmen's Union I.W.A., Local 1456
Security Unit Employees Council 82
Transport Workers Union of America, AFL-CIO
Uniformed Sanitationmen's Association
United Transportation Union

S 8706

APR 2

THE SENATE
STATE OF NEW YORK
ALBANY 12224

NORMAN J. LEVY
8TH DISTRICT
CHAIRMAN
COMMITTEE ON LABOR

DISTRICT OFFICE
3303 RAILROAD AVENUE
WANTAGH, NEW YORK
TEL.(516)785-8405

March 27, 1974

Honorable Michael Whiteman
Executive Chamber
State Capitol
Albany. New York

Dear Mike:

Enclosed is Senate bill No. 8706 and
accompanying memorandum.

This bill is awaiting the Governor's
signature and I respectfully urge that
positive action be taken on this bill.

Best wishes and kindest personal
regards.

Sincerely,

NORMAN J. LEVY
Senator - 8th District

encl
NJL/ah

04

LBM #12-74

February 11, 1974

Senate No. _____

Assembly No. _____

## M E M O R A N D U M

AN ACT to amend the labor law, in
relation to deductions from wages

### Purpose of Bill:

To prohibit wage deductions by indirect means where direct deductions would
violate the statute.

### Summary of provisions of bill:

The bill amends Section 193 of the Labor Law to make unlawful the deduction of
wages by indirect means where such deductions would not be permitted under the
provisions of Section 193, subd. 1.

### Statements in support of Bill:

The Labor Department has encountered many instances where a prospective or current
employee has been required, as a condition of obtaining or continuing in employ-
ment, to agree to reimburse the employer for monetary loss which the employer
may deem attributable to him.  For example, an employee whose duties involve the
regular handling of cash may "agree" that after receiving his full pay he will
reimburse the employer for any shortages found in his account.  Likewise in
relation to breakage, spoilage or damage of the employer's equipment.  A direct
deduction from wages to satisfy this type of arrangement would violate Section 193
since it is neither specifically authorized nor encompassed under the catch-all
clause in the section "similar payments for the benefit of the employee."
(Emphasis supplied)  Since, in most instances, agreements to reimburse the employer
by separate transaction are in no sense voluntary, the Labor Department has been
administratively ruling such arrangements to be unlawful, i.e., an attempt to do
indirectly what cannot be done directly.  A 1970 decision of the New Jersey
Superior Court, Appellate Division, directly supports this interpretation.  (Male
v. Acme Markets, Inc., 62 Labor Cases, Par. 52, 292, 1970.)  This bill, by
codifying the Department's position and giving it statutory force and effect,
would eliminate unnecessary litigation.

### Budgetary Implications:

The Labor Department's Division of Labor Standards is prepared to absorb the
additional costs involved until sufficient experience is gained to make an
assessment of the increased workload.

LDM #12-74

February 13, 1974

Senate No.

Assembly No.

M E M O R A N D U M

AN ACT to amend the labor law, in
relation to deductions from wages

Purpose of Bill:

To prohibit wage deductions by indirect means where direct deductions would
violate the statute.

Summary of provisions of bill:

The bill amends Section 193 of the Labor Law to make unlawful the deduction of
wages by indirect means where such deductions would not be permitted under the
provisions of Section 193, subd. 1.

Statements in support of Bill:

The Labor Department has encountered many instances where a prospective or current
employee has been required, as a condition of obtaining or continuing in employ-
ment, to agree to reimburse the employer for monetary loss which the employer
may deem attributable to him.  For example, an employee whose duties involve the
regular handling of cash may "agree" that after receiving his full pay he will
reimburse the employer for any shortages found in his account.  Likewise in
relation to breakage, spoilage or damage of the employer's equipment.  A direct
deduction from wages to satisfy this type of arrangement would violate Section 193
since it is neither specifically authorized nor encompassed under the catch-all
clause in the section "similar payments for the benefit of the employee."
(Emphasis supplied)  Since, in most instances, agreements to reimburse the employer
by separate transaction are in no sense voluntary, the Labor Department has been
administratively ruling such arrangements to be unlawful, i.e., an attempt to do
indirectly what cannot be done directly.  A 1970 decision of the New Jersey
Superior Court, Appellate Division, directly supports this interpretation.  (Male
v. Acme Markets, Inc., 62 Labor Cases, Par. 52, 292; 1970.)  This bill, by
codifying the Department's position and giving it statutory force and effect,
would eliminate unnecessary litigation.

