Wayne N. Outten
Anne Golden
Adam T. Klein
Laurence S. Moy
Kathleen Peratis
Justin M. Swartz
Jack A. Raisner
Wendi S. Lazar
Carmelyn P. Malalis
Tammy Marzigliano
René S. Roupinian

Lewis M. Steel
Paul W. Mollica
Nantiya Ruan
Deirdre A. Aaron
Sally Abrahamson
*Not admitted in New York
Reena Arora
Delyanne D. Barros
Rachel M. Bien
Katherine Blostein
Molly Brooks
Cyrus Dugger
Cara E. Greene
Jennifer Liu
Ossai Miazad
Carmel Mushin
Melissa Pierre-Louis
Michael Scimone
Dana Sussman
Amber C. Trzinski
Juno Turner
Elizabeth Wagoner

# OUTTEN & GOLDEN LLP

*Advocates for Workplace Fairness*

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/8/13

January 3, 2013

**By Facsimile: (212) 805-7901**
The Honorable Harold Baer, Jr.
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    *Wang v. The Hearst Corp.*, No. 12 Civ. 0793 (HB)

Dear Judge Baer,

    We represent the Plaintiffs in the above-referenced matter. On December 19, 2012, the Court granted Plaintiffs' motion to compel disclosure of discovery relating to Defendant's decision not to pay interns and ordered Defendant to produce any documents that it believed were privileged for the Court's *in camera* inspection. ECF No. 78. On December 28, 2012, Defendant sought to avoid the Court's ruling by changing its position once again and agreeing to withdraw its good faith affirmative defense. Although the Court granted Defendant's request to amend its Answer, ECF No. 80, it should still require Defendant to produce the discovery because it is relevant to whether Defendant acted willfully, which Plaintiffs have alleged and which would warrant a three-year statute of limitations under the Fair Labor Standards Act ("FLSA").

    Like the good faith defense, willfulness requires an examination of the employer's understanding of the law and the steps that it took to adhere to it. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 141-42 (2d Cir. 1999); *Reich v. Waldbaum*, 52 F.3d 35, 39 (2d Cir. 1995). An employer has committed a "willful" violation of the FLSA where it "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]," *McLaughlin*, 486 U.S. at 133; where it "should have inquired further into whether its conduct was in compliance with the Act, and failed to make adequate further inquiry," 29 C.F.R. § 578.3(c)(3); or where it was "acquaint[ed] with the general requirements" of the FLSA but ignored them, *Reich*, 52 F.3d at 41. The documents that Plaintiffs have requested and that the Court ordered Defendant to produce are relevant to whether Defendant acted willfully because they provide the basis for its understanding of the law and any steps that it took – or could have taken – to bring its policies into compliance. *See Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F. Supp. 2d 372, 392 (E.D.N.Y. 2012) (noting that evidence that defendants undertook a review of their wage and hour

3 Park Avenue, 29th Floor, New York, NY 10016   Tel 212-245-1000   Fax 212-977-4005
6 Landmark Square, Suite 400, Stamford, CT 06901   Tel 203-363-7888   Fax 203-363-0333
203 North LaSalle Street, Suite 2100, Chicago, IL 60601   Tel 312-924-4888   Fax 646-509-2075
og@outtengolden.com   www.outtengolden.com

The Honorable Harold Baer, Jr.
January 3, 2013
Page 2 of 2

practices, or consulted with counsel regarding such practices, would have been relevant to the willfulness determination had it been presented).

If Defendant wishes to avoid producing the documents, it can agree to the stipulation that Plaintiffs proposed the first time that Defendant agreed to withdraw its good faith defense back in October 2012. The stipulation would remove the willfulness issue from contention and allow the parties to focus on other issues by permitting Defendant to withhold documents from its in-house counsel relating to the decision not to pay interns in exchange for agreeing that a three-year statute of limitations applies. A copy of the stipulation is enclosed.

Even if the Court does not order Defendant to produce documents from its in-house counsel at this point, Defendant should be required to provide Plaintiffs with a privilege log identifying the documents that it believes are privileged so that Plaintiffs can evaluate whether to challenge Defendant's designations.

We thank the Court for its attention to this matter.

Respectfully submitted,

Rachel B—

Rachel Bien

enclosure
cc: Mark Batten, Esq. (by email)
    Jon Donnellan, Esq. (by email)
    Adam Klein, Esq.
    Juno Turner, Esq.

*Denied — there withing no mail letters. Any further made by communication with [illegible] of [illegible] without advance [illegible] in [illegible] to [illegible] clerk and upon [illegible]*

SO ORDERED:
Harold Baer, Jr., U.S.D.J.
1/8/13

Endorsement:

Denied - there will be no more letters. Any further communication will be made by telephone after arranging a time with my clerk and your adversary.