UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
XUEDAN WANG, ERIN SPENCER, on behalf  :
of themselves and all others similarly situated,  :
                                                   :
                   Plaintiffs,                     :
                                                   :      12 CV 793 (HB)
         - against -                               :
                                                   :      OPINION & ORDER
THE HEARST CORPORATION,                            :
                                                   :
                   Defendant.                      :
------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

      Before the Court is a motion for partial judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) brought by Defendant the Hearst Corporation ("Defendant") with respect to the Seventh Cause of Action in the Third Amended Complaint ("TAC") which alleges that Defendant violated Section 193 of the New York Labor Law ("NYLL"). N.Y. Lab. Law § 193. For the reasons set forth below, Defendant's motion is GRANTED.

## Background

      The TAC alleges that Defendant Hearst used unpaid or underpaid interns at 20 magazines to complete tasks necessary to its operations in violation of the Fair Labor Standards Act ("FLSA") and the NYLL by denying minimum wages, overtime wages, and spread-of-hour wages and by taking unlawful deductions under NYLL. TAC ¶¶ 1-4, 56-57.  The TAC proposes two classes but only one of them brings the cause of action at issue in Defendant's present motion: a Deductions Class comprised of interns who were required to purchase academic credit from an accredited college or university as a condition of their internships and represented by Plaintiff Erin Spencer, whose claims are alleged to be "typical." *Id.* ¶¶ 43-53.

      Specifically, the TAC alleges that Spencer worked as an unpaid intern for the magazine Cosmopolitan in the period between June 2010 and August 2010, approximately four days per week for 32 to 36 hours a week. *Id.* ¶¶ 81, 83.  Her work was supervised by Cosmopolitan's Bookings Director, and her responsibilities included communicating with modeling agencies, selecting models, and attending casting meetings. *Id.* ¶¶ 84-85.  Although her work was "productive," she was paid no wages, and Hearst required her to purchase college credit as a

1

condition of employment. *Id.* ¶¶ 87, 89.  The Seventh Cause of Action, with respect to which Defendant moves for a judgment, states that Hearst "took unlawful deductions by requiring Spencer and the Deductions Class to purchase academic credit from an accredited college or university as a condition of employment" and that these "deductions" constituted "payments by separate transaction" that violate Section 193 of the NYLL. *Id.* ¶¶ 129-30.

## Discussion

Under Rule 12(c), a party may move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. Fed. R. Civ. P. 12(c).  The standard applicable to Rule 12(c) is the same as the one applied to dismissals pursuant to Fed. R. Civ. P. 12(b)(6), and the Court therefore accepts all factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (citation omitted).  Therefore, to survive a Rule 12(c) motion, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)) (internal quotation marks omitted).

Section 193(1) of the NYLL prohibits employer's "deduction from the wages of an employee" except in accordance with law or as expressly authorized in writing by and for the benefit of the employee.[1] N.Y. Lab. Law § 193(1). The statute further specifies the deductions that an employee may authorize, and they include, insurance premiums and prepaid legal plans, pension or health and welfare benefits, contribution to a charitable organization, United States bonds, dues to a labor organization, transportation discount, fitness center membership dues, cafeteria and pharmacy purchases, fees for educational institutions, day care, certain payments for housing, and recovery for overpayment or advances of wages. *Id.* § 193(1)(a)-(d).  Under Section 193(3)(a),[2] "[n]o employer shall make any charge against wages, or require an employee to make any payment by separate transaction unless such charge or payment is permitted as a deduction from wages under the provisions of subdivision one of this section . . . ." *Id.* 193(3)(a). According to the Court of Appeals, this subdivision "was added to the statute in 1974 to prohibit

---

[1] At the time Defendant submitted its motion on November 16, 2012, Section 193 was amended, effective as of November 6, 2012, until November 6, 2015.  Parties do not argue that any of the amendments are relevant to this case, but this Opinion refers to the section and subdivision numbers in the amended version of the law.

[2] Prior to the recent amendment, this provision was in Section 193(2), and the case law discussed below also refers to Section 193(2).

wage deductions by indirect means where direct deduction would violate the statute" and thereby "end the subterfuge of an employer's paying full wages but then seeking payment at another time." *Angello v. Labor Ready, Inc.*, 7 NY3d 579, 585 (N.Y. 2006) (citations and internal quotation marks omitted).

Hearst argues that the Court should dismiss the Seventh Cause of Action as a matter of law because Section 193(3)(a) does not apply to Plaintiff, since Plaintiff neither purchased the academic credit from the employer, i.e. Hearst, nor received any wages for the internship. Plaintiff, on the other hand, relies on the Court's prior denial of Defendant's motion to strike class allegations and argues that the pertinent question is whether Hearst benefited from the credit requirement, not whether the credit was purchased from a third party or whether Hearst paid no wages.

