1

```
 2    UNITED STATES DISTRICT COURT
 3    SOUTHERN DISTRICT OF NEW YORK
 4    -----------------------------------------
 5    XUEDAN WANG, on behalf of herself
 6    and all other similarly situated,
 7
 8                            Plaintiffs,
 9
10                  vs.        12-CV-0793 (HB)
11
12    THE HEARST CORPORATION,
13
14                            Defendant.
15    -----------------------------------------
16
17
18                   CONFERENCE CALL
19              Tuesday, January 22, 2013
20
21
22
23
24    Reported by:
25    Joan Ferrara
```

Plaintiffs' counsel may ask about the discussions between Hearst
and declarants but not regarding counsels' mental impressions. Any
privilege was waived by the contents of the declarations revealing
some of the discussions. Hearst also is ordered to produce the
declarants' resumes if they exist.
January 23, 2013

SO ORDERED:

Hon. Andrew Jay Peck
United States Magistrate Judge

```
 1
 2    A P P E A R A N C E S:
 3
 4    OUTTEN & GOLDEN, LLP
 5    Attorneys for Plaintiffs
 6              3 Park Avenue
 7              New York, New York 10016
 8    BY:      JUSTIN SWARTZ, ESQ.
 9              jms@outtengolden.com
10              RACHEL BEIN, ESQ.
11              rmb@outtengold.com
12
13
14    PROSKAUER ROSE LLP
15    Attorneys for Defendant
16              One International Place
17              Boston, Massachusetts 02110-2600
18    BY:      ALISON LANGLAIS, ESQ.
19              alanglais@proskauer.com
20
21
22
23
24
25
```

```
 1
 2            CHAMBERS:  Good afternoon.
 3    Judge Peck's chambers.
 4            MR. SWARTZ:  Hello.  How are
 5    you?  I'm here with both parties in
 6    Wang versus Hearst Corporation with a
 7    discovery dispute during a deposition.
 8            CHAMBERS:  Okay.  I believe
 9    maybe I spoke with either your
10    co-counsel or opposing counsel this
11    morning.
12            MR. SWARTZ:  Right.
13            CHAMBERS:  The judge is out.  So
14    if you let me know what the dispute
15    is, I can e-mail him and see if I can
16    get a response back.
17            MR. SWARTZ:  Sure.  I'll go
18    first, because I'm the one reading it.
19            CHAMBERS:  And your name?
20            MR. SWARTZ:  Sure.  My name is
21    Justin Schwartz, S-W-A-R-T-Z.
22            CHAMBERS:  And what is the
23    number for the case?
24            MR. SWARTZ:  The number for the
25    case is 1:12-CV-00793.
```

```
 1
 2            CHAMBERS:  Okay.  And the issue?
 3            MR. SWARTZ:  Okay.  There are
 4    two issues.  I represent the
 5    plaintiffs and we're taking the
 6    deposition.
 7            The first issue is that the
 8    defendants have raised privilege and a
 9    work product defense to certain
10    questions that we're asking this
11    witness about conversations that led
12    up to him signing a declaration.
13            By way of background, Hearst
14    produced dozens of declarations very
15    recently right at the end of discovery
16    and some of which, including this one,
17    they've had for quite some time.
18            The Court gave us a short
19    extension to take as many depositions
20    as we could from these declarants, and
21    that's what we're trying to do now,
22    basically three a day.
23            CHAMBERS:  Okay.
24            MR. SWARTZ:  This witness is a
25    class member, a putative class
```

1
2 member --
3          MS. LANGLAIS:  Well, go ahead.
4          MR. SWARTZ:  This witness is a
5 putative class member who worked as an
6 intern during the period that this
7 lawsuit covers.
8          CHAMBERS:  Okay.
9          MR. SWARTZ:  And there are a
10 couple of points that we'd like to
11 make.
12          The questions that we were
13 asking him were about the
14 conversations that he had with
15 Hearst's in-house counsel at the time,
16 around the time he signed his
17 declaration, and whether Hearst's
18 counsel made certain disclosures to
19 him.
20          He is currently a --
21          CHAMBERS:  May I interrupt you
22 for one moment?
23          MR. SWARTZ:  Sure.
24          CHAMBERS:  I'm just looking up
25 the district.  I'm wondering -- how

