IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XUEDAN WANG and ERIN SPENCER on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE HEARST CORPORATION,<br><br>Defendant. | 12 Civ. 0793 (HB) (AJP) |

**DECLARATION OF RACHEL BIEN IN SUPPORT OF MOTION TO RE-OPEN THE FLSA NOTICE PERIOD AND FOR CORRECTIVE NOTICE**

I, Rachel Bien, declare, under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1. I am a partner at Outten & Golden LLP ("O&G"), counsel for Plaintiffs and opt-in Plaintiffs ("Plaintiffs") in the above-referenced action. I am an attorney in good standing admitted to practice in the State of New York and before this Court.

2. I have been one of the attorneys primarily responsible for the prosecution of this action.

3. I make the statements below based on my personal knowledge and would so testify if called as a witness at trial.

**Factual and Procedural History**

4. On February 1, 2012, Plaintiff Xuedan Wang filed a class and collective action complaint alleging that Hearst unlawfully failed to pay minimum wages and overtime to her and other unpaid and underpaid interns for the work that they performed during their internships. ECF No. 1.

5. On June 7, 2012, Plaintiff moved for conditional certification and notice pursuant to 29 U.S.C. § 216(b).  ECF No. 24.

6. On July 7, 2012, the Court granted Plaintiff's motion, including her request that Defendant produce a computer-readable data file containing the names, last known mailing addresses, last known telephone numbers, last known email addresses, and internship start and end dates for all collective members.  ECF No. 34.

7. Although there are approximately 3,000 potential class members, Defendant produced contact information – name, address, telephone number, and email address – for only 328.  For the remainder, it produced only pieces of what the Court ordered it to produce.  Many of the email addresses it provided were for former interns' college email accounts, which would generally no longer be active once those interns had graduated.

8. Despite Plaintiffs' repeated requests that Defendant produce a class list containing complete contact information for all potential class members, Defendant insisted that it did not maintain such a list.

9. Because of the paucity of information produced, the Court granted Plaintiffs permission to issue notice through a variety of non-traditional means, including through targeted Facebook ads and by issuing a press release.  ECF No. 54.

10. Notice issued beginning on October 3, 2012, and only 16 individuals submitted consent to join forms.

11. Near the end of discovery, between January 7 and February 12, 2013, Defendant produced 87 declarations from current and former interns.

12. Although almost all of these interns had timely claims and were eligible to join the FLSA collective, the class list Defendant had previously provided for notice purposes

contained no mailing addresses for 63 of them.  In fact, although Defendant was able to find these individuals in order to obtain declarations from them, 19 of them were not on the class list at all.

13. Plaintiffs sought and were granted an extension of the discovery period to give them the opportunity to depose some of the individuals from whom Defendant produced declarations.  Between January 22, 2013 and February 15, 2013, Plaintiffs deposed 39 of the declarants.

**Exhibits**

14. Attached hereto as Exhibit A are true and correct copies of relevant excerpts of the deposition transcript of Tara Buchalter, dated January 28, 2013 ("Buchalter Tr.").

15. Attached hereto as Exhibit B are true and correct copies of relevant excerpts of the deposition transcript of Amanda Elser, dated January 30, 2013 ("Elser Tr.").

16. Attached hereto as Exhibit C are true and correct copies of relevant excerpts of the deposition transcript of Melissa Groher, dated January 28, 2013 ("Groher Tr.").

17. Attached hereto as Exhibit D are true and correct copies of relevant excerpts of the deposition transcript of Kimberly Holiver, dated January 28, 2013 ("Holiver Tr.").

18. Attached hereto as Exhibit E are true and correct copies of relevant excerpts of the deposition transcript of Charlotte Miller, dated January 31, 2013 ("Miller Tr.").

19. Attached hereto as Exhibit F are true and correct copies of relevant excerpts of the deposition transcript of Molly Ritterbeck, dated February 1, 2013 ("Ritterbeck Tr.").

20. Attached hereto as Exhibit G are true and correct copies of relevant excerpts of the deposition transcript of Hannah Anderson, dated January 25, 2013 ("Anderson Tr.").

21. Attached hereto as Exhibit H are true and correct copies of relevant excerpts of the deposition transcript of Katie Riordan, dated January 31, 2013 ("Riordan Tr.").

22. Attached hereto as Exhibit I are true and correct copies of relevant excerpts of the deposition transcript of Melissa Shapiro, dated January 31, 2013 ("Shapiro Tr.").

23. Attached hereto as Exhibit J are true and correct copies of relevant excerpts of the deposition transcript of Kathryn Tomlinson, dated January 29, 2013 ("Tomlinson Tr.").

24. Attached hereto as Exhibit K are true and correct copies of relevant excerpts of the deposition transcript of Alethea Critides, dated January 30, 2013 ("Critides Tr.").

25. Attached hereto as Exhibit L are true and correct copies of relevant excerpts of the deposition transcript of Ashley Johns, dated January 23, 2013 ("Johns Tr.").

26. Attached hereto as Exhibit M are true and correct copies of relevant excerpts of the deposition transcript of Melaine Rud, dated January 28, 2013 ("Rud Tr.").

27. Attached hereto as Exhibit N are true and correct copies of relevant excerpts of the deposition transcript of Marguerite Berard, dated January 29, 2013 ("Berard Tr.").

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 26, 2013
New York, New York

                                              */s/ Rachel Bien*
Rachel Bien
**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000