**OUTTEN & GOLDEN LLP**
Adam T. Klein
Rachel Bien
Juno Turner
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: 212-245-1000

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XUEDAN WANG and ERIN SPENCER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE HEARST CORPORATION,<br><br>Defendant. | Oral Argument Requested<br><br>12 Civ. 0793 (HB) (AJP) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR CERTIFICATION OF QUESTION FOR INTERLOCUTORY APPEAL
<u>PURSUANT TO 28 U.S.C. § 1292(b)</u>**

**PRELIMINARY STATEMENT**

Plaintiffs respectfully request that the Court certify its May 8, 2013 Order denying Plaintiffs' Motions for Partial Summary Judgment and Class Certification for immediate appeal pursuant to 28 U.S.C. § 1292(b).  An immediate appeal is important because, if the parties continue to litigate Plaintiffs' individual claims to judgment, and the Court's order is reversed, the parties will have to re-try the same case – potentially on a class basis – under a different legal standard.

**BACKGROUND**

On February 1, 2012, Plaintiff Wang filed a class and collective action complaint alleging that Hearst unlawfully failed to pay minimum wages and overtime to her and other interns for the work that they performed during their internships in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").  Klein Decl.[1] ¶ 5.  On April 4, 2012, Hearst moved to strike the class and collective allegations and, on June 7, 2012, Plaintiffs opposed the motion and cross-moved for conditional certification and notice pursuant to 29 U.S.C. § 216(b).  *Id*. ¶ 6.  On July 12, 2012, the Court granted Plaintiffs' motion for conditional certification and notice pursuant to 29 U.S.C. § 216(b) and denied Hearst's motion to strike.  *Id*. ¶ 7.  On July 24, 2012, Hearst moved for reconsideration of the July 12, 2012 order, or in the alternative, for certification pursuant to 28 U.S.C. § 1292(b), arguing that "[t]he legal standard for determining whether an unpaid intern is an employee is a controlling question of law."  ECF No. 39 at 8.  The Court denied the motion in all respects.  ECF No. 53.

---

[1]  All citations to the "Klein Decl." are to the Declaration of Adam T. Klein in Support of Plaintiffs' Motion for Certification of Question for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b).

On March 4, 2013, Plaintiffs moved for partial summary judgment and to certify a class pursuant to Fed. R. Civ. P. 23.  By order dated May 8, 2013, the Court denied both motions.  ECF No. 149 (the "Order").  The Court held that Plaintiffs' claims would be evaluated using a "totality of circumstances" test in which a "key consideration" would be which party was the primary recipient of benefits from the relationship.  Order at 6.  The court further held that, "while a close question," Plaintiffs had not met the commonality requirement of Fed. R. Civ. P. 23(a)(2) because Defendant's liability "turns on what the interns did and what benefits they received during their internship."  Order at 9.  In addition, the Court found that Fed. R. Civ. P. 23(b)(3)'s predominance requirement was not met because "there is no uniform policy among [Defendant's] magazines with respect to the contents of the internship, including interns' duties, their training, and supervision[.]"  Order at 11.

## ARGUMENT

The Court should certify the Order for appeal to the U.S. Court of Appeals for the Second Circuit.  Immediate appeal will ensure that Plaintiffs' claims are litigated efficiently and avoid the potential for a second trial under a revised legal standard.  Under 28 U.S.C. § 1292(b), a district court may certify an appeal of an interlocutory order if it finds that the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  *Id.*  Such an order is warranted here because all three statutory criteria are met and it would comport with orderly resolution of the case to have the legal standard by which Plaintiffs' claims are to be evaluated finally decided.

