IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XUEDAN WANG AND ERIN SPENCER, on behalf of themselves and all others similarly situated,<br><br>                              Plaintiffs,<br><br>v.<br><br>THE HEARST CORPORATION,<br><br>                              Defendant. | ECF<br><br>12-cv-00793 (HB)(AJP) |

# DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION
# FOR CERTIFICATION OF QUESTION FOR INTERLOCUTORY APPEAL
# PURSUANT TO 28 U.S.C. § 1292(b)

                **HEARST CORPORATION**

                Office of General Counsel
                Eve B. Burton
                Jonathan R. Donnellan
                Kristina E. Findikyan
                Courtenay B. O'Connor
                300 W. 57th Street, 40th Floor
                New York, New York 10019
                Tel: (212) 841-7000
                Fax: (212) 554-7000

                *Attorneys for Defendant Hearst Corporation*

Of Counsel:

Proskauer Rose LLP
Mark W. Batten
One International Place
Boston, MA  02110-2600
Tel: (617) 526-9850
Fax: (617) 526-9899

For the reasons set forth below, Hearst Corporation does not oppose plaintiffs' motion seeking Second Circuit review of the legal standard set forth in the Court's May 8, 2013 Order (the "Order"), though it vehemently disagrees with plaintiffs' characterization of the Order. Instead, Hearst's lack of opposition is based on Judge Pauley's recent decision in *Glatt v. Fox Searchlight Pictures Inc.*, 11-Civ-6784 (S.D.N.Y. June 11, 2013) ("*Fox*"), which reflects a substantial ground for difference of opinion on the controlling question of law identified by plaintiffs – i.e., whether an unpaid intern is in fact an employee – and resolution of that question by the Court of Appeals is likely to materially advance the ultimate termination of the litigation and/or avoid the need for multiple trials.

To begin with, plaintiffs' criticism of the legal standard set forth in the Order is baseless. They offer no legal authority for their unprecedented alternative, a checklist approach for determining whether someone is an employee, requiring that each individual factor in DOL Fact Sheet #71 be satisfied. (*See* Pl. Br. at 4-6) Plaintiffs' rigid proposed standard has no basis in existing case law. As the Court properly held, employee determinations are based on a flexible totality of the circumstances analysis where no one factor is dispositive. (Order at 6, citing *Walling v. Portland Terminal Co.*, 330 U.S. 148 (1947); *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295 (1985); *Velez v. Sanchez*, 693 F.3d 308, 326, 330 (2d Cir. 2012))[1]

---

[1] Plaintiffs attempt to avoid the Second Circuit's recent ruling in *Velez* by stating that it involved different facts, and go so far as to call the Court's citation to it "inappropriate." (Pl. Br. at 4 n.3) In fact, in *Velez*, the Second Circuit took care to analyze how employee determinations are made in various contexts, explicitly recognizing that such determinations are based on the totality of the circumstances and that, in the context of students or trainees, the totality of the circumstances is determined by a primary beneficiary analysis. *Velez*, 693 F.3d at 326-27, 328-31. *Velez* is on-point Second Circuit precedent from last year. The Court's citation to it could not be farther from "inappropriate." Hearst also disagrees with each of plaintiffs' additional disputes with the Order but those need not be detailed here in light of Hearst's decision not to oppose certification of the legal standard.

Notwithstanding the utter lack of foundation for plaintiffs' argument in favor of a checklist standard based on the DOL Fact Sheet, the fact remains that the *Fox* decision creates uncertainty as to the controlling legal standard in this case. As here, *Fox* addresses whether unpaid interns were employees but applies a standard that conflicts with the one set forth in the Order. Significantly, *Fox* rejected the appropriateness of a primary beneficiary analysis as part of the legal standard. (*Fox* Op. at 21)   In contrast, this Court noted that the primary beneficiary is a key consideration in the totality of the circumstances analysis. (Order at 6)

Hearst submits that an in-district split with respect to the legal standard in two cases proceeding concurrently justifies immediate review by the Second Circuit.[2]  Accordingly, Hearst does not oppose plaintiffs' motion for certification of the legal standard to the Second Circuit.

Additionally, in the event that this Court certifies the question to the Second Circuit and the Second Circuit accepts the petition, Hearst respectfully requests that the case be stayed pending the Second Circuit's determination of the legal standard.

                                                    Respectfully submitted,

Dated: June 14, 2013           **HEARST CORPORATION**

                                                    /s/ Jonathan R. Donnellan
Of Counsel:                  Eve B. Burton
Proskauer Rose LLP          Jonathan R. Donnellan
Mark W. Batten              Kristina E. Findikyan
                                        Courtenay B. O'Connor

                                        *Attorneys for Defendant Hearst Corporation*

---

[2] As of this week, there is also at least one other case pending in the Southern District in which unpaid interns claim they were employees. See *Ballinger v. Advance Magazine Publishers, Inc.*, 13-cv-04036.

- 3 -

## CERTIFICATE OF SERVICE

    I hereby certify that I have caused a true and correct copy of the foregoing to be served on all counsel of record, this 14th day of June, 2013, by operation of the Court's CM/ECF electronic filing system.

                                /s/ Courtenay O'Connor
                                Courtenay O'Connor