Budgetary Implications:

The Labor Department's Division of Labor Standards is prepared to absorb the
additional costs involved until sufficient experience is gained to make an
assessment of the increased workload.

APR 1 REC'D                          5 8706

OFFICE OF

# THE INDUSTRIAL COMMISSIONER

## ALBANY

March 28, 1974

DEPARTMENT OF LABOR

SENATE            8706              Introduced by Sens. Levy, Wardet

RECOMMENDATION:   Approval

STATUTE INVOLVED: Labor Law, § 193, subd. 2

EFFECTIVE DATE:   October 1, 1974

DISCUSSION:

1. Purpose of bill:

   To prohibit wage deductions by indirect means where direct deductions would
   violate the statute.

2. Summary of provisions of bill:

   The bill amends Section 193 of the Labor Law to make unlawful the deduction of
   wages by indirect means where such deductions would not be permitted under the
   provisions of Section 193, subd. 1.

3. Prior legislative history:

   None.

4. Known position of others respecting bill:

   Not known.

5. Budget implications:

   The Labor Department's Division of Labor Standards is prepared to absorb the
   additional costs involved until sufficient experience is gained to make an
   assessment of the increased workload.

6. Statements in support of bill:

   The Labor Department has encountered many instances where a prospective or current
   employee has been required, as a condition of obtaining or continuing in employ-
   ment, to agree to reimburse the employer for monetary loss which the employer may
   deem attributable to him.  For example, an employee whose duties involve the
   regular handling of cash may "agree" that after receiving his full pay he will
   reimburse the employer for any shortages found in his account, likewise in
   relation to breakage, spoilage or damage of the employer's equipment.  A direct
   deduction from wages to satisfy this type of arrangement would violate Section 193

63

APR 1 REC'D

S 8706

OFFICE OF

THE INDUSTRIAL COMMISSIONER

ALBANY

March 28, 1974

DEPARTMENT OF LABOR

SENATE                   8706                    Introduced by Sens. Levy, Warder

RECOMMENDATION:          Approval

STATUTE INVOLVED:        Labor Law, § 193, subd. 2

EFFECTIVE DATE:          October 1, 1974

DISCUSSION:

1.  Purpose of bill:

    To prohibit wage deductions by indirect means where direct deductions would
    violate the statute.

2.  Summary of provisions of bill:

    The bill amends Section 193 of the Labor Law to make unlawful the deduction of
    wages by indirect means where such deductions would not be permitted under the
    provisions of Section 193, subd. 1.

3.  Prior legislative history:

    None.

4.  Known position of others respecting bill:

    Not known.

5.  Budget implications:

    The Labor Department's Division of Labor Standards is prepared to absorb the
    additional costs involved until sufficient experience is gained to make an
    assessment of the increased workload.

6.  Statements in support of bill:

    The Labor Department has encountered many instances where a prospective or current
    employee has been required, as a condition of obtaining or continuing in employ-
    ment, to agree to reimburse the employer for monetary loss which the employer may
    deem attributable to him. For example, an employee whose duties involve the
    regular handling of cash may "agree" that after receiving his full pay he will
    reimburse the employer for any shortages found in his account. Likewise in
    relation to breakage, spoilage or damage of the employer's equipment. A direct
    deduction from wages to satisfy this type of arrangement would violate Section 193