In my view, the insurmountable hurdle faced by Plaintiff is that Plaintiff did not receive any payment—or anything even arguably close—that could constitute "wages" under Section 193.[3] On the contrary, the TAC specifically alleges that "Spencer was paid no wages at all for her work for Defendant." TAC ¶ 89. Alas, Section 193(3)(a) does not prohibit "any payment by separate transaction" in itself but such a payment "as a deduction from wages," N.Y. Lab. Law § 193(3)(a), and this understanding has been affirmed by the Court of Appeals. *Hudacs v. Frito-Lay, Inc.*, 90 NY2d 342, 348 (N.Y. 1997) ("[W]hile section 193(2) on its face prohibits 'any payment by separate transaction,' it is clear from the statutory context that 'any payment' is actually meant to refer only to payments *from wages*.") (emphasis added); *see also Angello*, 7 NY3d at 585 ("This language prohibits an employer from charging *against wages* or requiring a payment *from wages* by separate transaction unless the payment is one permitted in subdivision (1)(b).") (emphasis added). Not surprisingly, when claims are brought under Section 193(3)(a), the frequently disputed issue is whether the employee's payment is "from wages." *See*, *e.g.*, *Hudacs*, 90 NY2d at 348 (finding no violation because "[t]he payments at issue are not in any sense charges or deductions from wages"); *Chenensky v. New York Life Ins. Co.*, 07 Civ. 11504, 2012 WL 234374, at *5 (S.D.N.Y. Jan. 10, 2012) (concluding that summary judgment is

---

[3] On the other hand, I do not find the fact that Plaintiff made a payment to a third party, rather than to her employer, necessarily dispositive. *See*, *e.g.*, *Ting Yao Lin v. Hayashi Ya II, Inc.*, No. 08 Civ. 6071, 2009 WL 289653 (S.D.N.Y. Jan. 30, 2009), *report and recommendation adopted sub nom. Yao Lin v. Hayashi Ya II, Inc.*, No. 08 Civ. 6071, 2009 WL 513371 (S.D.N.Y. Feb. 27, 2009).

inappropriate because whether the commissions at issue are wages depends on the agreement between the parties).

Here, Plaintiff is unable to provide a single authority for the position that Section 193(3)(a) should apply in cases where no wages, or anything arguably equivalent, are alleged. Their inability to do so is not surprising, since under Section 193, "[a] 'deduction' literally is an act of taking away or subtraction." *Angello* at 584. In other words, there can be no "deduction" within the meaning of the statute when there is nothing from which to take away or subtract. Such reading of Section 193 does not, as Plaintiff suggests, foreclose an application of Section 193(3)(a) when an employer unlawfully fails to pay its workers any wages; for example, Section 193(3)(a) would apply if the non-payment resulted from unlawful deductions from wages. But the latter scenario is not Plaintiff's situation, where there are no wages to begin with.

I also disagree with the conclusion that Plaintiff draws from my prior denial of Defendant's motion to strike class allegations—that I somehow held that the deductions issue under NYLL was a factual question that was not appropriate for a motion to dismiss. The issue before the Court at that time was whether Plaintiff Wang's proposed state law class could be certified under Fed. R. Civ. P. 23, and I held that "since scant discovery has occurred, this argument is premature." *Wang v. Hearst Corp.*, No. 12 Civ. 793, 2012 WL 2864524, at *3 (S.D.N.Y. July 12, 2012) (noting that motions to strike class allegations are disfavored because they may preemptively terminate the class aspects of litigation before any discovery on questions that may be relevant to class certification). In the same motion, Defendant had cursorily argued that the deductions class should be stricken on the "additional grounds" that "Hearst took nothing from the students and received no benefit from their payment of tuition to their colleges" and that "plaintiff Wang is incapable of representing this proposed class, as she did not pay for college credits." Def.'s Supp. 24-25, ECF No. 10. In response, "Plaintiff assert[ed] that whether Hearst benefited from its policy of having interns pay for college credits is a factual question that is not appropriate for a motion to dismiss," and I agreed with Plaintiff to the extent that "it is not clear whether Hearst benefited from its policy . . . ." 2012 WL 2864524, at *3, n.2. Because I conclude here there were no wages from which the unlawful deductions could be taken, I grant Defendant's present motion.

4

## Conclusion

I have considered the parties' remaining arguments and find them to be without merit. For the foregoing reasons, Hearst's motion for partial judgment on the pleadings is GRANTED with respect to the Seventh Cause of Action. The Clerk of the Court is directed to close the open motion and remove it from my docket.

SO ORDERED
January 9, 2013
New York, New York

_____
Hon. Harold Baer, Jr.
U.S.D.J.