1
2      much time do you have left for the
3      deposition?  I'm not sure where you're
4      located.
5           MR. SWARTZ:  We're in New York.
6           CHAMBERS:  If you wouldn't mind
7      holding on for a moment, I'm going to
8      see if the district judge is available
9      because I'm afraid in me e-mailing
10     this to the judge, I may lose some of
11     your points.
12          MR. SWARTZ:  Yeah, that's okay.
13     Thank you.
14          CHAMBERS:  Okay.  If you would
15     just hold on.
16          (Pause)
17          CHAMBERS:  Counsel?
18          MR. SWARTZ:  Hello.
19          CHAMBERS:  Unfortunately Judge
20     Baer is out.  So my hope that he could
21     handle it won't work.
22          So if we can just start over,
23     but if you can make your arguments as
24     short as possible because I'm going to
25     have to summarize what you're saying

1
2          and send it to the judge.
3                MR. SWARTZ:  Sure.  I'd be glad
4          to.
5                We also have a suggestion.  We
6          can send the transcript of this call,
7          we can e-mail it to you pretty quickly
8          and you could send that to the judge
9          if you want to relieve yourself of the
10         need to take notes.
11               CHAMBERS:  Oh, I mean if you can
12         do that, that may be easiest.
13               MR. SWARTZ:  Okay.
14               CHAMBERS:  Just so that way I'm
15         not misconstruing what either of you
16         are saying.
17               MR. SWARTZ:  Sure.
18               CHAMBERS:  So I guess if you
19         just wanted to go forward with both of
20         your issues and then I can wait for
21         the transcript.
22               MR. SWARTZ:  Sure.
23               There are two issues.  One is an
24         assertion of privilege, of attorney
25         client privilege and work product.

1
2      The second is a document production
3      issue.
4           The first issue with respect to
5      attorney client privilege and work
6      product, here are the important facts.
7           The declaration that led to this
8      deposition, the witness' declaration,
9      was taken with the assistance of the
10     defendant's in-house counsel.
11          The questions that I'm asking
12     that the company has asserted
13     privilege for are about the process
14     surrounding taking that declaration.
15          The witness is a putative class
16     member in the class that this case
17     involves.  He's a former intern.  He
18     worked during the putative class
19     period.
20          He is not only a putative class
21     member under Rule 23 for the New York
22     Labor Law claims in this case, but
23     he's also a potential member of the
24     FLSA collective.
25          He is a current Hearst employee.

```
1
2          So after he finishes internship, he
3      kept working for Hearst, but he's not
4      a supervisory employee.  He supervises
5      one full-time employee and in one what
6      Hearst calls freelancer, but he's not
7      in the type of role that would put him
8      in the group that under New York Law,
9      the Neisig Group, he's not the type of
10     employee who can bind the company with
11     his statements.
12          That's a similar concept to not
13     being in the control group, although
14     New York doesn't use the control group
15     concept, it uses a similar concept
16     under Neisig versus Team One.
17          So he's not a supervisory
18     employee.  He's not the type of
19     employee that is automatically
20     represented by the company's counsel
21     just because of his position.
22          A CEO is that type of employee.
23     High level supervisors are that type
24     of employee.  But the witness is, with
25     all respect, a relatively low-level
```

employee.  He was an intern and then
he had two freelance -- or then he had
a freelance job with the company, and
this is sort of his entry-level
position as a paid staff employee of
the company.  So he's not anywhere
near the control group or the type of
employee that could bind the company.
        Therefore, he's not
automatically represented by counsel
just by virtue of his position with
the company.
        There are some other important
facts.
        During this deposition, the
witness has asked several questions
about his view on what the company
would have done or should have done.
        Counsel objected and made it
very clear, she said he's not speaking
for the company, he's speaking as an
employee of the company.
        So she said he's not speaking on
the company's behalf, essentially he

```
 1
 2          can't bind the company, which means
 3          that he can't possibly fall within the
 4          Neisig control group test.  Again,
 5          he's a relatively low-level entry
 6          employee.  Another important fact, he
 7          is a member of the FLSA collective.
 8               Judge Baer ordered notice to go
 9          out months ago and Hearst was required
10          to produce a class list.  This witness
11          was not on the class list and he never
12          received notice.
13               So Hearst obviously knew about
14          him because they were in the process
15          of getting his declaration.  They knew
16          that he was an intern, they knew that
17          he worked there during the relevant
18          period, but they didn't put him on the
19          class list and he never received
20          notice.
21               Another important point, one of
22          the questions that I was trying to ask
23          this witness is whether he, when he
24          was talking to Hearst lawyers, whether
25          he was warned that doing this
```