**A. The Order Presents a Controlling Question of Law: What Legal Standard Should Be Applied to Unpaid Interns' Claims That They Are Employees.**

Whether Plaintiffs are "employees" under the FLSA and NYLL is a controlling question of law. The FLSA broadly defines "employ" as "to suffer or permit to work" and defines an "employee" as "any individual employed by an employer." 29 U.S.C. § 203(d), (e)(1); *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 66 (2d Cir. 2003). Moreover, the FLSA defines employer "expansively," with "striking breadth," *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992), and applies "the broadest definition [of employee] that has ever been included in any one act." *United States v. Rosenwasser*, 323 U.S. 360, 363 n. 3 (1945).[2] Against this backdrop, the U.S. Supreme Court's decision in *Walling v. Portland Terminal Co.* carved out a narrow exception to the definition of an employee for "trainees" to whom railroad companies provided seven to eight days of "the same kind of instruction" offered by a "public or private vocational school." 330 U.S. 148, 152-53 (1947). Since then, the United States Department of Labor ("DOL") has established a six-factor test to evaluate whether interns at for-profit companies should be considered employees. Klein Decl. Ex. 1 (DOL Factors).

Citing *Walling* and the DOL Factors, the Court held that a totality of the circumstances test would apply to Plaintiffs' claims that they were employees under the FLSA and NYLL. Order at 6. The Court also instructed that the primary beneficiary test would be a "key consideration" and the DOL factors should be taken into account. *Id.* The Court – as well as the parties – presented the issue of what standard must be met to establish that unpaid interns are

---

[2] These definitions are necessarily broad "in accordance with the remedial purpose of the FLSA." *Zheng*, 355 F.3d at 66. "The FLSA sets a national 'floor' in terms of working conditions, in order to protect workers from the substandard wages and excessive hours that might otherwise result from the free market." *Rogers v. City of Troy, N.Y.*, 148 F.3d 52, 57 (2d Cir. 1998). Carving out a broad exception for interns could result in the wholesale elimination of rights for numerous other workers who, by virtue of their inexperience or for any number of other reasons, stand to receive benefits from their employment.

3

employees as an issue of law.  *See* Order at 4; ECF No. 39 at 8 ("[t]he legal standard for determining whether an unpaid intern is an employee is a controlling question of law").  This element unequivocally favors certification.

### B. A Substantial Basis for a Difference of Opinion Exists, as the Second Circuit Has Not Yet Addressed This Question, and the Sole District Court in This Circuit to Do So Supports Plaintiffs' Position.

There are substantial grounds for disagreement about whether Plaintiffs are "employees" under the FLSA and NYLL.  First, no explicit exception for interns appears in either the FLSA or the NYLL.  Rather, as the Court noted in denying Plaintiffs' motions, the Supreme Court's decision in *Walling* "provides, for the most part, the governing case law." Order at 4.  The sole decision within this Circuit found that individuals who, like Plaintiffs, received minimal supervision and training and who performed a wide variety of tasks as part of the defendant's regular operations were employees.  *See Archie v. Grand Cent. P'ship, Inc.*, 997 F. Supp. 504, 535 (S.D.N.Y. 1998).

The Court, Plaintiffs submit, erred by concluding that a "balance of the benefits" test will apply to Plaintiffs' claims.  In concluding that a totality of the circumstances test applies, the court unduly minimized the importance of the productive work performed by Plaintiffs and found that a "key consideration" is "who is the primary recipient of benefits."[3]  Order at 6.  This "primary beneficiary" test would require a post-facto evaluation of the extent to which each intern benefitted the employer, and what each intern got from their internship, in order to determine employee status – a far cry from the broad definition of compensable work contemplated by the FLSA.  The standard adopted by the Court directly contradicts the DOL's

---

[3]  Plaintiffs respectfully submit that the Court's citation to dicta from the Second Circuit's decision in *Velez v. Sanchez*, 693 F.3d 308, 326 (2d Cir. 2012), which analyzed whether a family member who provided child care and other domestic service was entitled to wages, was inappropriate given the markedly different facts of this case.

interpretation, which holds that where interns perform productive work, "the fact that they may be receiving some benefits in the form of a new skill or improved work habits will not exclude them from the FLSA's minimum wage and overtime requirements because the employer benefits from the interns' work." Klein Decl. Ex. 1 (DOL Factors) at 2. Many courts have agreed. *See, e.g., McLaughlin v. Ensley*, 877 F.2d 1207, 1209-10 (4th Cir. 1989) (snack food distribution "trainees" were employees; although they learned on the job, their work driving trucks, loading and unloading trucks, restocking retail store shelves and vending machines, and performing simple paperwork benefited the defendant); *Wirtz v. Wardlaw*, 339 F.2d 785, 788 (4th Cir. 1964) (work that furthered company's business was compensable even where it benefitted the company "no less than [the students] themselves").