03

DEPARTMENT OF LABOR                    - 2 -                    March 28, 1974

SENATE                8706

since it is neither specifically authorized nor encompassed under the catch-all
clause in the section "similar payments for the benefit of the employee."
(Emphasis supplied). Since, in most instances, agreements to reimburse the
employer by separate transaction are in no sense voluntary; the Labor Department
has been administratively ruling such arrangements to be unlawful, i.e., an
attempt to do indirectly what cannot be done directly. A 1970 decision of the
New Jersey Superior Court, Appellate Division, directly supports this interpre-
tation. (Male v. Acme Markets, Inc., 62 Labor Cases, Par. 52, 292; 1970.)
This bill, by codifying the Department's position and giving it statutory force
and effect, would eliminate unnecessary litigation.

7.  Objections to the bill:

    Employers may argue that when employees are held accountable for cash shortages
    or damage to equipment they tend to be more honest in their handling of cash
    and more careful in their handling of equipment.

8.  Reasons for recommendations:

    See "6" above.

                                    Louis L. Levine
                                    Industrial Commissioner

                                    4.

DEPARTMENT OF LABOR                    - 2 -                March 28, 1974

SENATE            8706

since it is neither specifically authorized nor encompassed under the catch-all
clause in the section "similar payments for the benefit of the employee."
(Emphasis supplied) Since, in most instances, agreements to reimburse the
employer by separate transaction are in no sense voluntary, the Labor Department
has been administratively ruling such arrangements to be unlawful, i.e., an
attempt to do indirectly what cannot be done directly. A 1970 decision of the
New Jersey Superior Court, Appellate Division, directly supports this interpre-
tation. (Male v. Acme Markets, Inc., 62 Labor Cases, Par. 52, 292; 1970.)
This bill, by codifying the Department's position and giving it statutory force
and effect, would eliminate unnecessary litigation.

7.   Objections to the bill:

Employers may argue that when employees are held accountable for cash shortages
or damage to equipment they tend to be more honest in their handling of cash
and more careful in their handling of equipment.

8.   Reasons for recommendations:

See "6" above.

Louis L. Levine
Industrial Commissioner

04

APR 5 REC'D

MEMORANDUM

Department of Commerce

April 4, 1974

SENATE
8706

Introduced by
Mr. Levy

RECOMMENDATION: The Department of Commerce has no objection to this bill.

STATUTE INVOLVED: Labor Law.

EFFECTIVE DATE: October 1, after it shall become law.

DISCUSSION:

1. Purpose of bill: To amend the Labor Law by renumbering subdivision 2 of Section 193 to be subdivision 3, and by inserting a new subdivision, to be subdivision 2, to protect employees from indirect illegal wage deductions.

2. Summary of provisions: Employers are denied the right to make any charge against wages, or to require an employee to make any payment by separate transaction unless said charge or payment is permitted under the provisions of subdivision 1 of Section 193 of the Labor Law.

3. Prior legislative history: None.

4. Known position of others: This is a Labor Department sponsored bill. Associated Industries and the Empire State Chamber of Commerce take no position, while the New York Chamber of Commerce & Industry has no objection to it.

5. Budget implications: Unknown.

6. Arguments in support: The bill would prohibit the deduction for wages, by indirect means, where such deduction by direct means would violate the law. It would codify present administrative interpretation.

7. Arguments in opposition: Unknown.

05

Commissioner

Form B-201(a)  (4/69)    BUDGET REPORT ON BILLS    APR 2   REC'D   Session Year ___1973___

**Senate**
No. 8706

Introduced by:
Senators Levy, Warder

Assembly
No.

Law: Labor

Subject and Purpose (Brief Recapitulation): Effective October 1, 1974, this
bill would prohibit indirect deductions against employees' wages where
direct deductions are violations of present Labor Law.

Division of the Budget recommendation on the above bill:

Approve: __X__    Veto: _____    No Objection: _____    No Recommendation: _____

This bill is identical to ( X ) very similar to ( ).