1
2          declaration, submitting a declaration
3          in an opposition to the plaintiff's
4          claims in this case, could harm his
5          potential to recover money in this
6          lawsuit, a very important disclosure
7          that a lawyer needs to give a witness
8          when that witness is adverse to them.
9              And as a potential class member,
10         he is adverse to them.  The in-house
11         lawyer had an obligation to tell him
12         that what he was doing could harm his
13         opportunity to recover.
14             There is no indication that she
15         did tell him that, but counsel has
16         stopped us from asking him that.
17             Another important point is that
18         Hearst has waived any privilege or
19         work product objections because in the
20         very declaration that we're taking
21         this deposition about, Hearst included
22         language that said "before I provided
23         the information for this statement,
24         certain information was communicated
25         clearly to me, including that my

1
2    participation was voluntary" -- and a
3    number of other things.
4            That opened the door for asking
5    what other information was provided to
6    him.
7            So Hearst has cherry-picked what
8    information it wants to put in the
9    declaration that its lawyer told him.
10           We would like to find out the
11   full picture, especially whether he
12   was advised and whether other
13   witnesses were advised of the fact
14   that they were harming their rights by
15   submitting this declaration.
16           And again, the most important
17   point is that this is a putative class
18   member.  This is somebody who worked
19   there during the class period.
20           It was never disclosed to us,
21   even when Judge Baer ordered them to,
22   and his declaration was dropped in our
23   lap at the last minute at the end of
24   discovery, after having been taken a
25   long time before.

```
1
2              So we're here taking this
3     deposition now and we'd like to be
4     able to ask questions about how the
5     declaration came about.
6              That's issue number one.
7              Maybe my opposing counsel would
8     like to address that and then there
9     would be another issue.
10             CHAMBERS:  Okay.
11             MS. LANGLAIS:  Hi.  This is
12    Alison Langlais for Hearst.  I can
13    spell that for you.
14             CHAMBERS:  Okay.
15             MS. LANGLAIS:  Alison,
16    A-L-I-S-O-N.  My last name is
17    Langlais, L-A-N-G-L-A-I-S.  I'm with
18    Proskauer Rose.
19             CHAMBERS:  Okay.
20             MS. LANGLAIS:  I'll try to keep
21    it as succinct as possible.
22             We are of the opinion that there
23    is a large number of case law that
24    states that conversations between
25    counsel and employees of any levels
```

1
2        are protected by privilege for the
3        purpose of fact gathering and
4        declaration gathering in the class
5        context.
6                I'm also not aware that -- this
7        particular employee is not a part of
8        the collective.  There was an opt-in
9        period.  He did not join for whatever
10       reason.
11               He has stated today in giving
12       his testimony that he has no interest
13       in being a part of this collective,
14       and he is not a part of the
15       collective.
16               There is no putative class
17       currently.  There is no FLSA putative
18       class.  The opt-in period is already
19       closed.  Therefore, there are only
20       class members.  And there is no Rule
21       23 class yet that has been certified.
22               Regarding the insinuation that
23       Hearst was doing something unethical
24       and not providing particular
25       information to individuals who

```
 1
 2          provided declarations, I merely
 3          instructed the witness not to disclose
 4          the substance of conversations, and so
 5          he did not.
 6               There's been no insinuation or
 7          no mention that Hearst did not follow
 8          its ethical obligations or failed to
 9          provide particular information
10          whatsoever.
11               There is also no way that by
12          indicating in a declaration that the
13          witness provided the information
14          voluntarily that the entire substance
15          of a conversation is therefore subject
16          to discovery.
17               I just want to restate that this
18          particular witness is a current
19          employee.  He has been an employee for
20          the duration basically of this
21          lawsuit.
22               And so our conversations with
23          him and after speaking with him for
24          purposes of collecting information for
25          a declaration, he has voluntarily
```

1
2    chosen to participate in the defense
3    of the company in this lawsuit.
4            Again, he has stated on the
5    record he has no interest in pursuing
6    any claims against the company.
7            Therefore, counsel's
8    conversations with him in pursuing its
9    defense against plaintiff's claims
10   would be privileged.
11           CHAMBERS:  Okay.
12           MR. SWARTZ:  Just a very short
13   reply.  This is Justin Swartz.
14           First of all, I just want to
15   make clear, we're not asking for
16   counsel's notes.  We're not asking for
17   counsel's mental impressions.  We're
18   asking the witness what happened at a
19   conversation.
20           And so, you know, to the extent
21   that they're claiming that there is
22   work product at issue, that work
23   product, we're not asking for that
24   work product.  We're asking for a
25   witness' recollection what happened