       The Court found the DOL Factors entitled to deference and should have required Hearst to meet all of them. The Court concluded that the DOL Factors "put[] some meat on the *Walling* bones." Order at 5. However, the Court gave its conclusion no teeth by declining to require that Hearst meet each of the criteria set out in *Walling* and illustrated by the DOL. In addition, the Court misinterpreted the DOL Factors, providing too much latitude to the putative employer. Specifically, the Court found that Hearst had shown that each Plaintiff had received "some" educational training, "some" benefit, and caused "some" impediment to Hearst's operations. Order at 7. While Plaintiffs respectfully disagree that Defendant made those showings with respect to each Plaintiff, more important to the present motion is the fact that the DOL Factors require more than "some" showing to meet each Factor. The DOL requires that, for an internship to be viewed as a "bona fide educational experience," an employer must provide shadowing opportunities under "close and constant supervision" where the intern "performs no or minimal work." Klein Decl. Ex. 1 (DOL Factors) at 2. The "benefits" that Hearst contends

Plaintiffs gained while they were engaged in its day-to-day operations are the kinds of "new skills" and "improved work habits" that the DOL has found are insufficient to trump the productive work that interns perform. Klein Decl. Ex. 1 (DOL Factors) at 2. If the Court gave the DOL Factors the deference it itself endorsed, it should have concluded that the showing Hearst made with respect to the training and benefits each Plaintiff received is insufficient as a matter of law.

The Court also incorrectly held that interns' duties – and not the nature of the work they perform – must be examined in order to evaluate their claims. First, the "duties test" applicable in misclassification cases has no relevance here. Here, although the Court must evaluate whether interns perform work that provides Defendant with an immediate advantage, other courts and the DOL have concluded that it is the nature of the work – that is, work that forms part of the employer's day-to-day operations – that matters, rather than their particular duties. *Archie*, 997 F. Supp. at 513-14, 519, 535 (workers who performed the same tasks as paid employees, including necessary clerical, outreach, maintenance, and food preparation work deemed employees); Klein Decl. Ex. 1 (DOL Factors) at 2. The Court's conclusion that it must evaluate each intern's particular duties necessarily impacted its analysis of Plaintiffs' motion for class certification, because the Court found that the varied duties performed by interns throughout Defendant's operations could not be evaluated on a classwide basis. Under the correct "nature of the work" analysis, however, the consistent evidence that interns performed tasks as part of the routine work of Defendant's business, together with the evidence of the training and benefits interns received, is sufficient to establish both commonality and predominance.

### C. An Immediate Appeal Will Materially Advance the Termination of the Litigation, As It Will Conclusively Establish the Legal Standard Prior to Trial.

Finally, it would foster orderly and prompt resolution of this entire matter to allow an appeal of the Order. Plaintiffs will go forward with their claims on an individual basis. A final resolution of the questions relating to the legal standard prior to trial will ensure that a post-trial appeal – and possible new trial under a different standard – will be avoided. The Second Circuit should rule on these questions before the case continues, to avoid having a fact finder evaluate issues that are irrelevant to the questions presented in this case. Because a revised legal standard would likely change the Court's analysis of the Plaintiffs' motion for class certification, that question should similarly be resolved prior to trial.

### CONCLUSION

For the above reasons, plaintiffs respectfully request that the Court certify its May 8, 2013 order for appeal to the U.S. Court of Appeals for the Second Circuit under 28 U.S.C. §1292(b).

Dated: May 29, 2013

/s/ Adam T. Klein
Adam T. Klein
Rachel Bien
Juno Turner
**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: 212-245-1000
**Attorneys for Plaintiffs**