_____ Department of Labor _____  No. _12_ which
                        (department or agency)

was submitted as a departmental bill this year. The points made in our earlier
analysis of the departmental bill are still valid and our recommendation is
unchanged.

(If the very similar category is checked, list below the changes contained in the
bill as passed and discuss them to the required extent.)

6

Date: __March 28, 1974__    Examiner: __George Mitchell__
Witness: _____ Assistant Chief Budget Examiner (Management)

Chp 160

TOK

S. 8706

## FRENCH, FINK, MARKLE & McCALLION
### COUNSELLORS AT LAW
110 EAST 42ND STREET
NEW YORK, N.Y. 10017

HARRY R. FRENCH (1906-1962)
JOSEPH G. FINK (1937-1969)
JOSEPH MARKLE
DONALD G. McCALLION
ROBERT J. FINK
FRED P. ELLISON

FRANCIS J. KILKELLY
MAX BELIT

TELEPHONE
OXFORD 7-0830

April 3, 1974

Hon. Michael Whiteman
Executive Chamber
State Capitol
Albany, New York 12224

Re: S. 8706

Dear Sir:

As counsel to the Building Industry Employers
of New York State and the Building Trades Employers'
Association of the City of New York, which associa-
tions have for their membership approximately 2700
building construction contractors doing business
throughout the state, we write to advise you that
the associations we represent approve of the
provisions of the above bill which was introduced
by Senators Lavy and Warder, and which has now
passed both Houses of the Legislature.

We trust that the Governor will see fit to
sign this bill into law.

Respectfully,

FRENCH, FINK, MARKLE & McCALLION

Chp. 16b

10K

S. 8706

# FRENCH, FINK, MARKLE & McCALLION
COUNSELLORS AT LAW
110 EAST 42ND STREET
NEW YORK 17, N.Y.

April 3, 1974

Hon. Michael Whiteman
Executive Chamber
State Capitol
Albany, New York 12224

Re: S. 8706

Dear Sir:

As counsel to the Building Industry Employers
of New York State and the Building Trades Employers'
Association of the City of New York, which associa-
tions have for their membership approximately 2700
building construction contractors doing business
throughout the state, we write to advise you that
the associations we represent approve of the
provisions of the above bill which was introduced
by Senators Lavy and Warder, and which has now
passed both Houses of the Legislature.

We trust that the Governor will see fit to
sign this bill into law.

Respectfully,

FRENCH, FINK, MARKLE & McCALLION



**DINING ROOM EMPLOYEES UNION**

S 8706

DAVID SIEGAL
President

JORDAN POLA
Secretary-Treasurer

## LOCAL 1

Hotel & Restaurant Employees & Bartenders International Union/AFL-CIO

| 160 WEST 43rd STREET • New York, N.Y. 10036 • Tel. 212-695-3456 |

APR 8 REC'D

April 5, 1974

Mr. Michael Whiteman
Counsel to the Governor
Executive Chambers
Albany, NY

Thank you for sending me a copy of Senate-Assembly
Act S. 8706 - A. 10554, and requesting my views in
regard to this matter.

I am wholeheartedly in favor of it and fully support
the position taken by the New York State AFL-CIO.

Sincerely yours,


DAVID SIEGAL
President

DS:eg


08

S8706

# DINING ROOM EMPLOYEES UNION

## LOCAL 1

Hotel & Restaurant Employees & Bartenders International Union/AFL-CIO

140 WEST 43rd STREET  •  New York, N. Y. 10036  •  Tel. 212-695-3456

APR 8 REC'D

April 5, 1974

Mr. Michael Whiteman
Counsel to the Governor
Executive Chambers
Albany, NY

Thank you for sending me a copy of Senate-Assembly
Act S. 8706 - A. 10554, and requesting my views in
regard to this matter.

I am wholeheartedly in favor of it and fully support
the position taken by the New York State AFL-CIO.