1
2     during a conversation.
3          And just to respond to the fact
4     that, at counsel's point, that this
5     witness did not join the lawsuit, this
6     witness didn't know he could join the
7     lawsuit because his identity was
8     hidden from class counsel, even when
9     Judge Baer ordered that it be
10    provided -- there is no possible way
11    that Hearst didn't know about this,
12    that this person was a potential class
13    member when they provided the Court
14    ordered class list.
15          He was not on the class list.
16    He was also not on the Class e-mail
17    list.  So we didn't have his mailing
18    address.  We didn't have his e-mail
19    address.
20          Hearst knew very well that he
21    existed because they were in the
22    process of collecting a declaration
23    from him.
24          The fact that there is no class
25    certified does not mean that he

```
 1
 2          doesn't have valuable rights.
 3                Even though he didn't opt in to
 4          the FLSA collective action, which he
 5          didn't know about until today, he's
 6          still a putative class member in the
 7          Rule 23 class.
 8                Unless he opts out, which he has
 9          not done, he's entitled to
10          compensation if we prevail.
11                And there is no indication that
12          he's going to opt out of the case
13          because he hasn't even gotten notice
14          of the case.  So he doesn't even know
15          what he would possibly be opting out
16          of.
17                With respect to the waiver
18          issue, they have waived any privilege,
19          if there is one, because again in the
20          last paragraph of the declaration
21          Hearst describes a good portion of the
22          conversation between counsel and this
23          witness.
24                Again, it says that it was
25          communicated to him a number of
```

```
 1
 2          things, that his participation was
 3          voluntary, that no adverse consequence
 4          would result from his participation,
 5          that he wouldn't be retaliated against
 6          if he declined to participate, that he
 7          wouldn't receive any positive
 8          employment consequence or other
 9          benefit if he did participate.
10               Those are all very good things
11          that the lawyer told him.  But the
12          lawyer should have told him a number
13          of other things, including that this
14          case existed, that he had potential,
15          the potential to recover in this case.
16               Counsel wouldn't let us --
17          wouldn't let the witness answer the
18          question as to whether that important
19          warning was given to him and
20          whether -- and he said that nobody
21          else at the company gave him that
22          warning.
23               So there is a clear conflict
24          situation here where you have a lawyer
25          purporting to represent an individual
```

1
2      who has active live claims against
3      that person as a putative class
4      member.
5           MS. LANGLAIS:  Can I just
6      clarify something for the record?
7      Counsel keeps saying that we've had
8      these declarations for months.
9           The witness signed this
10     declaration on the 2nd day of January
11     of this year, and therefore if it was
12     collected around that time, there is
13     no way that Hearst would have known
14     about his identity if he was, in fact,
15     a potential member of the class and
16     was omitted from the class list at
17     some time long ago.  This declaration
18     was collected within the last 3 weeks.
19          The other thing I wanted to
20     mention, again, if this was jumbled at
21     all for the record, the reason that
22     there has been no opting out of the
23     Rule 23 class is that no class has
24     been certified, no notice has been
25     served, he has not yet had an

1
2       opportunity to opt out.
3               And again, if there is some
4       attention paid to what has already
5       been stated on the record, he does not
6       wish to pursue any claims against
7       Hearst.  He doesn't have any claims
8       against Hearst.  He has stated that in
9       no uncertain terms.
10              CHAMBERS:  Okay.
11              The second issue?
12              MR. SWARTZ:  Just one short
13      follow-up and I'll give you the second
14      issue.
15              Just to be clear, if counsel is
16      taking the position that Hearst did
17      not know he existed when they produced
18      the class list just a few months ago,
19      I don't think that's an honest
20      position.
21              Hearst knew -- he is a current
22      employee of Hearst.  They knew enough
23      to -- they knew enough to find him to,
24      in one of their divisions currently
25      working there, to execute a

1
2          declaration about his time as an
3          intern, but now they're claiming that
4          they didn't know that he was an intern
5          at the company at all.
6               Either that's not true or they
7          didn't go to any diligent effort to
8          assemble the class list.
9               In any event, they certainly
10         went to much more of an effort to find
11         people to submit declarations
12         supporting their defense than they did
13         to produce a class list to allow these
14         people to have due process and the
15         opportunity to join the case.
16              The second issue is a document
17         production issue.  Because of Hearst's
18         very late production of these
19         declarations after having them for at
20         least weeks, and some of them months,
21         some of them since last November, and
22         having just produced them, we're
23         taking a whole series of depositions
24         probably more than 40 in the next
25         couple of weeks.

```
 1
 2              Hearst has taken the position
 3    that they should not have to produce
 4    the resumes of any of these witnesses,
 5    even the resumes that specifically
 6    describe the internship position
 7    that's at issue in this lawsuit.
 8              We believe that it's relevant
 9    and there is no, and Hearst has not
10    stated any burden or other valid
11    objection to producing them, and so
12    they should be ordered to produce
13    them.
14              CHAMBERS:  Opposing counsel?
15              MS. LANGLAIS:  Our position is
16    that these are documents whose
17    existence could have been foreseen
18    prior to a few weeks before the close
19    of discovery, and if they had wanted
20    these particular documents or any like
21    them, opposing counsel could have
22    drafted document requests that would
23    have included these documents in the
24    scope, and there are fewer than 30
25    days remaining in discovery, which
```