Sincerely yours,

DAVID SIEGAL
President

DS:eg



# NEW YORK STATE AFL-CIO

WEST CLINTON HOTEL • ALBANY, N.Y. 12201 • PHONE 436-8516

RAYMOND R. CORBETT
President

LOUIS HOLLANDER
Secretary-Treasurer

## MEMORANDUM

## ENDORSE



A. 10554
Reilly, et al
Calendar No. 523

### Protects Worker Against Wrongful Wage Deductions

This bill prohibits wage deductions by indirect means where direct deductions would violate the statute.

There have been many instances where a prospective or current employee has been required, as a condition of obtaining or continuing in employment, to agree to reimburse the employer for monetary loss which the employer may deem attributable to him. For example, an employee whose duties involve the regular handling of cash may "agree" that after receiving his full pay he will reimburse the employer for any shortages found in his account. Likewise in relation to breakage, spoilage or damage of the employer's equipment.

A direct deduction from wages to satisfy this type of arrangement would violate Section 193 of the Labor Law since it is neither specifically authorized nor encompassed under the catch-all clause in the section "similar payments for the benefit of the employee." (Emphasis added)

Since, in most instances, agreements to reimburse the employer by separate transaction are in no sense voluntary, the Labor Department has been administratively ruling such arrangements to be unlawful, i.e., an attempt to do indirectly what cannot be done directly. A 1970 decision of the New Jersey Superior Court, Appellate Division, directly supports this interpretation. (Male v. Acme Markets, Inc., 62 Labor Cases, Par. 52, 292; 1970.) This bill, by codifying the Department's position and giving it statutory force and effect, would eliminate unnecessary litigation.

The bill is in the interest of the worker and we support its passage.

##

opeiu-58

Case 1:19-cv-03788-AS Document 10-1 Filed 12/21/22 Page 22 of 28



# NEW YORK STATE AFL-CIO

DE WITT CLINTON HOTEL • ALBANY, N. Y. 12201 • PHONE 434-8518

**RAYMOND R. CORBETT**  **LOUIS HOLLANDER**
President                                                    Secretary-Treasurer

# MEMORANDUM

# *ENDORSE*

1974



S. 8706
Levy

A. 10554
Reilly, et al
Calendar No. 923

## Protects Worker Against Wrongful Wage Deductions

This bill prohibits wage deductions by indirect means where direct deductions would violate the statute.

There have been many instances where a prospective or current employee has been required, as a condition of obtaining or continuing in employment, to agree to reimburse the employer for monetary loss which the employer may deem attributable to him. For example, an employee whose duties involve the regular handling of cash may "agree" that after receiving his full pay he will reimburse the employer for any shortages found in his account. Likewise in relation to breakage, spoilage or damage of the employer's equipment.

A direct deduction from wages to satisfy this type of arrangement would violate Section 193 of the Labor Law since it is neither specifically authorized nor encompassed under the catch-all clause in the section "similar payments for the benefit of the employee." (Emphasis added)

Since, in most instances, agreements to reimburse the employer by separate transaction are in no sense voluntary, the Labor Department has been administratively ruling such arrangements to be unlawful, i.e., an attempt to do indirectly what cannot be done directly. A 1970 decision of the New Jersey Superior Court, Appellate Division, directly supports this interpretation. (Male v. Acme Markets, Inc., 62 Labor Cases, Par. 52, 292; 1970.) This bill, by codifying the Department's position and giving it statutory force and effect, would eliminate unnecessary litigation.

The bill is in the interest of the worker and we support its passage.

- ## -

119

opeiu-58

S 8706

100 STATE STREET, ALBANY, NEW YORK 12207   •   PHONE: 518 / 465-3547

# Associated Industries of New York State, Inc.

APR 5 REC'D

PRINTED IN 1914

April 3, 1974

Honorable Michael Whiteman
Counsel to the Governor
Executive Chamber
State Capitol
Albany, New York   12224

Dear Mr. Whiteman:

FAVORING:   Senate 8706 (Levy, et al)
Assembly 10554 (Reilly, et al)

I have your request for our analysis, comments and recommendations concerning the above-captioned bill, which would amend the Labor Law in relation to deductions from wages.