1
2      does not provide us with sufficient
3      time to gather documents and respond
4      to document requests under the federal
5      rules.
6              MR. SWARTZ:  A short reply,
7      please.
8              Hearst is basically saying we
9      successfully ran out the clock.
10             What Hearst is saying is we
11     produced all of these declarations,
12     more than 50 of them, at the very very
13     end of discovery, but somehow we
14     should have known that these people
15     existed and asked for their documents
16     before they produced the declarations.
17             These people, not only did they
18     not produce the declaration, but these
19     people were not even on Hearst's
20     mandatory disclosures as potential
21     witnesses.
22             You know, Hearst has argued from
23     time to time and during our meet and
24     confers that we should have known
25     about these people one way or another.

1
2          This witness was not even on the
3   class list that they provided.
4          So if Hearst hadn't produced a
5   declaration at the very last minute
6   signed by him, we wouldn't have never
7   even know he existed.
8          To say that counsel should have
9   asked for resumes of people who had
10  never been disclosed to them, it just
11  doesn't make any sense.
12         A ruling that counsel should
13  have done so would reward Hearst for
14  this tactic of waiting until the very
15  end of discovery to produce
16  declarations.
17         Again, there were declarations
18  among these 50 that were executed in
19  November of 2012 and they weren't
20  produced until the middle of January
21  of 2013.
22         The declaration in this case, of
23  this witness, was executed on January
24  2nd, and for some inexplicable reason
25  Hearst held on to it for a couple of

```
 1
 2          weeks before they gave it to us.
 3                It's no secret, now that I hear
 4          what counsel's argument is why they
 5          did that.  It was to run out the
 6          clock.
 7                The point of discovery is to get
 8          information and be able to use it, not
 9          to have a whole bunch of information
10          dumped on you at the last minute that
11          you can't use.
12                CHAMBERS:  Okay.
13                Is that it?
14                MR. SWARTZ:  That's it from the
15          plaintiff's side.
16                MS. LANGLAIS:  Yes.
17                CHAMBERS:  So could I give you
18          my e-mail address and then the
19          transcript could be e-mailed to me
20          right away and then I can forward it
21          on to the judge?
22                MR. SWARTZ:  The court reporter
23          can finalize this section and have it
24          available in e-mail to you in maybe 15
25          or 20 minutes, if that's okay.
```

```
 1
 2              CHAMBERS:  Okay.
 3              My e-mail address is
 4      jessica_schau@nysd.us.gov.
 5              MR. SWARTZ:  Okay.  We'll hope
 6      to get that to you in about 15 or 20
 7      minutes.
 8              CHAMBERS:  And then do you have
 9      a telephone number, just that way if I
10      get a response from the judge I'll
11      call you just so you know to check, I
12      guess so I can call you.
13              MR. SWARTZ:  Yeah.  I'm going to
14      give you my cell phone number so that
15      we don't have to go through the
16      switchboard to do this.
17              CHAMBERS:  Okay.
18              MR. SWARTZ:  646-824-0793.
19              CHAMBERS:  Okay.
20              MR. SWARTZ:  We're going to
21      continue with the deposition and we'll
22      just wait for anything you can do.  I
23      really appreciate you taking the time.
24              CHAMBERS:  How long is the
25      deposition scheduled to go this
```

```
 1
 2        evening?
 3              MR. SWARTZ:  I'd say I probably
 4        have a half hour left in this one and
 5        then there's another one scheduled for
 6        this evening that I'm not sure whether
 7        we'll get to or not.
 8              CHAMBERS:  Will this issue be
 9        raised in several of the depositions?
10              MR. SWARTZ:  I think there are
11        two or three depositions tomorrow,
12        several on Thursday, and almost
13        everyday this week and next week.
14              So it's going to be a recurring
15        issue that we'd love to have a ruling
16        on, if you can get us one.
17              CHAMBERS:  Thank you so much.
18              MR. SWARTZ:  Thank you so much.
19              *  *  *  *  *  *  *
20           C E R T I F I C A T E
21
22        I, Joan Ferrara, do hereby certify
23   that the foregoing is a true and accurate
24   transcript of my stenographic notes.
                        _____
25                        JOAN FERRARA
```