This bill would prevent an employer from entering into an agreement with new employees to the effect that the employee will "agree" to reimburse the employer for any shortages found in the employee's account where the employee's duties involve the regular handling of cash.

We did not take a position on the bill in the Legislature and at this time have no objection to positive action by the Governor on the proposal.

I appreciate the opportunity to express our views.

Sincerely,

Joseph R. Shaw
President

JRS/lf

10

S 8706

STATE STREET, ALBANY, NEW YORK 12207 • PHONE: 518/465-3847

# Associated Industries of New York State, Inc.

APR 5 REC'D

FOUNDED IN 1914

April 3, 1974

Honorable Michael Whiteman
Counsel to the Governor
Executive Chamber
State Capitol
Albany, New York   12224

Dear Mr. Whiteman:

> FAVORING:  Senate 8706 (Levy, Warder)
>            Assembly 10554 (Reilly, et al)

I have your request for our analysis, comments and recommendations concerning the above-captioned bill, which would amend the labor law in relation to deductions from wages.

This bill would prevent an employer from entering into an agreement with new employees to the effect that the employee will "agree" to reimburse the employer for any shortages found in the employer's account where the employee's duties involve the regular handling of cash.

We did not take a position on the bill in the Legislature and at this time have no objection to positive action by the Governor on the proposal.

I appreciate the opportunity to express our views.

Sincerely,

Joseph R. Shaw
President

JRS/lf

10

3-8706



a nonprofit, nonsectarian social agency devoted to the improvement of family and community life in the city of New York since 1848

105 East 22 Street, New York, N.Y. 10010 ■ (212) 254-8900

**DEPARTMENT OF PUBLIC AFFAIRS**
ARTHUR SCHIFF
*Director*

March 28, 1974

Honorable Michael Whiteman
Counsel to the Governor
Executive Chamber
State Capitol
Albany, New York  12224

Re:   S.8282   A.9759
        S.8289   A.9766
        S.8706   A.10554
        S.7091   A.8301

Dear Mr. Whiteman:

The Committees of the Community Service Society have
not taken any position on the above bills and there-
fore will not be able to make any suggestions or
recommendations.

If there are other matters in which you believe we may
be of assistance, please feel free to call on us.

Very truly yours,

/s/ William B. Haley

William B. Haley
Public Affairs Counsel

WBH:jp

11

*Memorandum*

$ 8706



March 27, 1974

**STATE OF NEW YORK**
**EXECUTIVE CHAMBER**
**OFFICE OF EMPLOYEE RELATIONS**

MAR 27 REC'D

TO:        Michael Whiteman

FROM:      Howard A. Rubenstein

SUBJECT:   S 8706

    In response to your inquiry, this is to advise you that the Office of Employee Relations does not oppose the enactment of the above bill.

12

APR 3 REC'D

NEW YORK STATE

OFFICE OF PLANNING SERVICES

M E M O R A N D U M

TO:       Michael Whiteman, Counsel to the Governor

FROM:     Richard A. Wiebe

SUBJECT:  Senate Bill No. 8706 (Levy, Warder)

DATE:     April 1, 1974

_____

You requested our comments and recommendations concerning the above-numbered bill.

This measure does not affect the functions of this Office and we have no comment to make with respect to it.

13

S-8706

APR

TO COUNSEL TO THE GOVERNOR

RE:   SENATE  8706

ASSEMBLY

Inasmuch as this bill does not appear to involve
a legal problem nor to relate to the functions of the
Department of Law, I am not commenting thereon.  However,
if there is a particular aspect of the bill upon which
you wish comment, please advise me.

LOUIS J. LEFKOWITZ
Attorney General

Dated: March 27, 1974

14